IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Wellpath SF HoldCo, LLC,[1]<br><br>                    Post-Restructuring Debtor. | Chapter 11<br><br>Case No. 24-90566 (ARP)<br><br>Re: Docket No. 926 |

**POST RESTRUCTURING DEBTOR'S OBJECTION TO
MOTION TO CLARIFY AND ENFORCE RIGHT TO PROCEED
AGAINST DEBTOR WELLPATH OR LIQUIDATING TRUSTEE AS
A NOMINAL DEFENDANT TO LIQUIDATE CLAIMS IN PENDING DISTRICT
COURT PURSUANT TO 11 U.S.C. § 157(b)(5) OR FOR ALTERNATIVE RELIEF**

The above-captioned post-restructuring debtor in the chapter 11 cases (before the Effective Date[2] of the Plan, a "Debtor" and after the Effective Date of the Plan, the "Post-Restructuring Debtor") hereby submits this objection (the "Objection") to *Motion to Clarify and Enforce Right to Proceed Against Debtor Wellpath or Liquidating Trustee as a Nominal Defendant to Liquidate Claims in Pending District Court Pursuant to 11 U.S.C. § 157(b)(5) or for Alternative Relief* [Case No. 24-90566, Docket No. 926] (the "Motion") filed by Maria Elena Garcia, Adrieana Garcia, C.G. (a minor by and through guardian ad litem Maria Elena Garcia), S.G. (a minor by and through guardian ad litem Maria Elena Garcia), J.G. (a minor by and through guardian ad litem Maria Elena Garcia), and Gloria Garcia, as representatives of the Estate of Manuel Garcia (collectively, the "Movants"). In support of the Objection, the Post-Restructuring Debtor relies on

---

[1]     Wellpath SF HoldCo, LLC's mailing address is 6550 Carothers Pkwy, Ste. 500, Franklin, TN 37067.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Seitz Declaration, the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, Docket No. 2596] (the "Confirmation Order") or the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates* [Case No. 24-90533, Docket No. 2596, Ex. A] (the "Plan"), as applicable.

the *Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objections to Motions for Relief from the Automatic Stay and Stay Enforcement Motion* [Case No. 24-90533, Docket No. 828] (the "Seitz Declaration");[3] and the *Third Supplemental Declaration of James Seitz as Director of Insurance of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay* [Case No. 24-90533, Docket No. 1337] (the "Third Supplemental Seitz Declaration");[4] and the *Declaration of Joshua C. Schumacher as SVP & Associate General Counsel for Risk Management & Litigation of Wellpath Holdings, Inc. and Certain of its Affiliates and Subsidiaries in Support of the Post Restructuring Debtor's Objection to the Motion to Clarify and Enforce Right to Proceed Against Debtor Wellpath or Liquidating Trustee as a Nominal Defendant to Liquidate Claims in Pending District Court Pursuant to 11 U.S.C. § 157(b)(5) or for Alternative Relief* (the "Schumacher Declaration") filed contemporaneously herewith and states as follows:

## BACKGROUND

1. The Movants seek to continue prosecuting the case styled *Garcia et al. v. City of Farmersville et al.*, Case No. 1:21-cv-00482 (the "Garcia Action") pending in the United States District Court for the Eastern District of California (the "District Court"). In the Garcia Action, the Movants assert civil rights and wrongful death claims against California Forensic Medical Group, Inc. ("CFMG"), CFMG's employees, and other non-debtor defendants, including CFMG's customer. The Movants filed the Garcia Action on March 22, 2021. There is no dispute that any

---

[3] The Seitz Declaration was admitted into the record at the hearing on January 14, 2025 via direct testimony. *See* Jan. 14, 2025, Hrg. Tr., at 29:13–30:25.

[4] The Third Supplemental Seitz Declaration was admitted into the record at the hearing on February 18, 2025. *See* Feb. 18, 2025, Hrg. Tr., at 213:17–19.

claims against the professional corporation, its employees, and the remaining non-debtor defendants are unaffected by the Plan.  *See* Plan, Art. I.A.175.

2. On January 17, 2025, the Movants filed a lift stay motion [Case No. 24-90533, Docket No. 1014] (the "Lift Stay Motion") which, pursuant to the confirmed Plan, constituted a valid opt out of the Third-Party Release in the Plan.

3. On February 5, 2025, the Movants returned several timely proofs of claim to the Debtors' claims and solicitation agent, asserting claims in connection with the Garcia Action. *See* Proofs of Claim, 472–77.  On April 4, 2025 and May 23, 2025, the Movants filed amendments to certain claims.  *See* Proofs of Claim, 3069, 5148.

4. The Garcia Action is covered by the 2021-2022 Insurance Policies, which first require payment of $8 million in the aggregate before third-party coverage becomes available. *See* Third Supp. Seitz Decl., ¶ 22; Seitz Decl., ¶ 18; *Debtors' Omnibus Objection to Motions for Relief from the Automatic Stay* [Case No. 24-90533, Docket No. 827] (the "First Omnibus Objection"), ¶ 24.  To date, the Debtors have incurred $119,670.25 in legal fees & expenses and have an additional in $8,683.00 payments pending in connection with the Garcia Action. *See* Schumacher Decl., ¶ 4.  Accordingly, the vast majority of the $8 million SIR remains unmet.

## OBJECTION

5. The Movants seek to proceed nominally against Debtor Wellpath LLC or the Liquidating Trustee in a pending district court action.  *See* Motion, at 1–3.  This request is fundamentally flawed for several reasons.  First and foremost, Debtor Wellpath LLC is not and has never been a defendant in the underlying litigation.  *See* Garcia Action.[5]  The claims at issue are asserted against a separate professional corporation and its employees—the entities that

---

[5] A copy of the Movants' Third Amended Complaint is attached as Exhibit A to the Lift Stay Motion.

provided medical services to Tulare County and are distinct from the Debtor. *See Debtors' Second Omnibus Objection to Motions for Relief from the Automatic Stay* [Case No. 24-90533, Docket No. 1336] (the "Second Omnibus Objection"), ¶¶ 85–86. The Plan did not release claims against these parties, and nothing in the Plan prevents Movants from continuing their action against them. *See* Plan, Art. I.A.175.

6. Any attempt to name the Debtor as a nominal defendant is both unnecessary and unsupported by the facts. The Debtor did not provide the services at issue, and there is no reason for the Debtor to now be added as a defendant to the pending litigation. The Movants retain every right to pursue their claims against the current defendants party to the litigation, and the relief they seek here would only serve to complicate and confuse the proceedings.

7. Even if the Debtor were named as a defendant in the action, the Movants are prohibited from continuing against the discharged Debtor under applicable Fifth Circuit law for all of the reasons set forth in the *Post Restructuring Debtor's Objection to Motion to Clarify and Enforce Right to Proceed Against Wellpath as Nominal Defendant and Obtain Discovery from Debtor and Non-Debtors* [Case No. 24-90566, Docket No. 445] and the *Post Restructuring Debtor's Limited Objection to Motion for an Order Allowing Christiana E. De Rossitte to Proceed Against Wellpath as Nominal Defendant* [Case No. 24-90566, Docket No. 632], which are incorporated herein by reference. In particular, the applicable SIR is $8 million, and the discharged Debtor would have to incur significant funds before third-party insurance is available.

8. Accordingly, the Court should deny Movants' request to proceed nominally against Debtor Wellpath LLC. There is no justification—legal or factual—for the Debtor to be named as a defendant in this matter.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, for the foregoing reasons, the Post-Restructuring Debtor respectfully requests that this Court deny the Motion and grant such other and further relief as this Court deems just and proper.

Dated: November 14, 2025
Dallas, Texas

*/s/ Marcus A. Helt*
Marcus A Helt (Texas Bar No. 24052187)
David M. Genender (Texas Bar No. 00790757)
Marina Stefanova Kelly (Texas Bar No. 24093200)
MCDERMOTT WILL & SCHULTE LLP
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1664
Telephone:   (214) 295-8000
Facsimile:   (972) 232-3098
Email:       mhelt@mwe.com
             dgenender@mwe.com
             mkelly@mwe.com

-and-

Felicia Gerber Perlman (admitted *pro hac vice*)
Bradley Thomas Giordano (admitted *pro hac vice*)
James Kapp (admitted *pro hac vice*)
Catherine Lee Bloomberg (admitted *pro hac vice*)
MCDERMOTT WILL & SCHULTE LLP
444 West Lake Street
Chicago, Illinois 60606-0029
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
Email:       fperlman@mwe.com
             bgiordano@mwe.com
             jkapp@mwe.com
             clee@mwe.com

*Counsel to the Post-Restructuring Debtor*

**Certificate of Service**

I certify that, on November 14, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Marcus A. Helt
Marcus A. Helt