UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                                                                    CASE NO. 24-90566

WELLPATH SF HOLDCO, LLC,                                          CHAPTER 11

DEBTOR

# CREDITOR MARZAN WILLIAMS' RESPONSE BRIEF IN SUPPORT OF CREDITORS' MOTION TO CLARIFY AND ENFORCE RIGHT TO PROCEED AGAINST DEBTOR WELLPATH OR LIQUIDATING TRUSTEE AS A NOMINAL DEFENDANT IN DISTRICT COURT PURSUANT TO 28 U.S.C. § 157(b)(5), OR FOR ALTERNATIVE RELIEF

Creditor Marzan Williams ("Williams") respectfully submits this response brief in support of the Estate of Manuel Garcia's Motion to Clarify and Enforce Right to Proceed Against Debtor Wellpath or the Liquidating Trustee as a Nominal Defendant to Liquidate Claims in Pending District Court Pursuant to 11 U.S.C. § 157(b)(5) or for Alternative Relief [Wellpath SF Holdco, LLC Dkt. #926[1]] (the "Garcia Motion") as well as the Estate of Khayla Evans' Motion to Clarify and Enforce Right to Proceed Against Wellpath as Nominal Defendant and Obtain Discovery from Debtor and Non-Debtors [Wellpath Holdings, Inc. Dkt. #3387] (the "Evans Motion", and together with the Garcia Motion, the "Motions to Clarify").

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Williams joins in support of the Motions to Clarify filed with this Court by Creditors Maria Elena Garcia et al. as Representatives of the Estate of Manuel Garcia at Wellpath SF Holdco, LLC Dkt. #926 and by Creditors Kenneth and Kenya Evans Independent Administrators of the Estate of Khayla J. Evans at Wellpath Holdings, Inc. Dkt. #3387 and joins in the requests for an order clarifying his post-confirmation rights under the Further Modified First Amended Joint Chapter 11 Plan of Reorganization (the "Plan") [Wellpath Holdings, Inc. Dkt. #2586] and the Final Plan Supplement Documents for the Debtors' Joint Chapter 11 Plan of Reorganization (the "Plan Supplement") [Wellpath Holdings, Inc. Dkt. #2679] proposed by the Debtor and confirmed by this Court.

This brief identifies specific language in need of clarification contained in the foregoing documents. To the extent it is deemed necessary by this Court, Williams requests that this Court

---

[1] Docket entries for SD TX bankruptcy Case No. 24-90533 will be referred to as "Wellpath Holdings, Inc. Dkt. #" and docket entries for SD TX bankruptcy Case No. 24-90566 will be referred to as "Wellpath SF Holdco, LLC Dkt. #".

1

recommend a withdrawal of the reference and referral of this issue to the Southern District of Texas District Court for resolution, pursuant to Fed. R. Bankr. P. 5011, S.D. Texas Local Rule 5011-1, and 11 U.S.C. § 157(d).

**Governing Legal Authority**

1. Section 157(b)(5) of Title 28 states that the district court in which the bankruptcy case is pending shall determine whether personal injury tort and wrongful death claims shall be tried in the district court in the district in which the claim arose, or in the district court in which the bankruptcy case is pending. 11 U.S.C. § 157(b)(5).

2. Furthermore, 11 U.S.C. §157(d) as well as Fed. R. Bankr. P. 5011 and S.D. Texas Local Rule 5011-1 govern withdrawal of the reference, and the local rule instructs that requests for withdrawal be filed first with the bankruptcy judge.

3. With respect to 11 U.S.C. § 157(b)(5), the Plan Supplement [Wellpath Holdings, Inc. Dkt. #2679, Exhibit I, Exhibit 3, Article IV, § J] provides Trust Distribution Procedures (the "Trust Distribution Procedures"), which state that "to the extent a GUC [general unsecured claim] claim would be subject to 28 U.S.C. § 157(b)(5) and Claimant opposes having the Bankruptcy Court determine the allowed amount for the claim, the Claimant may proceed in the appropriate civil court and litigate such claim with the Liquidating Trust included as a nominal defendant." Wellpath Holdings, Inc. Dkt. #2679 at Page 353 of 395[2].

4. Accordingly, the Plan at Article IV, § N(2) states that for "the avoidance of doubt, the foregoing shall not impair any person's or party's ability to pursue claims or causes of action against non-Debtors in the event such person or party opts out of the Third-Party Release". Wellpath Holdings, Inc. Dkt. #2586 at Page 55 of 201.

---

[2] References to Page numbers refer to the page number noted in the file-stamp at the top of the documents.

5. Moreover, Exhibit I to the Plan Supplement contains the Wellpath Holdings, Inc. Liquidating Trust Agreement (the "Liquidating Trust Agreement"), which provides further guidance in Article I, § 1.4(e), stating that "nothing contained herein shall be deemed to constitute a waiver, modification or release of any rights a holder of a Trust Claim may have to pursue recovery from any applicable insurance policies covering any portion of the Trust Claim or any claim, cause of action, lawsuit, or rights a holder of a Trust Claim may have against any non-Debtor entity or person who is not a Released Party under the Plan regardless of whether it arises out of the same facts or occurrences as the Trust Claim". Wellpath Holdings, Inc. Dkt. #2679 at Page 300 of 395.

6. Furthermore, the Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis (the "Plan Confirmation Order") [Wellpath Holdings, Inc. Dkt. #2596], at Article VIII(D), states that "in accordance with 28 U.S.C. § 157(b)(2)(B), this Article VIII.D shall not apply to any contingent or unliquidated personal injury tort or wrongful death Claim against an Estate for purposes of distribution under the Plan." Wellpath Holdings, Inc. Dkt. #2596 at Page 127 of 148.

7. With respect to the foregoing, Williams construes the provisions of the Plan, the Plan Supplement, the Liquidating Trust Agreement, the Trust Distribution Procedures, and the Plan Confirmation Order as authorizing him to proceed with litigation of his civil claims in the U.S. District Court for the Northern District of Illinois (the "ND IL").

8. Williams requests clarification regarding whether he correctly understands such documents and requests clarification regarding whether he may proceed with his civil claims

3

pending with the ND IL without entry of an order from the U.S. District Court for the Southern District of Texas.

**Procedural and Factual Background**

9. On November 9, 2023, Williams filed his Second Amended Complaint against Wellpath, LLC in Case No. 21-00730 (the "Civil Case") pending before the ND IL [Civil Case Dkt. #68].

10. On November 11, 2024 (the "Petition Date"), Wellpath, LLC, as well as a variety of its corporate affiliates (collectively "Wellpath"), filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code with this Court [Wellpath Holdings, Inc. Dkt. #1].

11. On July 30, 2024, Wellpath filed its reply brief in support of its motion to dismiss the Civil Case [Civil Case Dkt. #114], thus completing briefing on that issue. To date, no ruling on that motion to dismiss has been issued.

12. On November 15, 2024, Wellpath filed its Suggestion of Bankruptcy and Notice of Stay [Civil Case Dkt. #135] with the ND IL, requesting that the Court take notice of the automatic stay and that further action be stayed. The ND IL acknowledged and enforced the automatic stay in its minute entries, Civil Case Dkt. #137 and Civil Case Dkt. #139.

13. On February 13, 2025, Williams timely filed his proof of claim in the Wellpath Holdings, Inc. bankruptcy case. See Wellpath Holdings, Inc. POC #50-1. Due to logistical problems caused by Williams' correctional facility, an amended proof of claim was subsequently filed on March 5, 2025. See Wellpath Holdings, Inc. POC #50-2.

14. On March 17, 2025, Wellpath filed the initial draft of the Plan [Wellpath Holdings, Inc. Dkt. #1832-1]. The Plan was amended multiple times, including April 22, 2025 [Wellpath

Holdings, Inc. Dkt. #2376], April 29, 2025 [Wellpath Holdings, Inc. Dkt. #2552], and most recently on April 30, 2025 [Wellpath Holdings, Inc. Dkt. #2586].

15. On April 16, 2025, Williams timely submitted his ballot and elected to reject the Plan and opt out of the third-party releases contained in the Plan. By opting out, Plaintiff voted to reject the Plan and opt out of the third-party releases in order to prevent the Debtors from taking away Williams' right to liquidate and be paid for the damages he has suffered due to Wellpath's neglect, intentional infliction of emotional distress, breach of fiduciary duties, and imposition of cruel and unusual punishment.

16. On May 1, 2025, the Court entered the Plan Confirmation Order [Wellpath Holdings, Inc. Dkt. #2596].

17. In light of the contents contained in the Plan, the Plan Supplement, the Liquidating Trust Agreement, the Trust Distribution Procedures, and the Plan Confirmation Order, on July 1, 2025, Williams filed a Motion to Substitute Party in Interest (the "Substitution Motion") [Civil Case Dkt. #169] with the ND IL, and on September 5, 2025, the ND IL granted the Substitution Motion [Civil Case Dkt. #176], substituting in the Liquidating Trust in place of Wellpath as the party defendant.

**Argument**

18. The above-cited contents of the Plan, the Plan Supplement, the Liquidating Trust Agreement, the Trust Distribution Procedures, and the Plan Confirmation Order appear to make clear that Williams may exercise his constitutional right to a jury trial by proceeding with the Civil Case in the ND IL.

19. In light of the procedural history noted above and the ND IL's familiarity with the factual background and legal issues in the Civil Case, judicial economy justifies the continuation

of the Civil Case in the ND IL rather than in this Court or the U.S. District Court for the Southern District of Texas.

**Requested Relief**

20. Williams respectfully joins in the Motions to Clarify, and requests entry of an order:

    a. Clarifying whether Williams must first file a pleading with the U.S. District Court for the Southern District of Texas prior to continuing litigation in the Northern District of Illinois.

21. If deemed necessary, Williams requests that the Court make a recommendation for withdrawal of the reference to the Southern District of Texas District Court so that the District Court may resolve this issue. See 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011; S.D. Tex. Local Rule 5011-1.

22. Alternatively, in lieu of the unnecessary and expensive potential litigation in the U.S. District Court for the Southern District of Texas concerning the determination contemplated in 28 U.S.C. § 157(b)(5), Williams requests that the Debtor stipulate to the continuance of the Civil Case in the Northern District of Illinois.

Respectfully submitted,
Hinshaw & Culbertson LLP
By: /s/ *Jack Shadid*
Brian Zeeck
Jack Shadid
151 N. Franklin St., Suite 2500
Chicago, Illinois 60606
(312) 704-3000
bzeeck@hinshawlaw.com
jshadid@hinshawlaw.com
Attorneys for Creditor Marzan Williams

**Certificate of Service**

      I  Jack Shadid  , certify that on November 18, 2025, I caused a copy of the foregoing Brief in Support of Creditors' Motion to Clarify and Enforce Right to Proceed Against Debtor Wellpath or Liquidating Trustee as a Nominal Defendant in District Court Pursuant to 28 U.S.C. § 157(b)(5), or for Alternative Relief on all parties registered to receive CM/ECF alerts for this case by filing same with this Court's CM/ECF filing system.

/s/ *Jack Shadid*
Jack Shadid
