# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WELLPATH SF HOLDCO, LLC,[1] | § | Case No. 24-90566 (ARP) |
| | § | |
| | § | (Jointly Administered) |
| Post-Restructuring Debtor. | § | |

**[PROPOSED] ORDER GRANTING H.I.G. CAPITAL, LLC'S MOTION
TO ENFORCE CONFIRMATION AND RELEASE ORDERS
AND SETTING FORMAL PROCESS FOR RESOLVING
<u>FUTURE ATTEMPTS TO LITIGATE RELEASE ORDERS</u>**

Upon the motion (the "Motion")[2] of H.I.G. Capital, LLC ("HIG") for entry of an order (this "Order"), (a) enforcing the Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation")[3]; (b) enforcing the Order (I) Authorizing and Approving the Settlement Agreement with H.I.G. Capital, LLC Under Bankruptcy Rule 9019, and (II) Granting Related Relief ("HIG Settlement Order")[4]; (c) enjoining Plaintiff's prosecution of claims released in the Plan Confirmation and HIG Settlement Order; and (d) implementing a briefing and hearing schedule for related matters, each as more fully described in the Motion; and upon this Court's

---

[1] A complete list of the post-restructuring Debtors in the chapter 11 cases is contained in the Findings of Fact, Conclusions of Law, and Order (a) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (b) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation") [ECF No. 2596].

[2] ECF No. 66. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to the in the Motion or in the Reply [ECF No. 363].

[3] *In re* Wellpath *Holdings, Inc.*, ECF No. 2596.

[4] *In re* Wellpath *Holdings, Inc.*, ECF No. 2591.

84238417;2

2

*Memorandum Opinion Granting H.I.G. Capital LLC's Motion to Enforce Confirmation and Release Orders* (the "Opinion") [ECF No. 956], which sets forth in detail this Court's jurisdiction over the Motion and findings of fact and conclusions of law establishing just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all proceedings had before this Court, including a hearing on September 24, 2025; and after due deliberations and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED:**

1. The request in the Motion for a formal process to resolve future attempts to assert possible Released Claim(s) is GRANTED.

2. For the purpose of this Order, "Released Claim(s)" means any claims against HIG or its affiliates arising from alleged pre-bankruptcy conduct by the Debtors or their agents, including all derivative, veil-piercing, alter-ego, or similar theories of liability.

3. If HIG or its affiliates believes that a Released Claim is asserted against them, they may move in this action to enforce the Release Orders and to enjoin such claim in accordance with the following procedure:

    a. HIG or its affiliates may file a motion to enforce the Release Orders, referencing this Order and demonstrating why the claim(s) asserted against them pursue only derivative, veil-piercing relief, alter-ego, or similar relief, and must serve the motion upon the plaintiff(s) asserting the challenged Released Claim(s) or their counsel;

84238417;2

        b.        Any motion to enforce the Release Orders under this Order must be filed within sixty (60) days of service of the challenged Release Claim(s), unless otherwise agreed by the parties or ordered by the Court.

        c.        The plaintiff(s) asserting the challenged Released Claim(s) shall file a response or objection to said motion not later than fourteen calendar days after receiving service of same;

        d.        HIG may file a reply not later than seven calendar days after receiving service of a response or objection;

        e.        The Court will hold a hearing on the motion within fourteen calendar days after the reply is filed or the deadline to file the reply elapses.

        f.        Notice and opportunity to be heard shall be provided to any affected plaintiff(s) in accordance with Bankruptcy Rule 9014.

4.        This Order and the Opinion are final and binding, as are any determination made pursuant to the formal process set forth above.

5.        This Court retains exclusive jurisdiction to enforce this Order and the Opinion, and retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order or the Opinion.

6.	Nothing in this Order shall prejudice HIG or any of its affiliates' rights to assert any defenses, including jurisdictional or procedural defenses, in any other proceeding.

Signed: _____, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge