United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 08, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WELLPATH SF HOLDCO, LLC,[1] | § | Case No. 24-90566 (ARP) |
| | § | |
| | § | (Jointly Administered) |
| Post-Restructuring Debtor. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER GRANTING H.I.G. CAPITAL MANAGEMENT, LLC'S MOTION**
**TO ENFORCE PLAN CONFIRMATION AND RELEASE ORDERS**
**(RELATES TO ECF NO. 795)**

Upon the motion (the "Motion")[2] of H.I.G. Capital Management, LLC ("HIG Management") for entry of an order (this "Order"), (a) enforcing the Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation")[3]; (b) enforcing the Order (I) Authorizing and Approving the Settlement Agreement with H.I.G. Capital, LLC Under Bankruptcy Rule 9019, and (II) Granting Related Relief ("H.I.G. Settlement Order")[4]; and enjoining Plaintiff's prosecution of claims released in the Plan Confirmation and H.I.G. Settlement Order; and upon this Court's Memorandum Opinion Granting H.I.G. Capital LLC's First Enforcement Motion (ECF No. 956), which is fully incorporated herein; and this Court having jurisdiction to consider the Motion and

---

[1] A complete list of the post-restructuring Debtors in the chapter 11 cases is contained in the Findings of Fact, Conclusions of Law, and Order (a) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (b) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation") [ECF No. 2596].

[2] ECF No. 795. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to the in the Motion.

[3] *In re* Wellpath *Holdings, Inc.*, ECF No. 2596.

[4] *In re* Wellpath *Holdings, Inc.*, ECF No. 2591.

the relief requested therein pursuant to 28 U.S.C. § 1134 and 157, the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.), and this Court's jurisdiction "to interpret and enforce its own prior orders," *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009), and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these chapter 11 cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Plaintiff, such notice having been adequate and appropriate under the circumstances, and it further appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion, and Plaintiff having failed to file a response to the Motion;[5] and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections or reservations of rights having been filed or asserted in respect of the Motion; and upon all proceedings had before this Court; and after due deliberations and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following finds of fact constitute conclusions of law, or conclusions of law constitute findings of fact, they are adopted as such.

---

[5] Plaintiff's response was due on or before October 31, 2025. *See* BLR 9013-1(b).

B. On May 1, 2025, this Court entered the H.I.G. Settlement Order and the Plan Confirmation (collectively, the "Release Orders").[6] Together, the Release Orders release certain claims against H.I.G. Parties that are property of the Debtors' bankruptcy estates, including "any derivative claims, asserted or assertable on behalf of the Debtors," that seek, among other things, to pierce the Debtors' corporate veil and hold H.I.G. Parties liable for conduct by the Debtors. *See* Plan Confirmation at 82.

C. Plaintiff initiated the *Geisler Action* against H.I.G. Management seeking to hold H.I.G. Management liable for Wellpath LLC's (collectively, with its affiliate Debtors, "Wellpath") alleged negligence at the Massachusetts Addiction and Substance Abuse Center ("MASAC") on or about August 4, 2022.[7] The Complaint asserts a single negligence claim against H.I.G. Management stating that "[HIG Management] is liable to Plaintiff for the negligence of *Defendant Wellpath's employees* at the MASAC facility by allowing inmate Downey to escape." (emphasis added).[8] The Complaint does not allege H.I.G. Management's "direct" liability because H.I.G. Management is not alleged to have controlled the specific conduct at issue, *i.e.*, any specific conduct at MASAC. *See e.g.*, *United States v. Bestfoods*, 524 U.S. 51, 67-68 (1998); *see Otto Candies, LLC v. KPMG, LLP*, 2020 WL 4917596, at *9 (Del. Ch. 2020).

---

[6] The Release Orders apply to H.I.G. Advantage Buyout Fund, L.P., H.I.G. CCS-CMGC, L.P., H.I.G. Capital, LLC, [and] their respective affiliates who provided management or other services to Debtors," among other entities and individuals. Plan Confirmation [ECF No. 2596], at 73; see id. at 81-82, 131; HIG Settlement Order [ECF No. 2591], at 8. This definition encompasses HIG Management, an H.I.G. Capital, LLC affiliate. All the applicable HIG entities are referred to as the "H.I.G. Parties."

[7] *Geisler v. Wellpath LLC*, Case No. 4:25-cv-3335 (S.D. Tex.) ("Geisler Action").

[8] *Geisler Action*, [ECF. No. 1], ¶ 35.

D. As such, for the reasons stated in the Motion, Plaintiff attempts to assert against H.I.G. Management only indirect, derivative claims to pierce Wellpath's corporate veil and hold H.I.G. Management liable for conduct by Wellpath. *See Bestfoods*, 524 U.S. at 68 ("Control of the subsidiary, if extensive enough, gives rise to indirect liability under piercing doctrine, not direct liability ….").

E. Plaintiff's derivative, veil-piercing claims, although arising out of alleged conduct that occurred in Massachusetts, are governed by Delaware law pursuant to the internal affairs doctrine. Massachusetts adheres to the Restatement (Second) of Conflicts of Laws and recognizes that the law of an entity's "place of incorporation" governs claims concerning the entity's internal affairs, including indirect claims such as this. *Lily Transp. Corp. v. Royal Inst. Servs., Inc.*, 832 N.E.2d 666, 674 n.15 (Mass. App. Ct. 2005); *accord*, *Scott v. NG U.S. 1, Inc.*, 881 N.E.2d 1125, 1131 n.13 (Mass. 2008). Ms. Geisler seeks to hold HIG Management derivatively liable for conduct by Wellpath, which is incorporated in Delaware; thus, Delaware law governs this dispute.

F. Under 11 U.S.C. § 541, the derivative, veil-piercing claims that Plaintiff attempts to assert against H.I.G Management became property of Wellpath's bankruptcy estate upon the commencement of the Wellpath Bankruptcy. *See In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987); *In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014); *In re Maxus Energy Corp.*, 571 B.R. 650, 657 (Bankr. D. Del. 2017); *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 614-24 (D. Del. 2018). Plaintiff's claims existed at the time of the commencement of the Wellpath Bankruptcy, the allegations of H.I.G. Management's relationship with Wellpath are general and available to all creditors, and the veil piercing remedy "is an equitable means of expanding the assets available to satisfy creditor claims." *In re Emoral, Inc.*, 740 F.3d at 880 (internal quotation omitted).

G. Moreover, the derivative, veil-piercing claims that Plaintiff attempts to assert against H.I.G. are encompassed in the Release Orders. As such, Plaintiff's claims have been conclusively released, and Plaintiff is enjoined from pursuing them.

In accordance with the foregoing findings of fact and conclusions of law, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED**.

2. The claims asserted against H.I.G. Management in the *Geisler Action* have been conclusively released in the Release Orders.

3. Plaintiff is ENJOINED from further pursuing the claims asserted against H.I.G. in *the Geisler Action.*

4. This Order is final and binding, as are any determinations made pursuant to the briefing and hearing schedule set forth above.

5. This Court retains exclusive jurisdiction to enforce the injunction against the Plaintiffs and over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: December 08, 2025

Alfredo R Pérez
United States Bankruptcy Judge



83989379;2