United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WELLPATH SF HOLDCO, LLC,[1] | § | Case No. 24-90566 (ARP) |
| | § | |
| | § | (Jointly Administered) |
| Post-Restructuring Debtor. | § | |

### AGREED
### ORDER GRANTING H.I.G. CAPITAL, LLC'S MOTION TO ENFORCE CONFIRMATION AND RELEASE ORDERS AND ENJOINING PROSECUTION OF CLAIMS ASSERTED AGAINST H.I.G. CAPITAL, LLC

Upon the motion (the "Motion")[2] of H.I.G. Capital, LLC ("HIG") for entry of an order (this "Order"), (a) enforcing the Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation")[3]; (b) enforcing the Order (I) Authorizing and Approving the Settlement Agreement with H.I.G. Capital, LLC Under Bankruptcy Rule 9019, and (II) Granting Related Relief ("HIG Settlement Order")[4]; (c) enjoining Plaintiffs' prosecution of claims released in the Plan Confirmation and HIG Settlement Order; and (d) implementing a briefing and hearing schedule for related matters, each as more fully described in the Motion; and upon this Court's *Memorandum Opinion Granting H.I.G. Capital LLC's Motion to Enforce Confirmation and*

---

[1] A complete list of the post-restructuring Debtors in the chapter 11 cases is contained in the Findings of Fact, Conclusions of Law, and Order (a) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates and (b) Approving the Disclosure Statement on a Final Basis ("Plan Confirmation") [ECF No. 2596].

[2] ECF No. 66. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to the in the Motion or in the Reply [ECF No. 363].

[3] *In re* Wellpath *Holdings, Inc.*, ECF No. 2596.

[4] *In re* Wellpath *Holdings, Inc.*, ECF No. 2591.

84487962;1

*Release Orders* (the "Opinion") [ECF No. 956], which sets forth in detail this Court's jurisdiction over the Motion and findings of fact and conclusions of law establishing just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all proceedings had before this Court, including a hearing on September 24, 2025; and after due deliberations and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED:**

1. The Motion is GRANTED as follows:

2. Before this Court is the *Amended Complaint and Jury Demand* ("Martin Complaint") filed by the plaintiffs (the "Martin Plaintiffs") in *Estate of Martin v. Adams County, et al.*, Case No. 1:24-cv-855-SKC-CAS (D. Colo.) [ECF No. 159].

3. As found in the Opinion, and for the reasons stated therein, the Martin Complaint asserts only indirect, derivative claims against HIG. Such claims became property of the Debtors' estates at the commencement of these bankruptcy proceedings and have been conclusively released in the Plan Confirmation and HIG Settlement Order.

4. Accordingly, the Martin Plaintiffs are ENJOINED from further prosecuting or litigating the claims asserted against HIG in the Martin Complaint.

5. Also before this Court is the *Second Amended Complaint and Jury Demand* ("Archuleta Complaint") filed by the plaintiffs (the "Archuleta Plaintiffs") in *Estate of Archuleta, et al. v. Wellpath, LLC, et al.*, Case No. 1:24-cv-997-SKC-KAS (D. Colo.) [ECF No. 91].

6. As found in the Opinion, and for the reasons stated therein, the Archuleta Complaint asserts only indirect, derivative claims against HIG. Such claims became property of the Debtors'

estates at the commencement of these bankruptcy proceedings and have been conclusively released in the Plan Confirmation and HIG Settlement Order.

7. Accordingly, the Archuleta Plaintiffs are ENJOINED from further prosecuting or litigating the claims asserted against HIG in the Archuleta Complaint.

8. Also before this Court is the *Amended Complaint and Jury Demand* ("McLaney Complaint") filed by the plaintiff (the "McLaney Plaintiff") in *McLaney v. El Paso County, et al.*, Case No. 1:25-cv-815-NYW-STV (D. Colo.) [ECF No. 44].

9. As found in the Opinion, and for the reasons stated therein, the McLaney Complaint asserts only indirect, derivative claims against HIG. Such claims became property of the Debtors' estates at the commencement of these bankruptcy proceedings and have been conclusively released in the Plan Confirmation and HIG Settlement Order.

10. Accordingly, the McLaney Plaintiff is ENJOINED from further prosecuting or litigating the claims asserted against HIG in the McLaney Complaint.

11. Finally, before this Court is the *First Amended Complaint* ("Fincham Complaint") filed by the plaintiffs (the "Fincham Plaintiffs") in *Fincham v. McFadden, et al.*, Case No. 3:24-cv-636-FDW-SCR (W.D.N.C.) [ECF No. 34].

12. For the reasons explained in the Opinion, the Fincham Complaint asserts only indirect, derivative claims against HIG. Such claims became property of the Debtors' estates at the commencement of these bankruptcy proceedings and have been conclusively released in the Plan Confirmation and HIG Settlement Order.

13. Accordingly, the Fincham Plaintiffs are ENJOINED from further prosecuting or litigating the claims asserted against HIG in the Fincham Complaint.

14. This Order and the Opinion are final and binding.

3

84487962;1

4

15.    This Court retains exclusive jurisdiction to enforce this Order and the Opinion, and retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order or the Opinion.

Signed: December 11, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

84487962;1