IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

DEC 22 2025

Nathan Ochsner, Clerk of Court

PLAINTIFF/ Hewitt, Sulius

CIVIL COVER SHEET

| | |
|---|---|
| PETITIONER. Hewitt, Sulius | COUNTER-CLAIM<br>CASE NO: 24-90533 (ARP)<br>CASE NO: 24-980566 (ARP) |
| vs. | Circuit Court Case No: 2014-00916 CA |
| Defendant(s) | |

*Defendants* ***: CCS-CMGC Parent GP, LLC,CCS-CMGC Parent Holdings LP, CCS-CMGC Intermediate Holdings, Inc. Wellpath Holdings, Inc. ,CCS-CMGC Intermediate Holdings 2Inc.,( and, collectively, with the Professional Corporations, the PC Physicians, and the D&Os, the "Non-Debtors Defendants"): as so here listed included in the emergency bankruptcy filings :***

***(WELLPATH HOLDINGS, Inc., et al., CCS, CMGC Parent GP, LLC, "THE SPECIAL COMMITTEE", *(and all associative consented parties and members thereof), CCS-CMGC Parent Holdings, LP, CCS-CMGC Intermediate Holdings 2, Inc., CCS-CMGC Intermediate Holdings, Inc., Wellpath Holdings, Inc. , Wellpath Community Care Holdings, LLC, Wellpath Community Care Management, LLC, Wellpath Community Care Centers of Virginia, LLC, WHC, LLC, Zenova Management, LLC, Zenova Telehealth, LLC, Wellpath SF Holdco, LLC , Justice Served Health Holdings, LLC, Wellpath LLC , 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC, Perimeter Hill RPA,LLC, HCS Correctional Management, LLC, Correctional Healthcare Companies, LLC ,***

***Jassamine Healthcare, LLC, Correctional Healthcare Holding Company, LLC, CIIC Companies, LLC, Physicians Network Association, Inc., Conmed Healthcare Management, LLC, WPMed, LLC, Healthcare Professionals, LLC, Wellpath CFMG, Inc., Wellpath Management Inc., Wellpath Education, LLC, Wellpath Holdings Inc. et al et al, Correct Care Holdings, LLC, Wellpath Recovery Solutions, LLC, Correct Care of South Carolina, LLC, Wellpath Hospital Holdings Company, LLC, Alpine CA Behavioral Health Holdco, LLC, Harborview Center, LLC, Behavioral Health Management Systems, Inc.) as incorporated in Defendant s (10)and (11)***

Defendant (10): ***WELLPATH HOLDINGS, Inc. *(now the Wellpath Liquidating Trust ) FKA, Wellpath Recovery Solutions,*** Defendant (11): Wellpath Recovery Solutions In affiliation with *H.I.G. Capital LLC* Defendant (12) ***JORGE DOMINICIS***, Co-Chairman, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (13) ***MR. BEN SLOCUM,*** President & Interim CEO, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions; Defendant (14): ***MR. JEREMY BARR***, Division President, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (15): ***MR. TONY TAMER,*** Founder & Co-Ceo; Wellpath Recovery Solutions. Defendant (16): ***MS. CINDY WATSON***, Chief Operational Officer, Wellpath Holdings Inc. et al et al Wellpath Recovery Solutions, Representative of (H.I.G.),Investment Group, Defendant (17): ***DR. THOMAS PANGBURN*** Chief Clinical Officer. Wellpath Holdings Inc. et al et al. Wellpath Recovery Solutions; Representative of (H.I.G.), Investment Group. Defendant (18): ***MS. CARLA WALLACE***, Chief Compliance Officer, Wellpath Holdings Inc. et al et al Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group. Defendant (19): ***MRS. CASEY MCCLUSKEY PARKER***, Chief Human Resources Officer, Wellpath Holdings Inc. et al et al Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group, Defendant (20): ***MR. DAVID WALTZER***, Chief Financial Officer, Wellpath Holdings Inc. et al et al Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group.. Defendant (21): ***MS. ZELA GUIROLA,*** Chief Development Officer, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group. Defendant (22): ***MR. DAVID CROCKER***, Chief Information Officer, Wellpath Holdings Inc. et al

et al, Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group. Defendant (23): ***MR. MARK GOLDSTONE,*** Chief Legal Officer. Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group. Defendant (24): ***MR. JUSTIN SEARLE***, Division President, Local Government, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Representative of (H.I.G.), Investment Group. Defendant (25): ***KIP HALLMAN***, Co-Chairman, Wellpath Recovery Solutions; Defendant (26): ***DR. TAYLOR SITHIAN, M.D*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (27): ***PATRICK J. KENNEDY,*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (28): ***DR. VALERIE MONTGOMERY RICE, M.D. ,*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (29): ***SCOTT WELCOME***, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (30): ***ERIN HERDA***, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (31): ***KRISTIN ALLRED***, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (32): ***LYNN COLE,*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (33): ***ANDREW HOFFMAN*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (34): ***TERRY ROWAL***, DIRECTOR OF SECURITY OPERATIONS, Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (35): ***DIANA ACOSTA*** SENIOR DIRECTOR OF OPERATIONS & PERFORMANCE Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (36): ***KERRY MANGOLD*** VICE PRESIDENT OF PARTNERSHIP & SPECIAL PROJECTS Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (37): ***TERESA KOEBERLIN*** SENIOR VICE PRESIDENT OF PARTNERSHIP & GOVERNMENT AFFAIRS: Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (38): ***CONSTANCE WOULARD*** DIRECTOR OF NURSING AND UTILIZATION MANAGEMENT Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (39): ***ADAM THAU*** MEDICAL DIRECTOR Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (40): ***GENNA MARX BRISSON*** SENIOR VICE PRESIDENT OF OPERATIONS Wellpath Holdings Inc. et al

et al, Wellpath Recovery Solutions Defendant (41): ***KATHY O'NEILL*** SENIOR VICE PRESIDENT OF OPERTIONS Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (42): ***JESSE PHELPS*** DIVISON COMPLIANCE OFFICER Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (43): ***KATHIE LIOGIER-WEYBACK,*** CHIEF EXECUTIVE OFFICER Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions,

Defendant (44): ***SAMI MNAYMNEH,*** Founder & Co- C.E.O; Wellpath Holdings Inc. et al et al, Wellpath Rccovery Solutions Defendant (45): ***DR. DONALD SAWYER,*** (Regional Director) Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions Defendant (46): ***Mr. JON CARNER***, (Facility Administrator, FCCC); Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (47): ***MS. SELINA WILLIAMS***, (Assistant Facility Administrator, FCCC); Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (48): ***DR. COURTNEY JONES***, (Facility Clinical Director, FCCC); Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (49): ***Dr. CAROL DEPASS Psy.D. PY7845*** Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (50): ***MS. ROBBYETTA POLK, MS.***, (Clinical Therapist, Team Leader FCCC); Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions, Defendant (51):

, ( , FCCC); Wellpath Holdings Inc. et al et al, Wellpath Recovery Solutions,

**<u>THE CIVIL COVER SHEET AND THE INFORMATION CONTAINED IN IT NEITHER REPLACE NOR SUPPLEMENT THE FILING AND SERVICE OF PLEADINGS OR OTHER DOCUMENTS AS REQUIRED BY LAW. THIS FORM MUST BE FILED BY THE PLAINTIFF OR PETITIONER WITH THE CLERK OF COURT FOR THE PURPOSE OF REPORTING UNIFORM DATA</u>**

**PURSUANT TO SECTION 25.075, FLORIDA STATUTES AND PURSUANT TO TEXAS CIV. PRACTICE AND REMEDIES CODE SECTION 33.004 (TEX. CIV. PROC. & REM CODE §33.004. TEX. CIVIL PRACTICE AND REMEDIES CODE SEC. 9.003 TEXAS RULES OF CIVIL PROCEDURES (TEXAS STATUTES 2025 EDITION) TEXAS STATUTES > (2025 EDITION) (SEC. 1.001 TO SEC. 173.004) TRIAL JUDGMENT, AND APPEAL (SEC. 5.001 TO SEC. 52.007)-GENERAL PROVISIONS (SEC.5.001 TO SEC. 14A.062) (SEC. 9.001 TO SEC. 9.004)··· TEXAS RULES OF CIVIL PROCEDURES···" AND THAT : " THOUGH SECTIONS ARE AVAILABLE UNDER RULE 13 AND SECTION 9 AND 10, ONLY RULE 13 AND SECTION 9 EXPLICITLY PRESUME THAT PLEADINGS ARE FILED IN GOOD FAITH. TEX. R. CIV. P. 13 (STATING THAT COURTS SHALL PRESUME PLEADINGS, MOTIONS, AND OTHER PAPERS ARE FILED IN GOOD FAITH···)" TEX. GOVERNMENT CODE SEC. 22.004 RULES OF CIVIL PROCEDURES (TEXAS STATUTES (2025 EDITION))**

I.CASE STYLE: Counterclaim/ Civil Rights Complaint / Unlawful Detention/Healthcare Liability Claim and State Custody / Gross Negligence / Deprivation of Rights and Liberty. Tort Feasor Counter Claim pursuant to 768.14 Florida Statute.

IN **THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

Hurewitt, Julius
RESPONDENT PLAINTIFF/PETITIONER CASE # 2014-009166CA

VS.

WELLPATH HOLDINGS Inc., ET AL *(now Wellpath Liquidating Trust)

***: CCS-CMGC Parent GP, LLC,CCS-CMGC Parent Holdings LP, CCS-CMGC Intermediate Holdings, Inc. Wellpath Holdings, Inc. ,CCS-CMGC Intermediate Holdings 2Inc.,( and, collectively, with the Professional Corporations, the PC Physicians, and the D&Os, the "Non-Debtors Defendants"): as so here listed included in the emergency bankruptcy filings :***

*(WELLPATH HOLDINGS, Inc., et al., CCS, CMGC Parent GP, LLC, "THE SPECIAL COMMITTEE", *(and all associative consented parties and members thereof), CCS-CMGC Parent Holdings, LP, CCS-CMGC Intermediate Holdings 2, Inc., CCS-CMGC Intermediate Holdings, Inc., Wellpath Holdings, Inc. , Wellpath Community Care Holdings, LLC, Wellpath Community Care Management, LLC, Wellpath Community Care Centers of Virginia, LLC, WHC, LLC, Zenova Management, LLC, Zenova Telehealth, LLC, Wellpath SF Holdco, LLC , Justice Served Health Holdings, LLC, Wellpath LLC , 901 45th Street West Palm Beach Florida Behavioral Health Hospital Company, LLC, Perimeter Hill RPA,LLC, HCS Correctional Management, LLC, Correctional Healthcare Companies, LLC , Jassamine healthcare, LLC, Correctional Healthcare Holding Company, LLC, CHC Companies, LLC, Physicians Network Association, Inc., Conmed Healthcare Management, LLC, WPMed, LLC, Healthcare Professionals, LLC, Wellpath CFMG, Inc., Wellpath Management Inc., Wellpath Education, LLC, Wellpath Holdings Inc. et al et al, Correct Care Holdings, LLC, Wellpath Recovery Solutions, LLC, Correct Care of South Carolina, LLC, Wellpath Hospital Holdings Company, LLC, Alpine CA Behavioral Health Holdco, LLC, Harborview Center, LLC, Behavioral Health Management Systems, Inc.) as incorporated in Defendant s (10)and (11)*

I. AMOUNT OF CLAIM.

Please indicate the estimate amount of claim, rounded out to the nearest dollar. The estimated amount of the claim is required for the data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

________ $8,000 or less

_______ $8,001-30,000

_______ $30,000-$50,000

_______ $50,001-$75,000

________ $75,000-$100,000

___x____ Over $100,000.00

III TYPE OF CASE (if the case fits more than one type of case, select the most definitive category) If the most descriptive label is a subcategory(is indented under a broader category), place an x on both the main category and subcategory lines.

________X______ Bankruptcy Court

________ Condominium

________ Contracts and indebtedness

________ Eminent domain

________ Auto negligence

_____X___ Negligence-other

_____X__ Business governance

_____X___ Business Torts

_____X___ Third Party indemnification

________ Construction defect

_____X__ Mass Torts

________ Negligent Security

________ Nursing home negligence

________ Premises liability-commercial

________ Premises liability-residential

________ Products liability

________ Real property/Mortgage foreclosure

________ Commercial foreclosure

________ Homestead residential foreclosure

________ Non-homestead residential foreclosure

________ Other real property actions

____X__ Professional malpractice

____X___ Malpractice-business

____X___ Malpractice-medical

____X__ Malpractice-other professional

_______ Other

_____X__ Antitrust/Trade regulation

_____X___ Business transactions

_____X___ Constitutional challenge-proposed amendment

_________ Corporate trust

_____X__ Discrimination-employment or other: Invidious discrimination.

__________ Insurance claims

___X____ Intellectual property

___X_____ Libel/slander

__ X_____ Shareholder derivative action

_________ Security litigation

__X_____ Trade secrets

___x___ CIVIL

_________ REAL Property/Mortgage foreclosure

_________ Replevins

_________ Evictions

_________ Residential Evictions

_________ Non-Residential Evictions

_________ Other civil (non –monetary)

I. REMEDIES SOUGHT( check all that apply):

________√___ Monetary: Seeking Statutory, Compensatory and Nominal Damages in the Amount of: $3, 300,000.00 per Individual Defendant and: $ 100,000, 000.00 per, Agency/Business Entity. Alternative Dispute Resolution Settlement Agreement "Exclusive Remedy Onetime Payment as to Class Resolution of All Claims in the Amount of $372, 000, 000. 00 In accordance to their Fault. This Counterclaim is a tort-feasor claim and cause of action' in the above styled case Pursuant to ***42 U.S.C .§1985(2)AND §.1985(3):*** **42 U.S.C. §1986: and** the (Fla. .R Civ. P..) and Florida Statute 768.14. And 768.81 Comparative Fault Florida Statutes (2024 edition) 1 (c) Effect of Contributory Fault and B Section 3, Ch. 2011-215." And Texas Bankruptcy Codes of Civil Procedures

_________√__ Non-monetary declaratory or injunctive relief: Injunctive Relief *Declaratory relief of Interlocutory Judgment* pertaining to action in Law of Judgment in the above referenced civil matter. Judicial Notice of Alternative Dispute Resolution Committee .

_______x______ Punitive

II. NUMBER OF CAUSE OF ACTION:

III.

(SPECIFY): , PLAINTIFF (1). V. Wellpath Holdings Inc. et al *( Wellpath Liquidating Trust) Defendant (1): and named defendants numbered (2)-(52). Is a Counter-Claim State tort -feasor cause of action. One Cause of Action.

IV. IS THIS CASE A CLASS-ACTION LAWSUIT?

__x___ YES CLASS ACTION REQUESTED

___ NO

V. HAS NOTICE OF ANY RELATED CASE BEEN FILED?

____√_ YES

YES IF "YES" LIST ALL RELATED CASES BY NAME, CASE NUMBER, AND COURT. Hewitt, Julius v. Wellpath Holdings Inc. et al Case No: 24-90533 (ARP) Remaining Open Case 24-90566 (ARP) *( now Wellpath Liquidating Trust) IN **THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

VI. IS JURY TRIAL DEMANDED IN COMPLAINT?

____√_ YES

______ NO

IX . DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?

_________ YES

_____√__ NO

I Huewitt, Julius CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida rules of General Practice and Judicial Administration 2.425.

SIGNATURE: Julius Hewitt
PROSE PETITIONER

FLORIDA CIVIL COMMITMENT CENTER
13619 S.E. HWY 70
ARCADIA FLORIDA, 34266

STATE OF FLORIDA

COUNTY OF DESOTO

I, Julius Hubert, declare under penalty of perjury that the foregoing is true and correct.

/s/ [signature]

Florida Civil Commitment Center

13619 S.E. Hwy 70

Arcadia, FL 34266

The foregoing instrument was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this 21 day of October 2025, by

NOTARY PUBLIC

Signed: [signature]

Print: Pamela King

My Commission Expires: Aug 6, 2027

Commission Number:

PAMELA KING
Notary Public - State of Florida
Commission # HH 591431
My Comm. Expires Aug 6, 2027
Bonded through National Notary Assn.

shall ensure that all staff are made aware of these restrictions on the use of seclusion and restraint and shall make and maintain records which demonstrate that this information has been conveyed to individual staff members."

The Petitioner is suing each named defendant individually for the amount of: $3,300,000.00 and each named entity: in the amount of $ 100,000,000.00 in culpable and punitive damages.

/s/ ______________________

Florida Civil Commitment Center

13619 S.E. Hwy 70

Arcadia, FL 34266

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by way of the Florida and United States Mailbox Rule via United States Postal Services to: **ATTENTION: MATTHEW J. DUNDON, DUNDON ADVISERS, LLC., 110 BANK STREET, STER., 1100 WHITE PLAINS, NEW YORK 10606, ATTENTION: BRIAN ROSEN EHUD BARAK, DANIEL DESARIVIK AT: PORSKAUER ROSE LLP., ELEVEN TIMES SQUARE, NEW YORK NEW YORK, 10036-8299. AND TO THE DELAWARE TRUSTEE: WILMINTON TRUST, NATIONAL ASSOCIATION. ATTENTION: CORPORATE TRUST DEPARTMENT, 100 NORTH MARKET STREET, WILMINTON, DELAWARE, 19890-1605.**

/s/ ______________________

Claimant

his Unlawful incarceration at the Florida Civil Commitment Center. *Comparative Negligence, Comparative Fault§ 768.81(c) Florida Statutes (2024 Edition). §768.081 1.( c) "Negligent action" (2)* ***EFFECT of CONTRIBUTORY FAULT*** *and B. Section 3, Ch. 2011-215.*

The Defendants did fail to treat the Petitioner or provide adequate treatment that meets the States Statutory and Constitutional Requirements of Law and Professional Judgment Standards. "And treatment and care which shall be administered skillfully, safely, and humanely with full respect for the patient's dignity and personal integrity. The Defendants Failed to administer skillfully, safely, and humanely with full respect for the patients dignity and personal integrity.

The Defendants' violated Professional Judgment Standards in operating The Florida Civil Commitment Center utilizing seclusion or restraint for punishment, to compensate for inadequate staffing, or for the convenience of staff. The Florida Civil Commitment Center does not ensure that all staff are made aware of these restrictions on the use of seclusion and restraint and shall make and maintain records which demonstrate that this information has been conveyed to individual staff members."

The Defendants violated Professional Judgment Standards and committed the Acts of Fraud (whether heretofore denominated intrinsic or extrinsic), Misrepresentation or other misconduct of an adverse party..." Pursuant to Florida State Statutes: Quality of Treatment for Mental Health Patients: obligated ethical responsibility and duty of care and custody... deprivation of liberty including conspiracy to deprive liberty: Deprivation of Rights

The Defendants did use seclusion or restraint and continues to utilize such for punishment, to compensate for inadequate staffing, or for the convenience of staff. Facilities

evinces reckless temperament. Jones v. Ahlberg, 489 N.W. 2d 576 (N.D. 1992). On the other hand, the Treatment Progress Reports generated by agents of Well-path Holdings, Inc., that were not mental health evaluations or assessments of risk were utilized by the Circuit Court to find that Julius Hewitt, mental condition has not so changed and that allowed hearsay alone to foreclose the possibility of Julius Hewitt being at large.

Defendants have entered into a "meeting of the minds" Collusion and Conspiracy, and orchestrated concerted acts that have placed the Respondent, in a zone of risk that has resulted in the exploitation, abuse and deprivation of State civil rights of the Respondent,., The State of Florida. Has failed to protect the liberty interests afforded through The State of Florida Constitution to the Respondents, an obligation pursuant to "duty of care".

Defendants have entered into a Conspiracy to submit ex parte, fabricated, misleading, and fraudulent records, assertions, and reports as scientific evidence or accepted by the scientific community, into legal proceedings under oath, or as sworn affidavits, that concluded in the taken of Respondents Liberty, Rights, and Equal Protections under the Law. Petitioner Maintains that as a result of these abuses and exploited incursions on the civil rights of the Respondent that the respondent is not receiving the negotiated treatment pursuant to the Cannupp Settlement and in accordance to the Contract of Commerce entered into between the State of Florida and the Well-path Corporation,, LLC and that the Treatment Provider do not maintain individual treatment plans for the Respondent that are credible, realistic or factually situated for reliable reference… that include objective benchmarks of improvement so as to document, measure, and guide the respondent progress in therapy…" This failure of fiduciary duty and contractual obligation did hinder the respondents' progress in treatment and in Court. This failure denied the Respondent Procedural Due Process under the State Constitution and extended

The plaintiff has cited a Count of Conspiracy· "One injured as result of execution of conspiracy has right of action against conspirators (Comp. Gen. Laws §1927§ 7541) if a conspiracy as contemplated under our statute is conceived and executed, and a private injury results, the one so injured would have a right of action against the conspirators…" ": Fraudulent and spurious accounts scientific accounts of

COUNT VIII: "FRAUD AND/OR MISREPRESENTATION OF A MATERIAL FACT in a judicial proceeding ": 'Hidden Fraud' Defendant did file "fugitive treatment progress reports :

Filing No: 139548043 Filing Date: 2024 Filing Time 7:45 Am

Filing No: 139548043 Filing Date 2023 Filing Time: 9:55 A.m

Filing No: 139548043 Filing Date: 2022 Filing Time: 11:00 A.m

In Seminole County Circuit Court of the # 18 Judicial Circuit of Florida.

COUNT IX: "Gross Negligence": Whereas Degrees of Negligence are a matter of proof and not of averment; therefore, a general allegation of negligence is sufficient whether the defendants are liable for ordinary or gross negligence. That the Debtor Defendant's failure to exercise the care, and skill which the situation demands and that it came about through negligence…a greater want of care than is implied by ordinary negligence… or the want of even scant care and the failure to exercise even that care which a careless person would use. Milwaukee & St. Paul Ry Co. v. Ams 91 U.S. 489,495 23 L.Ed.374 (1876). W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Torts, §34 at 183 (5th ed. 1984); the failure or omission to do something which should have been done and negligence that is gross involves the additional and affirmative element of intent to do or willfulness in performing, the negligent act." A departure from the ordinary standard of care and is lack of considerable care that is practically willful in its nature and

"The Court held a hearing on or about November 23, 2009. The Court entered a Final Judgment and Order on November 24, 2009. "The Stipulated Settlement Action Plan is attached to this Filing ", see (Exhibit –C): COUNT II: "BREACH OF FIDUCIARY DUTY:BREACH OF CONTRACT": Debtor Defendants et al Breached their Fiduciary Duties by Breaching their Contract with the Department of Children and families Services to provide Treatment and Care Services and Professional Judgment for Respondents at the Florida Civil Commitment Center

**III: COUNT " CIVIL CONSPIRACY TO DEPRIVE", "CIVIL CONSPIRACY TO CONCEAL", "CONSPIRACY TO DISCRIMINATE", PATIENTS OF STATE RIGHTS "**: Debtor Defendants DID Conspire WITH Others in an organized and systematic scheme to conceal scientific truths and results in a deliberate intent to hide, deceive or mislead accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Whereas Named Debtors and other Co-conspirators did intentionally conspire amongst themselves to alter treatment reports and notations to reflect negative and damaging accounts of the Plaintiffs treatment participation and program living situation. The Debtor et al Defendants did utilize a fraudulent treatment report as a Mental Examination and published same to the Circuit Court in and for SEMINOLE County Florida on: 2025 Filing No: 39548043 Filing Date: 2025 Filing Time: 10:30 A.M.

Defendants filed this type report consecutively for the years of (2021) (2022) (2023) and (2024).

custody pursuant to § 394.915 as probable cause sexually violent predators; and ( c ) who have consented to sex offender treatment, and are not receiving adequate sex offender treatment, and ..."

"(2) residents of the FCCC who (a) have been civilly committed to custody pursuant to § 394.917, Fla. Stat., that they are sexually violent predators; or (b) have been detained to custody pursuant to §394.915 as probable cause sexually violent predators; and (c) who have been diagnosed by a treatment professional with a mental illness as defined by DSM-IV, and who are not receiving adequate treatment for their mental illness..."

"The lawyers for Plaintiffs and Defendants Sheldon agreed to settle the lawsuit. DCF claimed that they had made changes at the Florida Civil Commitment Center since the lawsuit and that the changes reflected compliance. The Settlement Plan included improvements to the oversight and staffing of the inpatient mental health unit, the creation of policies addressing the screening and referral process for the use of anti-androgens, comprehensive discharge planning for Phase IV residents, improvements to the special track of treatment, and improve training for clinical staff and TST housing staff..."

"The Court held a hearing on or about November 23, 2009. The Court entered a Final Judgment and Order on November 24, 2009. "The Stipulated Settlement Action Plan is attached to this Filing ", see (Exhibit –C): COUNT II: "BREACH OF FIDUCIARY DUTY:BREACH OF CONTRACT": Debtor Defendants et al Breached their Fiduciary Duties by Breaching their Contract with the Department of Children and families Services to provide Treatment and Care Services and Professional Judgment for Respondents at the Florida Civil Commitment Center

Defendant (50): ***MS. ROBBYETTA POLK, MS.***, (Clinical Therapist, Team Leader FCCC); Well-path Group Holdings, LLC, with Well-path Group Holdings, LLC., so liable and responsible in her official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in her fiduciary duty and breach of contract in their responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)* Causative Link to the Deprivation of Plaintiffs Liberty and Statutory Rights including the Causation of Plaintiffs Further Mental Degradation (Derivative Liability Clause) The Defendant had a duty or authority to act;(2) were each personally involved, implicitly authorized, knowingly acquiesced, or approved the continued and furtherance of such acts (3)Defendants caused the injury of prolonged and unjust detention…", (Derivative Liability Clause)

**COUNT I: "BREACH OF FIDUCIARY DUTY: BREACH OF PERFORMANCE"**: Debtor et al Defendants breached their Fiduciary Duties by knowingly and willfully failing to implement the agreed upon action plan as described in the settlement agreement of: Canupp, et al v. Sheldon, 2:04-cv-260-UA-DNF, in the Federal Court for the Middle District of Florida, Ft. Myers Division. An Operating and Settlement Agreement (the Settlement Agreement) entered into pursuant to ***CANUPP, ET AL V. SHELDON*** Canupp, ***et al. v. Sheldon, 2:04-cv-260-UA-DNF***, is a lawsuit filed in the ***Federal Court for the Middle District of Florida, Ft. Myers Division.*** (The "District Court") The case was filed in May 2004 and challenged the constitutional adequacy of the mental health treatment and sex offender treatment provided at the Florida Civil Commitment Center. In August 2005, the Court certified two subclasses:

(1) residents of the FCCC who (a) have been civilly committed to custody pursuant to § 394.917, Fla. Stat., that they are sexually violent predators; or (b) have been detained to

conceal scientific truths and results in a deliberate intent to hidc, dcccivc or mislcad accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Defendant (48): *DR. COURTNEY JONES*, (Facility Clinical Director, FCCC); is so employed as the Facility Clinical Director, FCCC);, WELLPATH HOLDINGS Inc.., DID ENGAGE IN A CONSPRIRACY TO THE FURTHERANCE OF AND/OR IN ACQUIESCENCE TO, the furtherance thereof the publishing of " fraudulent and misleading reports". Defendant DID conspire WITH others in an organized and systematic scheme to conceal scientific truths and results in a deliberate intent to hide, deceive or mislead accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Defendant (49): *Dr. CAROL DEPASS Psy.D. PY7845*, is so employed as the Facility Lead Clinical Psychiatrist, (FCCC), with WELLPATH HOLDINGS Inc.., DID ENGAGE IN A CONSPRIRACY TO THE FURTHERANCE OF AND/OR IN ACQUIESCENCE TO, the furtherance thereof the publishing of " fraudulent and misleading reports " Defendants DID Conspirc WITH Othcrs in an organizcd and systcmatic scheme to conceal scientific truths and results in a deliberate intent to hide, deceive or mislead accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Defendant (45): *DR. DONALD SAWYER,* (Regional Director) is so employed as the Regional Director, with WELLPATH HOLDINGS Inc.., DID ENGAGE IN A CONSPRIRACY TO THE FURTHERANCE OF AND/OR IN ACQUIESCENCE TO, the furtherance thereof the publishing of "fraudulent and misleading reports". Defendant DID conspire WITH others in an organized and systematic scheme to conceal scientific truths and results in a deliberate intent to hide, deceive or mislead accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Defendant (46): *Mr. JON CARNER*, former Facility Administrator, FCCC recently Promoted to (Regional Security Director ); is employed with and by WELLPATH HOLDINGS Inc., DID ENGAGE IN A CONSPRIRACY TO THE FURTHERANCE OF AND/OR IN ACQUIESCENCE TO, the furtherance thereof the publishing of " fraudulent and misleading reports" Defendants DID Conspire WITH Others in an organized and systematic scheme to conceal scientific truths and results in a deliberate intent to hide, deceive or mislead accountability agencies, including Courts, Legislatures, and Government Agencies concerning documents evidence, science, research, truthful analytical results, treatment results and records, and/or true records of evidence and events at the Florida Civil Commitment Center.

Defendant (47): *MS. SELINA WILLIAMS,* (Assistant Facility Administrator, FCCC); is so employed as the Assistant Facility Administrator, FCCC, for, WELLPATH HOLDINGS Inc., DID ENGAGE IN A CONSPRIRACY TO THE FURTHERANCE OF AND/OR IN ACQUIESCENCE TO, the furtherance thereof the publishing of " fraudulent and misleading reports. " Defendants DID conspire WITH others in an organized and systematic scheme to

Count II: Aiding and abetting Unlawful and Prolonged Detention: Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights to liberty and due process were denied by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it. These acts resulted in the furtherance of my prolonged and unlawful detention against my will.

Count III: Aiding and Abetting Patient Brokering Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it.

Count IV: Invidious Discrimination Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it.

Count V: Gross Negligence: Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it.

Count VI: Unjust Enrichment: Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights to --- by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it.

Defendant: (42) *JESSE PHELPS* is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (43*) KATHIE LIOGIER-WEYBACK* is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant (44): *SAMI MNAYMNEH,* Founder & Co- C.E.O; is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS) and are liable for the following cause of actions:*

Count I : Aiding and Abetting Deprivation of Rights: Defendant WELLPATH HOLDINGS Inc. et al aided and abetted the failure of fiduciary duty of care and contract the denial of my rights to --- by encouraging the specific incidents of misconduct through 'acquiesce and furtherance' and in this way directly participated in it.

in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)* Defendant : (38) *CONSTANCE WOULARD*, is so employed AS THE DIRECTOR OF NURSING AND UTILIZATION MANAGEMENT by WELLPATH HOLDINGS Inc.

Defendant: (39) *ADAM THAU* is so employed *AS A MEDICAL DIRECTOR* by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Flórida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (40) *GENNA MARX BRISSON* is so employed *AS THE SENIOR VICE PRESIDENT OF OPERATIONS* by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (41) *KATHY O'NEILL* is so employed as a *SENIOR VICE PRESIDENT OF OPERATIONS* by is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant (34) *TERRY ROWAL* is so employed as SENIOR DIRECTOR OF OPERATIONS by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

DEFENDANT (35) *DIANA ACOSTA* is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

DEFENDANT :( 36) KERRY *MANGOLD* is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (37) *TERESA KOEBERLIN* , is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract

his oath of officc of which hc has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant (31): *KRISTIN ALLRED*,, is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

*DEFENDANT: (32) LYNN COLE,* is so employed by: WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant (33). *ANDREW HOFFMAN*,; is so employed as the Director of Security Operations by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (27) *PATRICK J. KENNEDY,* is so employed by WELLPATH HOLDINGS Inc.., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (28) *DR. VALERIE MONTGOMERY RICE, M.D. ,* is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant (29): *SCOTT WELCOME,* is so employed by WELLPATH HOLDINGS Inc., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)* Defendant (30) *ERIN HERDA* , , is so employed by WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and

obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (24) *MR. JUSTIN SEARLE,* is so employed as the Division President, Local Government, with and for the WELLPATH HOLDINGS Inc.., (H.I.G.) INVESTMENT GROUP OWNERS is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (25) *KIP HALLMAN*, is so employed and is the Co-Chairman, of WELLPATH HOLDINGS Inc. is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (26) *DR. TAYLOR SITHIAN M.D* is so employed by WELLPATH HOLDINGS Inc.., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract

DEFENDNAT (20) *MR. DAVID WALTZER,* is so employed as the Chief Financial Officer, for the (H.I.G.) INVESTMENT GROUP , WELLPATH HOLDINGS Inc.., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (21) *MS. ZELA GUIROLA*, is so employed as the Chief Development Officer, WELLPATH HOLDINGS Inc.., (H.I.G.) INVESTMENT GROUP is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (22) *MR. DAVID CROCKER*, is so employed as the Chief Information Officer, (H.I.G.) INVESTMENT GROUP OWNERS is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (23) *MR. MARK GOLDSTONE,* is so employed as the Chief Legal Officer. With and for the WELLPATH HOLDINGS Inc.., (H.I.G.) INVESTMENT GROUP OWNERS is so liable and responsible in his official, professional and individual capacity and had a contractual

in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (18) *MS. CARLA WALLACE*, is so employed with the (H.I.G.) WELLPATH HOLDINGS Inc.., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (18) *MS. CARLA WALLACE*, is so employed with the (H.I.G.) WELLPATH HOLDINGS Inc.., is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant : (19) *MRS. CASEY MCCLUSKEY PARKER*, is so employed as the Chief Human Resources Officer, for (H.I.G.) WELLPATH HOLDINGS Inc.., ..." is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (14 ) *MR. JEREMY BARR,* is so employed and is the Division President, OF WELLPATH HOLDINGS Inc.., IN CONNECTION WITH (H.I.G.) INVESTMENT GROUP OWNERS is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (15) *MR. TONY TAMER,* is so employed as the Founder & CO-CEO; IN CONNECTION WITH (HIG) INVESTMENT GROUP OWNERS WELLPATH HOLDINGS Inc..,

Defendant (16) *MS. CINDY WATSON,* is so employed and is the Chief Operational Officer, (H.I.G) OWNERS)" is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (17) *DR. THOMAS PANGBURN* is so employed as the Chief Clinical Officer with (H.I.G.) is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract

wrongful tort actions and acts that did occur as a result of intentional and willful gross negligence on the part of the defendants acts as stated in the Bankruptcy Filing and thereby this Superseded Statement of Claims and Complaint does so particularize through Statement the liability counts and claims.

(17). Due to the need for Redundancy Clause Requirement Defendants shall be grouped in accordance to concerted acts and counts where these are deemed to have occurred.

Pursuant to the Rules of Federal Procedures Plaintiff may state their claims in pleadings and filings.

Defendant: (10) WELLPATH HOLDINGS INC. LLC, WELLPATH HOLDINGS Inc. , *( Prison Health Services and Corizon Health. Correct Care Solutions (CCS), Audax Group and GTCR, 2003 merger, H.I.G. Capital and Correctional Medical Group (formerly known as Correctional Physicians Medical Group) Well-path Holdings, L.L.C." )* is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed in his fiduciary duty and breach of contract in his responsibility of overseeing the *Contracted Private Treatment Service Provider With the State of Florida and (DCFS)*

Defendant: (12) *JORGE DOMINICIS,* is so employed and is a Co-Founder, Co-Chairman, and H.I.G. INVESTMENT GROUP Defendant: (13) *MR. BEN SLOCUM*, is so employed and is the President & Interim CEO, Chairman for WELLPATH HOLDINGS Inc.., IN CONNECTION WITH (H.I.G.) INVESTMENT GROUP OWNERS is so liable and responsible in his official, professional and individual capacity and had a contractual obligation to the Petitioner pursuant to the Laws of the State of Florida and his oath of office of which he has violated and has so failed

(13). this multi-partied claim or Tort-Feasor cause of action counterclaim. Certain notice and service procedures were required and were met.

For the sake of the Bankruptcy Case the Plaintiff is the non-moving party.

(14). This Statement of Claims and Complaint shall be oriented to reflect the specific claims and acts upon which Defendants who are either owners thereof, or Employed by ,and or Employed with, or associated through Employment of, WELLPATH HOLDINGS Inc., et al and that these parties has and did engage in acts that caused harm and injury to Me as a Mental Health Civil Detainee or Committed Respondent Resident at the ***Florida Civil Commitment Center located at 13619 S.E. Hwy 70 Arcadia Florida.***

(15). WELLPATH HOLDINGS INC., et al (CCS-CMGC Parent GP, LLC, CCS-CMGC Parent Holdings LP, CCS-CMGC Intermediate Holdings, Inc. Well-path Holdings, Inc., CCS-CMGC Intermediate Holdings 2 Inc., (and collectively, with the Professional Corporations, the PC Physicians, and the D & O's, the "Non-Debtors Defendants") as so listed in the Notice of Claim had a duty or authority to act;(2) were each personally involved, implicitly authorized, knowingly acquiesced, or approved the continued and furtherance of such acts (3)Defendants aided and abetted, acquiesced to, in furtherance of , the injury of prolonged and unjust detention…" (Derivative Liability Clause)

(16). The Defendants WELLPATH HOLDINGS Inc. et al has through theory of law failed to respond and assert affirmative defenses as such all such defenses not so asserted through answer are waived. The defenses of 'Shotgun Pleadings or Failure to State a Claim upon which relief may be given dismissals or defenses, therefore these statements are given in regards to clearly state the cause of action as they stand for the matter of filings and clarity of times and events of

“Persons who have been involuntarily committcd arc cntitlcd to more considerate treatment and conditions of confinement than criminals whose conditions are designed to punish…

(10). The defendant WELLPATII IIOLDINGS Inc., ct al wcre more than aware of these requirements of fiduciary duties of trust and care and were repeatedly informed of their perspective violation of the said same and choose to ignore such enlightenments by the Plaintiff…Defendant (46) Jon Carner repeatedly and insistently directed throughout the authority unwarranted placed upon him, that I am not subjected to the mental health act and that mental health codes and bill of rights are not applicable to me as a civilly detainee or committed subject…others who had the duty to act did not act once made aware of these irregularities such as the Department of Children and Families Services (DCFS), and the State of Florida Attorney General Department of State. Defendant (46) stated on numerous occasions that he was assured that he could treat the residents at the Florida Civil Commitment Center any way he wanted to and nothing would be done about it and that he was going to punish me and every resident at the facility in every way possible. Defendant (46) Jon Carner went on to do just what he threaten to do…creating the Sandin conditions of a typical and Significant Hardship that is substantially more restrictive than any non-punitive confinement in the state’s prison system…” Hatch Supra…”

(11). Dcfcndants was succcssfully served notice of Claim.

(12). Where there is no justifiable or plausible explanation for any alternative explanation for the defendants actions pursuant to any known or unknown theory or defense. The Defendants did not respond in defense of stating any affirmative defenses and are therefore waive at this stage of the litigation therefore a reasonable settlement proffer pursuant to similar class clause…

(5). The Plaintiff filed Notice of Counterclaim and the complaint stated a cause of action against the defendants individually, for which Section 768.28(6) does not require a written claim upon the State, its Agencies, or any of the other parties. See Section 768.28(9), Florida Statutes (1979); District School Board of Lake County, et al v. Talmadge So.2d (Fla. 1980)

(7). The Debtors et al violated ***Scientific Men's Rea***: and such violations have caused significant and degradative injury to the Plaintiff as a result of Debtors et.al Gross Negligence.

(8). Pursuant to Law the Defendants are liable and as such these claims are so stated upon which a Claimant may state his or her claim in filing pleadings and responses. [WELLPATH HOLDINGS Inc., et al] had a duty or authority to act and were personally involved or indirectly aided and abetted in the facilitation or furtherance thereof the actions of liability thereby implicitly authorizing, and knowingly acquiescing or approving the continued and furtherance of such acts for financial and professional gains causing injury of prolonged and unjust detention upon Me the Plaintiff..." having successfully filed this counter claim for injury including Derivative Liability for $100,000,000.00 as an entity and $3,300,000.00 Individually. Against Defendants listed Number (10-51). Including Causation of Plaintiffs further Mental Degradation. As such the debtors Well-path Holdings et al are a consented party of its own litigation and are thereby obligated by its own litigations and any liability pursuant to thereof. This respondent did so counterclaim in_that lawsuit and no such sale of its subsidiary shall remove that liability or immune them from their own initiated lawsuits.

(9). In Jones v. Blands 395 F.3d 918, 932, (9th Cir. 2004) clarified that when "detainee is confined in conditions identical to, similar to, or more restrictive than those in which his criminal counterparts are held, we presume that the detainee is subject to punishment..." and that:

MATERIAL FACTS

CAUSE OF ACTION:

(1). The State of Florida initiated a lawsuit against the Plaintiff, Julius Huewitt in which was filed a Petition pursuant to Florida State Statute 394 Part V Mental Health Act against the petitioner in the #18 Judicial Circuit Court of Seminole County Florida. .

(2). The State of Florida failed to adhere to the Compliance Procedures of the Rules of Civil Procedures to properly establish 'cause of action' to invoke the Circuit Courts Subject Matter Jurisdiction to lawful action of Order of Commitment. And that

*Invidious Discrimination:*

*"The defendants Does so violate the " measures relating to the conduct or to the rights of individuals, to the administration, or defense of the government..." and are "prohibited by the fundamental laws or by the moral code, and which are... " yet deemed, on a large view of the public interests, not to be expedients or " within the [178 Ind. 347] competence of a legislature with the general powers of legislation conferred by our Constitutions..."*

( 3). The Debtors et al WELLPATH HOLDINGS Inc. et al is a party to that Civil Action Case No: 2014-00916 CA and as such were obligated to certain fiduciary duties of care and has failed in those obligations and duties.

(4). The Plaintiff do state that: Insofar as the claim was against the State, and insofar as Plaintiff's complaint alleges malicious mistreatment: The debtors initiated an organized and systematic scheme "as a program of deliberate abuse designed to threaten the life of the Plaintiff or to drive him to distress.'

8. Pursuant to 28 U.S.C. 1409 (a), a proceeding arising under Title 11 or arising in or related to a case under Title 11 may be commenced in the district court in which the case is pending.

9. Well path's chapter 11 is currently pending in this Court; therefore,

Venue is proper in this Court pursuant to 28 U.S.C. 1408.

10. " Claims pursuant to: 42 U.S.C .§1985(2) which provides for actions against persons who conspire to obstruct " the due course of justice " in State courts with intent to deny any citizen the equal protection of the laws or to harm a citizen for enforcing or attempting to enforce the right to equal protection."

11. §.1985(3): "provides for damage actions against persons who "conspire...for the purpose of depriving...any person or class of persons of the equal protections of laws, or of equal privileges and immunities under the laws."

12. "Pursuant to Statutory Section 42 U.S.C. §1986: "provides for damage liability for anyone" - "who, having knowledge that [a § 1985 conspiracy] is about to be committed, AND does nothing about it..."

13. In Heckler v. Community Health Services of Crawford County. Inc., 467 U.S. 51 104 S. Ct. 2 218, 81 L. Ed. 2d 42 (1984) When a private party is deprived of something to which it was entitled as a right, it surely has suffered a detrimental change in its position. Id at 62, 154 S. Ct. at 2225.

5. "In the filing of Answer and Counterclaim and Demand for Jury Trial. That the Compulsory counterclaim has standing before the court and that as a Party to suit the Respondent has the right to respond...The nonmoving party has a duty to respond with specific evidence demonstrating a disputed fact issue. Celotex Corp. Cattrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265(1986). "That their claims be protected by and in the confirmation Order, and Request for Relief. Whether or not the Bankruptcy Court has jurisdiction (is irrelevant to the question) to adjudicate the third party state court disputes or Civil Commitment Cases between the Respondent and the State of Florida, (the Bankruptcy court may not deprive the Respondent of its right of opportunity) in which the Debtors and the Debtors Estate has Liability clause 'related to' these Bankruptcy Cases.

6. This Court has pendant jurisdiction pursuant to 28 U.S.C. 501 and subject matter jurisdiction pursuant to 28 U.S.C. 157 which authorizes a district judge to refer related cases to a bankruptcy court, wherein the latter court, will appropriately preside over the matter.

7. This Court has supplemental jurisdiction over Relief of Automatic Stay allowance of plaintiff's state law counterclaims. Pursuant to 28 U.S.C. 157 (b)(2)(A),(B), and (C) this proceeding involves the core matter as it concerns the administration of Well-path's estate, allowance or disallowance of claims against Well-path's estate and counterclaims related to the estate of Well-path Holdings, Inc., et al.

2. This court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 and the Order of Reference to Bankruptcy Judges, general Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.) Jurisdictions, Final Orders, Statutory Predicates. Venue of these chapter 11 cases and the Motions is proper in the United States District Courts for the Southern District of Texas and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b). The Court has found that it may enter a final Order consistent with Article III of the United States Constitution and that as such these Motions are properly before the Court for determination.

3. In that: "A Proceeding is a core proceeding under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding under the general "catch-all" language of 28 U.S.C. §157 (b)(2) or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

4. "That the Respondent is a Counterclaimant in State Court Proceedings and that the Debtors-Creditors relationship is established." and that: all records of representations of claims in common and associative 'related to' jurisdiction of characteristics and Statements of Positons, filings, motions and judgments are matter of record and hereby stated as such, through these notarized invoking of "Subject Matter Jurisdiction" Related and Similarly situated Claims.

A. WHEREAS : " Claims pursuant to: 42 U.S.C .§1985(2) which provides for actions against persons who conspire to obstruct " the due course of justice " in State courts with intent to deny any citizen the equal protection of the laws or to harm a citizen for enforcing or attempting to enforce the right to equal protection."

B. AND THAT: §.1985(3): "provides for damage actions against persons who "conspire…for the purpose of depriving…any person or class of persons of the equal protections of laws, or of cqual privileges and immunities under the laws."

C. AND THAT: The Movants seek relief from the automatic stay to pursue claims against certain non-debtor parties IN THE ABOVE CIVIL ACTION CASE NO: 24-90533 (ARP) hereby now Civil Action No Case No 24-90566-(ARP) In re Well-path SF Hold Co, LLC (Bakr. S.D. Tex.) (the "Remaining Case") (Open Case).

D. The Movants assert that they possess certain claims derivative in nature, that Texas law allows them to bring as direct claims… the civil commitment cases are ones that may be brought without offending the automatic stay… by severing the debtors et al Estate from the state claims the state claims then may proceed.

## <u>JURISDICTION AND VENUE</u>

1. This is a <u>STATEMENT OF COMPLAINT AND CLAIM</u> Counterclaim PURSUANT TO*42 U.S.C .§1985(2)AND §.1985(3):* **42 U.S.C. §1986:** permitted by 768.14, Fla. Stat., and 48.193, Fla. Stat., to redress a deprivation of rights and privileges secured by the Florida Constitution and the Florida Statutes resulting in a tort injury.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

DEC 22 2025

Nathan Ochsner, Clerk of Court

**COMPLAINT AND CLAIM**

Plaintiff. Julius Huewitt

Civil Action Case No: 24-90533-(ARP)

Vs.

Civil Action No Case No 24-90566-(ARP)

In re Wellpath SF HoldCo, LLC

(Bankr. S.D. Tex.) (The "Remaining Case" (Open Case)

Defendants.

Civil Court # 2014-00916 CA

**THIS STATEMENT OF COMPLAINT AND CLAIM IS AN ANSWER IN RESPONSE AS COUNTERCLAIM COMPLAINT AND CLAIM PURSUAN TO 42 U.S.C. §1985 (2) AND §.1985(3): 42 U.S.C. §1986: PLAINTIFF ASSERTS THE RIGHT TO AMEND COMPLAINT.**

I Julius Huewitt do hereby submit this ***Statement of Position*** in this Complaint and Claim as a joinder of cause of action and the statement of compliance to Settlement Agreement pursuant to all orders of the Bankruptcy Court. I have opted out and as a common consent majority does so seek and approve the Alternative Dispute Resolution Settlement Agreement and all statement of Positions the Board of Executives has asserted with my full support and consent.

United States Courts
Southern District of Texas
FILED
DEC 22 2025
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE
WELLPATH HOLDINGS, INC., et al
Post-Restructuring Debtors.

(Former) Case No: 24-90533 (ARP)
CASE NO: 24-90566-(ARP)
Case No: 2014-00916 CA
(Jointly Administered) (Revised)

In re Well path SF Hold Co, LLC Case No 24-90566-(ARP) * (Counterclaim and Demand for Jury Trial)
(Bankr. S.D. Tex.) (the "Remaining Case" (Open Case)
In Re: Plaintiff (s) et.al.

Julius L. Hueen [signature], Plaintiff (s) et.al.
RESPONDENT/ CLAIMANT/ PLAINTIFF

MEMBER OF THE ALTERNATIVE DISPUTE RESOLUTION COMMITTEE ( The "ADRC" COMMITTEE)

---

CLAIMANTS RESPONSIVE PLEADINGS AND STATEMENT OF POSITON TO : (I)" THE WELLPATH LIQUIDATING TRUST'S OBJECTIONS TO CLAIMS, (II) CLAIMANTS STATEMENT OF POSITION AND RESPONSIVE PLEADINGS OF RECORD TO POST-RESTRUCTURING DEBTORS AND OTHER RELATED RELIEF REQUESTED IN FORM OF ORDER(S) AND INTERLOCUTORY JUDGMENT, OF ALLOWANCE OF CLAIMS, SURVIVAL CLAIMS , AND (III) RECOGNITION OF THE A STATUTORY COMMITTEE AS THE "ALTERNATIVE DISPUTE RESOLUTION COMMITTEE "TO RESPOND AS SUCH TO THE LIQUIDATING TRUST FILINGS FOR ORDERS CONCERNING ADMINISTRATIVE CLAIMS, INDIRECT CLAIMS AND TRUST CLAIMS OR CAUSE OF ACTIONS ALTERING STATUS OF NOTICE REQUIREMENTS,

The following *Responsive Pleading* is so filed Pursuant to Texas Civ. Practice and Remedies Code Section 33.004 (Tex. Civ. Proc. & Rem Code §33.004. Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec.

1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec. 1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Texas Rules of Civil Procedures..." and that : "though sections are available under rule 13 and section 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. Tex. R. Civ. P. 13 (stating that courts shall presume Pleadings, Motions, and other papers are filed in good faith...)" Tex. Government Code Sec. 22.004 Rules of Civil Procedures (Texas Statutes (2025 Edition)) Whereas in accordance with the Confirmation Plan, the Well path Liquidating Trusts objection to claims, upon the filing of such objection the matter therefore has entered into the informal dispute resolution portal whereas this shall serve as a *'Statement of Position'.*

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this contested matter Pursuant to Texas Civ. Practice and Remedies Code Section 33.004 (Tex. Civ. Proc. & Rem Code §33.004. Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec. 1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Texas Rules of Civil Procedures..." and that : "though sections are available under rule 13 and section 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. Tex. R. Civ. P. 13 (stating that courts shall presume Pleadings, Motions, and other papers are filed in good faith...)" Tex. Government Code Sec. 22.004 Rules of Civil Procedures (Texas Statutes (2025 Edition))

2. Jurisdiction is further invoked pursuant to : *28 U.S.C. §§1334(b) and 157(a) Section 1334(b)* which provides that: " the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11Bankruptcy Code, or arising in or related to cases under Title 11 and that " District Courts may, in turn, refer these proceedings to the Bankruptcy Judges for the District, 28 U.S.C. §157(a). In the Southern District of Texas, Whereas : *General Order 2012-6 (entitled General Order of Reference )* automatically refers all eligible cases and proceedings to the Bankruptcy Courts.

3. This is a core proceeding as defined in 28 U.S.C.§ 157 (b)(2)(A) . In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure ...
and such a request is expressly defined as a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(G). This dispute is also core under the general "catch-all" language because such a dispute is the type of proceeding that can only arise in the context of a Bankruptcy Case. : " *In re Southern Corp. 163 F.3d 925, 930(5th Cir. 1999):[A] proceeding is core under §157 if it invokes a substantive right provided by Title 11 or it is a proceeding that, by its nature, could arise only in the context of a Bankruptcy Case.").* Prosecution of *a motion to lift the automatic stay and maintain that stated and granted state of relief pursuant to §362(d) can only occur in a Bankruptcy Court. There is no equivalent of this action..."*

4. Further that: " The *Bankruptcy Court* has jurisdiction over Interlocutory Judgments when the Court finds a material question of law... that either conflicts with a prior decision of the court or another Court of Appeals. *Tex. Gov't Code § 22.225 © In Re H.V. 252 S.W. 3d 319, 324 (Tex. 2008). Whereas "Decisions Conflict" When there is inconsistency in the respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants..." Tex. Gov't § 22.225 (e)..."*

5. The statutory basis for relief requested herein are further and in addition pursuant to section 105(a) of Title 11 of the United States Code (the Bankruptcy Code.), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the " Bankruptcy Rules " ), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the " Local Rules "), and paragraph 30 of the Procedures for Complex Cases in the Southern District of Texas (the " Complex Procedures ").

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1408(1) and 1409. And that this is a Duty of Care Tort Counterclaim Pursuant to :

RESPONSIVE PLEADING AND CLAIMANTS STATEMENT OF POSITON TO : (I)" THE WELLPATH LIQUIDATING TRUST'S OBJECTIONS TO CLAIMS

BACKGROUND

1. The State of Florida Filed a Civil Action against the movant Hewitt, Julius, in the Fourth Judicial Circuit of Seminole County in Case No. 2014-00516 CA in which the WELLPATH HOLDINGS INC et al *was and is* party to by merge of contract with The State of Florida and The Florida Department of Children and Family Services, Co-Defendants in this Counterclaim. Well path Holdings Inc.et al (including the Parent Company Entity *H.I.G. Capital LLC*) beyond the incorporated association with the Recovery Solution Department of their Incorporated Business entity did acquiesce, conspire and/or facilitate (directly or indirectly) to the committing thereof to commit *willful and wrongful acts* that caused injury to me as a Respondent and did hinder, interfere and/or unlawfully cause or facilitated the interference thereof with my *due process rights, liberty interests* and did receive substantial profit *financially and professionally* from doing so. Which constituted " Patient Brokering " among the other listed Wrongful acts in the Claim and Complaint of Record. As such I am by State Statute and Federal Constitution entitled with the right to Counterclaim.
See Enclosed " Statement of Claim and Compliant "

2. While the Motion states that the filing is for an *untimely proof of claim*, it is of note that the Claimants has in many occasions *filed timely proof of claims* with either the Bankruptcy Court, the Liquidating Trust, and/or the Epiq Restructuring ... and has properly alleged clams against WELLPATH HOLDINGS INC. et al. to include *H.I.G. Capital LLC* and Any Affiliate

Associates. While the Trust opposes the Motions, the claims themselves should be allowed pursuant to the record of Notice of filing in the Case where Claimants has filed *Timely Notice of Class Affiliation to Claims* that includes Me as a Claimant. While the Bankruptcy Code does not allow class filing of Proof of Claims, however, Class filing of *Notice of Claims* are so allowed.

3. Whereas " adequate notice to the defendant of the claims asserted and number of members asserting such rights served to satisfy efficiency and economy in the Bankruptcy Court . The commencement of a class action suspends the application statute of limitations as to all asserted members of the class who could have been parties had the suit been permitted to continue as a class, and that the statute of limitations tolling was in fact suspended by the filing of the class action, and notice of class members would be able to rely on the existence of the suit to protect their rights. Id. In that: *" Notice to the Agent is Notice to the Principal-Notice to the Principal is notice to the Agent... "* and that Class action tolling applies to "all asserted members of the class..."

4. On November 11, 2024 (the " Petition Date "), the jointly administer debtors (including H.I.G. Capital LLC (the " Debtors ") in the case captioned In re Well path Holdings Inc., et al., Case No. 24-90533 (ARP) (Bankr. S.D. Tex.) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Cases").

5. On May 1, 2025, the Bankruptcy Court entered its Findings of Facts, Conclusions of Law, and Order (1) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Well path Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis [Bankruptcy Cases Docket No. 2596] (the "confirmation Order"). The Plan went into effect May 9, 2025(the " Effective Date "). Bankruptcy Cases Docket No. 2680.

6. As of the Effective Date, the Trust had the authority to File, withdraw, or litigate to judgment, settle or compromise any such objections to Claims without further notice to or action, order, or approval of the bankruptcy Court any Claims or The " Claims Adjudication Process" theory requires a creditor to have filed a proof of claim, or its functional equivalent, and that the debtors claims be interconnected to that creditor's claim..." as here in this matter..."

7. The movant holds direct claims against the debtors and other non-debtor parties that were in direct contract and contact with the Debtors and are a contributory factor to or facilitator thereof the willful misconduct, actual fraud and gross negligence through conveyance of decree..."

8. And that the : ' Debtors and States Actions in and for Civil Commitment violates certain individual rights, (but not limited to ) and the State Constitution [(b)] Probable Cause For Civil Commitment[,] [(D)] Rule 4.13 Debtors And States Action & P.C. § 1367 & C. Void For Vagueness[,]... [And][E] Rule 4.13 & P.C. § 1367 & C. Violates Equal Protection[,] [And] (2) P.C. §1192.7 Violates State Constitution [(A)] Embracing More Than One Subject[,] [(B)] Violates Equal Protection[,][(C)] P.C. [§] 1192.7(C). "Unconstitutionally Vague", (3) P.C. §17 Violates State Constitution, P.C. § § 17(B)(4) & (B)(5) Violates Equal Protection [,][(C)] P.C. § §17(B)(5) Violates The Separation Of Powers Doctrine [,] [And] [(D)] P.C. § §17(B) (4) &(B) (5)

Are Void For Vagueness" Violates Privileges And Immunities Clause [,] [And] Ss. 394. Violates The Supreme Law Of Land Clause…"

9. Claimants did file Proof of Claims Documentation with the Liquidating Trust in a timely manner, however, it is unclear as to whether or not the facility mailed the copies to the Bankruptcy Court as submitted due to the facility refusing to denote copies of legal filings in regards to the bankruptcy filings being that the Facility staff states that the Bankruptcy Cases are not Legal Mail and subjected to the services.

10. Claimant Has and Does file this compulsory counterclaim pursuant to: RULE 1.8 GENERAL RULES OF PLEADINGS (b) Claims for Relief . A Pleading which sets forth a claim, crossclaim or third party claim must state a cause of action and shall contain (1) a short and plain statement of the grounds upon which the Court's Jurisdiction depends (unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction of the ultimate facts showing that the judgement for relief to which he deems himself entitled, relief in the alternative or of several different types may be demanded. Every Complaint shall be considered to pray for general relief…"

11. And that Pursuant to RULE 1.8 (f) SEPARATE STATEMENTS ." All averments of claim or defense shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred by number in all succeeding pleadings. Each Claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in an separate count or defense whenever separation facilitates the clear presentation of the matters set forth …"

12. RULE 1.10 ATTACHING COPY OF CAUSE OF ACTION AND EXHIBITS: (a): Instruments Attachments All bonds , notes, bills of exchange, contracts, accounts or documents upon which action may be brought or defense made, or a copy thereof, or a copy of the portions thereof material to the pleading shall be incorporated in or attached to the pleading…"

13. TXSB (b) part for all purposes, any exhibit attached to a pleading shall be considered a part thereof for all purposes. Statements in a pleading may be adopted by reference in a different part of the pleading or in another pleading or in any motion…"

14. RULE 1.11 DEFENSES (a) When Presented A defendant shall serve his answer within twenty days after service of original process and the original pleading upon him…"

15. Whereas the Complainants does seek resolution in this court being that : " If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration. Palmer &Palmer , P.C. v. U.S. Trustee(In re Hargis), 146 B.R. 173, 176(N.D. Tex. 1992) (finding that given the bankruptcy judge's] familiarity with the bankruptcy case involving [the debtor],[the bankruptcy judge]is in the

best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding."

16. As to whether promotion of uniformity in bankruptcy administration will be achieved :Recently, this Court has twice prepared Reports and Recommendations on withdrawal of reference, and in each case reached different conclusions under this factor. Waldron v. Nat Union Fire Ins. Co. of Pittsburgh, PA.(In re Ebase One Corp.), 2006 WL 2405732*4 2006 Bankr. LEXIS 1861) at *13-15(Bankr S.D. Tex. June 14, 2006), Veldekens v. GE HFS, Inc. (In re Doctors Hospital 1997,L.P.)., 351 B.R. 813, 867-68(Bankr., S.D. Tex.2006)." And therefore ask this Court to follow its findings in: " determined that it had reached such a level of familiarity with the facts of the underlying adversary proceeding that it would be disruptive to the uniformity of bankruptcy administration for the suit(s) to be withdrawn."

17. <u>RULE 1.13 COUNTERCLAIMS AND CROSSCLAIMS</u>
   * (*AND THAT THE PLEADER NEED NOT STATE A CLAIM IF*):

   1. " At the time the action was commenced the claim was the subject of another pending action, or (2)the opposing party brought suit upon his claim by attachment or other process by which the Court did not acquire Jurisdiction to render a personal judgment on the claim, and the pleader is not stating a counterclaim under this rule…"

   2. " And (b) Permissive Counterclaim "A pleader may state as a Counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim …"

18. AND THAT: " The Movant has Properties (Liberty Interests) in Claim as a Class: ((d) Determination of Class Representation; Notice; Judgment: Claim or Defense Maintained Partly on Behalf of a Class…" and that:

19. … " Pursuant to Fla. R. Civ. P. 1.220 on behalf of all Persons [Civilly Committed, Civilly Detained or Confined (in the past, present, or future] at the Florida Civil Commitment Center 13619 S.E. Hwy 70 Arcadia Florida 34266…";

(1): …" there are over 500 or more members of the Class, with some coming and going each month, which is numerous, that separate joinder of each member is impracticable (2) the Claims or defenses of the Representative party Alternative Dispute Resolution Committee' raise questions of law or fact by the Claim or Defense of each member of the Class and…":

(3); " … the Claim or defense of the Representative Party is typical of the Claim or Defense of each Member of the Class…" and;

(4) " ... the Representative Party can fairly and adequately protect and represent the interest of each Member of the Class, Sosa V. Safeway 73 So. 3D 91 105-108 (Fla. 2011) City of Tampa, 979 So.2D 246 (Fla. 2nd DCA 2007).... "

*20.* Whereas: " ...The Movant(s) did seek and were so granted *Class Action Certification In The Canupp Case* and were Class Action Certified in a *Duty of Care Claim* that is synonymous to this Counterclaim for *Breach of Fiduciary Duty of care and Contract, Willful Misconduct, Actual Fraud, Deprivation of Statutory Rights and Liberty, Unjust Enrichment, Gross Negligence, Exploitation and Invidious Discrimination,* and that the Class Representatives of this Counterclaim cause of action do not have interest antagonistic to the rest of the class and shall conduct the litigation in an fair and just manner being so qualified, experienced, and/or generally able to conduct the proposed litigation. *Sosa v. Safeway 73 So. 91 105-108 (Fla. 2011) City of Tampa 979 So. 2D 246 (Fla. 2nd DCA 2007) ... "*

21. Further that: " The Counterclaim Complaint holds and Restates Class Action Allegations and is appropriate for Class Action Certification Pursuant to Fla. R. Civ. P. 1.220 on behalf of all Persons Civilly Committed , Detained or Confined at the Florida Civil Commitment Center 13619 S.E. Hwy 70 Arcadia Florida 34266 Roe v. Reilly 1999 MBAR 425 995029A (MASS Supra. Nov. 24 1999)..."

22. And that: "A Special Duty Tort do apply in this instance and " any similarly situated... " Clay Elec. 873 So.2d /McCain, 593 So.2d /Pollock, 882 So.2d Kaisner, 543 So.2d/ Brown, 837So.2d See Pierre v. Jenne, 795 So.2d 1062,1064 (Fla. 4th DCA 2001) > City of Ocala v. Graham, 864 So.2d 473,477(Fla. 5th DCA 2004) " ...Trianon taxonomy may subject the State to " substantial governmental liability " - " ...based on traditional principles of tort law > Trianon, 468 So.2d at 921..."

*23.* " Whereas: " ...The Relief Sought (Exclusive Remedy) in the State Action in accordance to this Bankruptcy Courts Interlocutory Judgment will do more than just serve the Post-Restructuring Debtors et al, Chapter 11 Estate Shareholders, Movants and Creditors Interests, *In this case* it will Serve the Public Interest: in that when :*", the grant of relief will serve the public interest because it is always in the public interest for 'Public Officials, Servants and those in contract with those Public Officials and Servants 'to obey their own rules...especially the constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008). Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986)*

*("Respect for the law, particularly by officials responsible for the administration of the State's correctional system, is in itself a matter of the highest public interest."); Llewelyn v. Oakland County Prosecutor's Office, 402 F. Supp. 1379, 2393 (E.D. Mich. 1975) (stating "the Constitution is the ultimate expression of the public interest."). **The Alternative Dispute Resolution Settlement Agreement is so structured to achieve the Greatest Remedy to Dispute with the Statute and Status of Cause of Actions.*

24. And that : " At no time could the Movants waive their right to Claims…" : " Due to , " waiver focuses solely on whether the petitioner induced or caused the loss of a right…", See *U.S. v. Perez, 116 F.3d 840 (9th Cir. 1997),* " or intentionally relinquished or abandoned a known right…" See United States v. Montecalvo, 545 F.2d 684, 685 (9th Cir. 1976)…" At no time did I knowingly waive any of these rights…of Claim…"

25. Stating further that: " Not all rights are waivable, however. See Olano, 507 U.S. U.S. at 733, 113 S. Ct. at 1777. While some rights are not waivable, [w]hether a right is waivable; whether the defendant must participate personally in the waiver; whether the defendant's choice must be particularly informed or voluntary, all depends on the right at stake." Id…"

26. " Where stated by the most express language or by such overwhelming implications from the text as [w]ill leave no room for any other reasonable construction." See Edelman v. Jordan, 415 U.S. 651, 673, 94 S. Ct. 1374, 1360-1361, 39 L.Ed.2d 662 (1974). For example. In 1967, a California Appellate Court said that no theory of waiver may be implied where the individually was never given minimum notice and advice which the statute required. See In Re. Kramer, 257 Cal. App 2d 287, 64 Cal. Rptr. 686 (1967). Also. In 1968, a California Appellate Court twice held that the mere failure by court appointed counsel to object to constitutionally required procedural safeguards was not an equivalent of a knowing and intelligent waiver. See People v. Mc Donald, 257 Cal App 2d 846, 65 Cal Rptr 530 (1986). See Also People v Slutts, 259 Cal App2d 886, 66 Cal Rptr 862 (1968)." "Waiver must be voluntary, knowing, and intelligent." "See Adams v. United States, 317 U.S. 269, 281, 63 S. Ct. 236, 242, 87 L. Ed. 268 (1942); United States v. Martin, 704 F.2d 267, 271 (1983)…"

27. " Because these professionals are required to certify their findings at the risk of losing their licenses and must carry malpractice insurance…"

28. Whereas ; " The implied denial of due process protections was a causative link to 'Tortious Interference' with Respondents' Rights and Liberty: and that there was : (1) the existence of a valid contract between the Movant and a third party; (2) 'the defendant's knowledge of the contract;(3) the defendant's intentional procurement of the third party's breach of the contract without justification;(4) 'actual breach of the contract; and (5) 'damages resulting therefrom.'" Kirch v. Liberty Media Corp., 449 F.3d 388, 401-02 (2d Cir. 2006) Lama Holdings Co. v. Smith Barney Inc., 88 N.Y. 2d 413, 646 N.Y.S. 2d 76, 82, 668 N.E. 2d 1370 (1996))..."

29. AND THAT: " The Claimants has satisfied (c) Pleading Requirements." " Any pleading, counterclaim, or cross claim alleging the existence of a class shall contain the following..." :

" (1) Next to its caption the designation: Class Representation..." ;

' (2) Under a separate heading, designated as Class Representation Allegations, specific recitation of..." :

" (A) the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class..." ;

" (B) the questions of law or fact that are common to the claim or defense of the representative party and the claim or defense of each member of the class..." ;

" (C) the particular facts and circumstances that show the claim or defense advanced by the representative party is typical of the claim or defense of each member of the class..." ;

" (D) (i) the approximate number of class members, (ii) a definition of the alleged class, and (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class; and...";

" (E) The particular facts and circumstances that support the conclusions required of the Court in determining that the action may be maintained as a class action pursuant to the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class..." ;

30. " (1) As soon as practicable after service of any pleading alleging the existence of a class under this rule and before service of an order for pretrial conference or a notice for trial, after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the courts initiative. Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based. In making the determination the court:..."

31. " (A) may allow the claim or defense to be so maintained, and, if so, shall state under which subsection of subdivision (b) the claim or defense is to be maintained...",

32. " (B) may disallow the class representation and strike the class representation allegations, or..." ;

33. " (C) may order postponement of the determination pending the completion of discovery concerning whether the claim or defense is maintainable on behalf of a class..."

34. " If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(3), the order shall also provide for the notice required by subdivision (d)(2). If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(1) or subdivision (b)(2), the order shall also provide for the notice required by subdivision (d)(2), except when a showing is made that the notice is not required, the court may provide for another kind of notice to the class as is appropriate. When the court orders postponement of its determination, the court shall also establish a date, if possible, for further consideration and final disposition of the motion. An order under this subsection may be conditional and may be altered or amended before entry of a judgment on the merits of the action..."

35. " (3) The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those persons whom the court finds to be members of the class. The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(3), whether or not favorable to the class, shall include and identify those to whom the notice provided in subdivision (d)(2) was directed, who have not requested exclusion and whom the court finds to be members of the class."

36. " (4) When appropriate, (A) a claim or defense may be brought or maintained on behalf of a class concerning particular issues, or (B) class representation may be divided into subclasses, and each subclass may be treated as a separate and distinct class and the provisions of this rule shall be applied accordingly."

37. And that: *" Pursuant to Fla. R. Civ. P. 1.170(g) "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim in that action or relating to any property that is the subject matter of the original action."*

38. And further that: " The Movant(s) Motions of Record to Allow Proof of Claim by an Extension was so made pursuant to the fault of " Uncertainty" in record of Filings. The Movant(s) that did file a Claim form with the Liquidating Trust was the result of a Proper form being mailed or notice being properly given to the Claimant of said right However, the record of mailings will show that the Debtors did not nor have their Attorneys contact every Claimant of this Class a duty of which were upon the Debtors in the Chapter 11 Voluntary Bankruptcy Case, to provide proper Notice of such… this interference by the Acquired Recovery Solution Debtors has caused the Uncertainty upon the Claimants that has filed for the recognition of the Court of their desire to file an separate Proof of Claim, however, due to the Class Certification and the Joint Administered Alternative Dispute Resolution Settlement Agreement by the Common Consent of the Majority of Responding and Participating Committee to the Clerk of Court in the Bankruptcy Case by parties directly connected with the litigation, even though these efforts may have been interfered with as have been noticed and reported to the Court, the Claimants as a Class in the Action has so moved for an Interlocutory Judgment to Proceed with their Counter Claims in State Court pursuant to the

.

39. In that : "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976) (quoting, Armstrong v. Manzo, 380 U.S. 545,552, 85 S. Ct. 1187, 14 L.Ed.2d 62 (1965))."See Wester Heide, 113 supra and Zinermon v. Burch, 494 U.S. 113, 125 (1990)"

40. That the Well path Holdings Inc. et al did amend, extend or change the law by reference and/or inference, isolating Article V Section 2(a) of the Florida Constitution. The law is clear that the State or any entity in contract with the State under color of the State or any party may not circumvent procedural requisites of Florida Rules of Civil Procedures…" these are Procedural Protections under the law…" and any and all Deprivative Acts ARE SUBJECT TO : Derivative liability…"

41. As for the Debtors Motion for entry of an "Order Extending the Deadline to file and serve objections to claims…" The WELLPATH LIQUIDATING TRUST (the "Trust" ) for 180 days through and including May 5, 2026, the only point of objection would center around the accounting of the 6 months (180 days) by calculation it appears that the Calculation of 180 days would be approximately March 15th 2026, it would appear that the Liquidating Trust is actually motioning the Court for more than 180 days extension period to assess Claims for objections.

42. However, " the Claimant here agree that these are Extenuating Circumstances and the process of thoroughly reviewing and analyzing the Litigation Claims to assist on the reconciling and resolving of these Claims are essential to the Claims Process. As such the Movant did not oppose, as such the same consideration should be granted likewise to these Claims Proof of Claims as the Debtors will see it is actually in their best interest and the best interest of the Estate to allow these Claims and the Consolidation of such to achieve an Exclusive Remedy that may be a profitable venture through a re-investment clause upon Settlement …"

43. " Whereas the Doctrine of piercing the corporate veil allows a plaintiff to hold a person or entity behind a company … liable for the company's obligations. e.g. Burch v. Opus L.L.C. H.I.G. was and its personnel were active as the Parent Company and in assisting the Debtors in financing and profiting of corporate formalities…"

44. " The joint administered filing of these entities demonstrate the sharing of liability and that it is pursuant to the Defendants to equate amongst each other the degree of liability they will divide amongst themselves or yield such over to the Bankruptcy Court in a Hearing to assign such Culpable Negligence…"

45. And that in accordance to the Debtors filing of the:
ARTICLE IV " MEANS FOR IMPLEMENTATION OF THE PLAN" Doc. 1832-2 filed in TXSB on 03/17/25:

A. General Settlement of Claims and Interests: Unless otherwise set forth in the Plan, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement

of all Claims, Interests, Causes of Action, and controversies released, settled , compromised, discharged, or otherwise resolved pursuant to the Plan."

B. And that: " The Plan shall be deemed a motion to approve the good faith compromise and settlement of all such Claims, Interests, Causes of Action and controversies pursuant to Bankruptcy Rule 9019, and the entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of such compromise and settlement under section 1123 of the Bankruptcy code and Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that such settlement and compromise is fair, equitable, reasonable and in the best interests of the Debtors and their Estates. Subject to Article VI hereof, all Plan Distributions made to Holders of Allowed Claims (as applicable) in any Class are intended to be and shall be final..."

C. Reemphasizing the statement that: " The Confirmation Order shall and shall be deemed to authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including the Restructuring Transactions, including , for the avoidance of doubt, any and all actions required to be taken under applicable non-bankruptcy law..."

46. " The Reorganized Well path Holdings Inc. et al and the Liquidating Trustee entered into the CVR Agreement and the Liquidating Trust received the CVR as it was duly authorized , in that the CVR was designed to provide cash payments in the amount of ten percent of the equity proceeds generated in connection with a CVR trigger Transaction in excess of the Threshold ... As such the Liquidating Trust and its Trustee has the authority to execute whatever takeback actions that it deems necessary to effectuate the appropriate resolution of all Claims in a fair and equitable manner that is in the best interests of the Post Restructuring Debtors as well here it may be deemed necessary for the Liquidating Trust and Trustee in the authority that has been bestowed upon him to reacquisition funding from whatever source the Well path Holdings Inc., et al (including the Post-Restructuring Debtors) have available (and are required to make available to the Trust) even should that include litigated action by way of Motion for Entry of Order directing the Post-Restructuring Debtors to fund the Liquidating Trust with the Appropriate amount of funding to Achieve its designated objectives pursuant to the Implementation of the Plan as set-out approved and Confirmation Date effective. The Restructuring support Agreement and all Restructuring Transaction Memorandums authorizes and mandates that such action be so undertaken should deemed necessary to satisfy the applicable requirements of applicable law and any other action upon which the Liquidating Trust and Trustee deem necessary to properly effectuate its operative goals ..."

47. : " Of note is the Debtors (post Restructuring Debtors ) attempts to exculpate certain unnamed non-debtor defendants that Bankruptcy Code does not permit absolving of such from any negligent conduct , for the avoidance of doubt all such inferences of exculpation clauses are not applicable to these Claims being that (the exception with respect to willful misconduct, actual fraud and gross negligence ) has been established and properly asserted..."

48. And that Pursuant to the Plan's1.4 Acceptance of Assets and Assumption of Liabilities; " (e) Notwithstanding the foregoing, and except as otherwise set forth in the Plan, the Confirmation Order, or this Trust Agreement, nothing contained herein shall be deemed to constitute a waiver, modification or release of any rights a holder of a Trust Claim may have to pursue recovery from any applicable insurance policies covering any portion of the Trust Claim or any claim, cause of action, lawsuit, or rights a holder of a Trust Claim may have against any non-Debtor entity or person who is not a Released Party under the Plan regardless of whether it arises out of the same facts or occurrences as the Trust Claim; provided, however, notwithstanding anything to the contrary in this Trust Agreement, in no event shall Reorganized Wellpath or the Post-Restructuring Debtors have any obligation to satisfy or pay any deductible, retention, advancement, indemnification or other financial obligation under or in connection with the such insurance policies; All such rights are expressly reserved. "

49. As such the Plan and the Claims pursuant to the Plan is so affected whereas should these Claims be so deemed not to be applicable to or by the Plan then these above mentioned exception of course would not apply to these matters and the *Reorganized Well path or the Post-Restructuring Debtors would have obligation to satisfy or pay any deductible, retention, advancement, indemnification or other financial obligation under or in connection with the such insurance policies..."*

50. In that: " when a debtor files a law suit involving issues payments: adequate protection payment pursuant to section statute 1326(a)(1) are allowed in such amount as stated in the plan or fixed pursuant to a court order or stipulation between the parties secured claims..."

51. And that: " The court states if a secured proof of claim is filed before a deadline to object to confirmation the Trustee will set up a reserved, secured claim based upon the greater of the claims according to the Plan terms or proof of claims..."

52. " The trustee shall disburse on secured claims only if all of the following conditions are met: the secured claim is allowed under Chapter 11 U.S.C. Section 502(a) and 506(a)..."

53. " The Debtors having choose not to hold the State Claims as interrelated to their Estate as such this would allow the Debtor to resolve such disputes without the merits of the State claims being resolved first, however should the State Defendants assert certain affirmative defenses this could subject the Debtors to exposure to larger liability Claims later... " Which are interrelated to the allowance of the creditors claim, that is, when the merits of that lawsuit must be decided before the creditors claim can be resolved that lawsuit becomes part of the claims allowance process..."

54. " Whereas here the Debtors has waived the right to trial and has accepted that the Bankruptcy Court and Trier of Fact shall make all determinations as to the allowance of said claims and the value upon which to be accrued..."

55. " Notwithstanding any other provision of law an action to enforce liability created under this action may be brought within 4 years without regards to the amount in controversy after the date of right of action accrues. Right of action in this Counterclaim re-occurred each year with the Debtors and certain of the non-debtor defendants willful misconduct, actual fraud, and gross negligence accruing each year under their initiated Civil complaint against the Respondent /Plaintiff in this Counterclaim that resulted in the loss of liberty deprivation of statutory rights and to include exploitation and gross negligence, denial and interference with due process and rights of economic development of freedom, etc....."

56. And that : " the Remedy to be exclusive such shall be the exclusive remedy for recovering damages resulting from such actions, claims, counterclaims, and/or all future claims of all parties "related to" the contract # L121702 and Debtors WELLPATH HOLDINGS et al. The State of Florida et al..."

57. " And that pursuant to statutory requirement that does not require any other administrative remedies or that plaintiff exhaust any other administrative remedy, " (exclusive remedies) language in statute and Florida State Constitution..." The Plaintiff here has given Notice of Claim pre-petition and all requirements of Notice Service and right to claim and damages has been exhausted. Exclusive Remedies in this regards means that once the Plaintiffs has exhausted all such requirements of pleading filings and statement of claims and right to claim, such resolution through alternative resolution portal are remedies appropriated..." In that:

58. " The primary purpose of substantive consolidation is to promote the fair and equitable treatment of all creditors..." "(Claimants)..." Eastgroup Props. V. S. Model Ass'n, Ltd..." In which the "H.I.G. Corporate LLC. are hereby identified through these responsive pleadings as a designate responsible third-party " and that:

59. While , : " The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") do not expressly authorize substantive consolidation, however, the United States Court of Appeals for the Eleventh Circuit has held that bankruptcy courts may order substantive consolidation pursuant to their general equitable powers. Eastgroup Props, 935 F. " to substantively consolidate a debtor with another entity..." as were initially done in these Chapter 11 Cases..."

60. Being that there clearly exist : " Parent and Incorporate Guarantees on Business Ventures and The Unity of Interests and Ownership Between Various Corporate Entities and the Absence or Presence of Consolidated Financial Statements..."

61. " And : " that individual facilities acting under agency guidance are not themselves agencies" for the purposes of the Administrative Procedure Act) 394.930 Fla. Stat. (2005) Myers v. Florida Civil Commitment center 953 So. 2d 726 (Fla. App. 2007)..."

62. " *The Bankruptcy Court has the right to remove unnecessary uncertainty in the law...*" Tex. Gov't Code 22.225( e) and that Texas Rules of Civil Procedure 28 provides that:" any...individual

doing business under an assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the Court's own motion the true name may be substituted..." ("Tex. .R. Civ. P. 28 ")

63. And that: " The Movant has the Secure Se to...", " seek such Orders that..." : " Clarify the granting of said Motion to Consolidate, that the Court finds that the..." "basic criterion"... " to determine if substantive consolidation is proper, namely , whether the economic prejudice of continued separateness outweighs the economic prejudice of consolidation, is satisfied in this case..." (quoting Snider Bros. 18 B.R. 230, 234 (Bankr. D. Mass. 1982) and thereby Consolidate these Claims as such ..."

64. " Because the Debtors internally acted and held themselves out to be a unit, it would be more unfair to Claimants to now treat the debtors bankruptcy estates as separate than to consider their bankruptcy estates as one. As previously stated in earlier filings, the debtors' respective debt-to asset ratios do not reflect the economic realities of the enterprises. The risk of harm to these Claimants are astronomical and are reduced in this case with consolidation because the Debtors consolidated entities have an significant amount of unencumbered assets and restitution capacity to offset the potential harm from the financial poverty impact to the ability to acquire any 'stability and sustainable' life..."

65. " From 2021 through 2024 Defendants H.I.G. Capital LLC and WELLPATH HOLDINGS Inc.et al was a *Parent and Partner Company* to *Well path Recovery Solutions* LLC and was employed, retained, and/or contracted by *H.I.G. Capital LLC and WELLPATH HOLDINGS Inc.et al* to provide Mental Health Treatment Services, Custody and Care to the Respondent Residents housed at the Florida Civil Commitment Center. .."

66. Defendant H.I.G. Capital LLC operated as a Corporation licensed and registered with the State of Florida as a Healthcare Services Provider which employed various Healthcare Professionals..."

67. " Under the facts of the case, it be concluded that the demonstrated economic benefits to both entities of the Debtors and the Claimants of consolidation outweigh the harm that consolidation will cause to creditors. "substantive consolidation is to be "invoked sparingly" Colonial Reality, 966 F.2d at 61 But in cases such as this one where no creditor has objected, the debtors burden shall be met by a prima facie case for substantive consolidation. Eastgroup Props., 935 F.2d at 249...."

68. Therefore: " It is Requested that these Claims be so Consolidated as the Claimants has agreed amongst ourselves to consolidate and as the (ADRC) Committee pursue this agreed upon resolution to these Claims; Whereas **ERIC JOHNNY ADAMS** has been elected as the Chairman of the Executive Board of the Alternative Dispute Resolution Committee (ADRC) and do so move that the Bankruptcy Court recognize such Committee and render such Orders that do Justice as such..."

69. " Where a count of (Fraudulent Concealment) has been alleged it is allowable for the post-limitation initiation of *healthcare liability claims* and a provision allowing joinder of responsible third parties against whom limitations are asserted to bar..."

70. " The district Court held Florida Law requires parties asserting fraudulent inducement claims to choose between an equitable or legal remedy..."

71. " When a Party names a Responsible Third-Party in a Healthcare Liability Claim pursuant to Tex. Civ. Prac. & Rem. Code §74.251(b)" "the remedy is intended to simplify, clarify, and modernize Commercial Practices..." S.W. Bank v. Info Support Concepts, Inc., 149 S.W. 3d 104, 110 (Tex. 2004), Tex. Bus. & Com. Code § 1, 103." In that "Cautious Healthcare Liability Claimants will be motivated to sue every healthcare provider involved in the patients care, no matter how minimal their involvement, in order to circumvent an empty-chair defense by more likely responsible defendants..."

72. In that: " A responsible third-party could be joined when a party (1) was or might have been liable to the Claimant for all or part of the Claimant's damages, (2) was subject to the Court's jurisdiction, and (3) could have been sued by the claimant, but was not..." Act of May 18, 1995 74th Leg. R.S. Ch. 136 §1,1995 Tex. Gen. Laws 971, 972, amended by Act of June 2, 2003 78th Leg. R.S. Ch. 204 § 4.04 2003 Tex. Gen Laws 847, 855-56..."

73. Whereas : " Pursuant to Texas Civ. Practice and Remedies Code Section 33.004 (Tex. Civ. Proc. & Rem Code §33.004." Which provides that: "if and when a party designates a responsible third-party the claimant has the right and may within the next sixty days join the designated party...."even though such joinder would otherwise be barred by limitations..."

74. " and further that" under the current version of the statute, the trier of fact may allocate a percentage of responsibility to a third-party designated by a party, even if the party has not been made a party to the lawsuit... due to the fact that non-debtor defendants have "much to gain strategically by designating a responsible third-party because the defendant has a possibility of shifting a large percentage of responsibility onto the responsible third-party, thus avoiding Joint and Several Liability." Jas Brar., (holding that the issue of a non-party liability, was not properly raised by the Pleadings because the defendant's affirmative defense did not specifically identify any non-party and the defendant did not move to amend the defense at any time, and therefore, the plaintiff's objections to an injection of non-party liability into the case... "could be sustained ... greatly prejudicing these claimants..."

75. And that: " the Court must presume that the Legislative Intended a Just and Reasonable result..." City of Dallas v. Abbott, 304 S.W. 3d 380, 384 (Tex. 2010) Tex. Gov't Code §311.021(3)..."

76. " It is these movant's assertions that some non-party *is not* the sole legal cause of the harm, and that the State of Florida et al is more likely to make such an *Empty-Chair Defense* and that the

claimants then would be forced to return to these *Debtors et al* for pursuance of a greater amount of *Healthcare Liability Claims* that could be in the sums exceeding $Tens of Billions, in liability compensations against these consolidated entities…"

77. And that: " The Debtors must provide the Claimants with adequate protection for the Claimants interests as the Patient Respondents in these State Civil Cases in State Circuit Court. Debtors must further fund adequate protection either through net operating revenues or through capital contributions as a result of the 'breach of performance and contract'…"

78. And that: " The Degree of Difficulty in Segregating and Ascertaining Individual Assets and Liabilities." Places additional litigated exposure and de-stability to the Chapter 11 Reorganized Restructuring risks for both entities should these consolidated Remedies not be recognized and finalized…"

79. And that the movant hereby moves this Court to establish such Orders as

(a) " all assets and all liabilities of the debtors will be treated as though the debtors were merged, for the purpose of these 'Particular Claims' in relation to these Resolutions and Remedies through Settlement Agreement…" ;

(b) And that: " any obligation of either debtor will be deemed a single obligation of the now consolidated debtors…" ;

(c) and that: " any claims filed or to be filed in connection with any such obligation or guarantee will be deemed one claim against the consolidated debtors…" ;

(d) and that: " each and every claim filed in the individual case of any of the debtors will be deemed filed against the consolidated debtors in the consolidated case…";

(e) and that: " for purposes of determining the availability of the right to setoff under 553 of the Bankruptcy Code, the debtors will be treated as a single entity, meaning that debts due from third party creditors 'other than these agreed upon Civil Court Claimants' and this single consolidated case, to either debtors may be set off against the debts of either debtor (subject to the other provisions of section 553) for the purpose of removing doubt, these provisions are allocated to specifically allow the consolidation of ' H.I.G. and the Well path Liquidating Trust ' for the expedited distribution process of claims resolution pursuant to the Plan and these Modifications and Amendments that Liquidate and Compensate these Claims pursuant to the 'Terms and Conditions' of the Agreed upon Alternative Dispute Resolution Committee Settlement Agreement…" ;

(f) and that: " the claimants of the consolidated entities are combined for the purpose of : "Settlement and Remedies" ;

(g) and that: " the lead case will be In Re: **ERIC JOHNNY ADAMS**

C/O ALTERNATIVE DISPUTE RESOLUTION COMMITTEE Movant et al CASE NO…." (or in the alternative as the Court designate the above text) ;

(h) and that: " a combined mailing matrix will be used for the cases. Combined notices will be sent to the Claimants of the cases " ;

(i) and that: " a single claims register will be maintained ";

(j) and that: " the Clerk is DIRECTED to move all claims filed in the Claims Register of the WELLPATH SF HOLDCO, LLC Post- Restructuring Debtor, Case No. 24-90566(ARP) Remaining Open case to reflect to the Claims Register of the lead case ";

(k) and that: " any deviation from these procedures will be by order of the Court …";

(l) and that: " a designated caption must be used on all pleadings, motions, operating reports, and other papers served or filed in the cases " :

In re: Well path SF Holdco, LLC,

Post Restructuring Debtors

In Re: Movant: ERIC JOHNNY ADAMS

C/O The Alternative Dispute Resolution Committee (ADRC)

Claimant(s) et al

Chapter 11

Lead Case No. 24-90533, 24-90566

(Substantially Consolidated)

<u>(II) CLAIMANTS STATEMENT OF POSITION AND RESPONSIVE PLEADINGS OF RECORD TO POST- RESTRUCTURING DEBTORS AND OTHER RELATED RELIEF REQUESTED IN FORM OF ORDER(S) AND INTERLOCUTORY JUDGMENT, OF ALLOWANCE OF CLAIMS, SURVIVAL CLAIMS ,</u>

1. Whereas: "Under Texas Contract Law a court's "primary concern…is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. " Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 338, 150 S.W. 2d 1003, 1010 (Tex. 1941). The contract must be read as a whole. Forbau v. Aetna Life Ins. Co., 876 S.W. 2d 132, 133 S.W. 2d 1003, 1010 (Tex. 1994)." Should the Court allow the debtors to prejudiciously prevent the claims against the debtors it would betray the trust of the people in the bankruptcy court."

2 Pursuant to the filed Post-Restructuring Debtor's Objection To Motion To Clarify And Enforce Right To Proceed Against WELLPATH HOLDINGS INC.et al.. As Nominal Defendants and to Obtain

Discovery From Debtors And Non-Debtors Defendants filed by the Post- Restructuring Debtors in the united states bankruptcy court for the southern district of TEXAS HOUSTON DIVISION on 09/02/25 re: docket 3387…"

3. It is astronomically important that " for the removal of doubt" that clarification be so achieved in these matters being that the Pre- Restructuring Debtors( as Jointly Administered Entities) filed for an extension of the Automatic Stay be so applied to *Non-Debtor Defendants,* while this filing did not specifically, outline exactly the limitations to the classifications of what exact specification of Non-Debtors' these filings were to cover and to what specification any Insurance policies, contracts and liability covered were entailed in these unscrupulous filings. Whereas It is the Statement of Position by The Declaration of *Eric Johnny Adams Etal* that the State of Florida as a Defendant in the Joint Tort Action of the Counter-Claims pursuant to *768.14 could qualify at some point and time being that these assertions are stipulated unfairly in such a manner that unfairly prejudice Claimants in these type situations where the Debtors have Contracts with several different agencies and corporations that may not per se be Debtors in the sense of the word as to the filings of the Entities Joint Administered filings documents, However, these Parties are by Notice Pleading Non-Debtor Defendants of a Properly Initiated Pre-Petition Tort Action against all Parties and that in Clarification it must be so stated that it is the Position (pursuant to this Position of Statement) of these General Unsecured Claimants Claims that Should it be the Debtors assertion by inference that the listed co-defendants that they have as Contract Partners in the contract of Question in Claim Contract Number L121702 with Defendants :(1) STATE OF FLORIDA, The Department of Children and Families of the State of Florida, et al. and others such as: (but not limited to ) : Defendant: (6) DEPARTMENT OF CHILDREN AND FAMILY SERVICES (DCFS),As a State Agency in and for the State of Florida:

Defendant (7): SHEVAUN L. HARRIS, *TAYLOR HATCH the Secretary of the Department of Children and Family Services (DCFS) in and for the State of Florida,

Defendant (8): Kristen Kanner * RAVEN REID

Defendant (9): RECOVERY SOLUTIONS, LLC RECOVERY SOLUTION LLC ("REC. SOL. LLC"), is the Private Service Provider

Defendant :(10) MR. JEREMY BARR, Division President, CEO Recovery Solutions, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (11): ANDREW HOFFMAN (CHIEF FINANCIAL OFFICER) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (12): TERESA KOEBERLEIN (CHIEF STRATEGY OFFICER) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (13): JUSTIN SCALISE (CHIEF ADMINISTRATION OFFICER GENERAL COUNCIL) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (14): CASSANDRA NEWKIRK (CHIEF CLINICAL OFFICER) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (15): SCOTT DEBER (CHIEF INFORMATION OFFICER)RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (16): KATHERIN O'NEILL (SENIOR VICE PRESIDENT OPERATIONS FOR THE EAST) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (17): JENNIFER DIAZ (SENIOR VICE PRESIDENT OPERATIONS FOR THE WEST ) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (18): KERRY MANGOLD (SENIOR VICE PRESIDENT OPERATIONS SHARED SERVICES) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (19): KAREN GALIN (SENIOR VICE PRESIDENT MENTAL HEALTH) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (20): GENNA BRISSON (SENIOR VICE PRESIDENT COMPLIANCE) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (21): DONALD SAWYER (VICE PRESIDENT OF OPERATIONS IP/RTF) RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (22): JON CARNER, (Regional Director Rec. Sol.)(Former Facility Administrator, FCCC); Recovery Solutions, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (23): SELINA WILLIAMS, (Assistant Facility Administrator, FCCC); Recovery Solutions, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (24): COURTNEY JONES CARNER , (Director of Clinical Services FCCC); Recovery Solutions, LLC RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (25): CAROL DEPASS Psy. D. PY7845 Recovery Solutions, LLC RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (26): ROBBYETTA POLK, MS., (Clinical Therapist, Team Leader FCCC); Recovery Solutions, LLC RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (27): DOROTHY RIDDLE (GRIEVANCE EXMINER , FCCC), Recovery Solutions LLC, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (28): BRANDY PEREZ: (CLINICAL TEAM COORDINATOR, FCCC) Recovery Solutions LLC, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (29): STEPHANIE LIEDEL (CLINICAL TEAM MEMBER, FCCC) Recovery Solutions LLC, RECOVERY SOLUTION LLC ("REC. SOL. LLC")

Defendant (30) SMART COMMUNICATIONS SMART COMMUNICATIONS

Has so been named as co-defendants in an amended Notice of Claims in the Circuit Court Cases however, for the Record of Related to Defendants in these Civil and Bankruptcy Court Actions :

4. However, Defendants : H.I.G. Capital LLC , Defendant :(11) RECOVERY SOLUTIONS, Defendant: (12) JORGE DOMINICIS Defendant: (13) MR. BEN SLOCUM, Defendant: (14) MR. JEREMY BARR, Defendant : (15) MR. TONY TAMER, Defendant (16) MS. CINDY WATSON, Defendant :(17) DR. THOMAS PANGBURN , Defendant: (18) MS. CARLA WALLACE, Defendant : (19) MRS. CASEY MCCLUSKEY PARKER, DEFENDNAT (20) MR. DAVID WALTZER, Defendant : (21) MS. ZELA GUIROLA, Defendant: (22) MR. DAVID CROCKER, Defendant: (23) MR. MARK GOLDSTONE, Defendant :(24) MR. JUSTIN SEARLE, Defendant: (25) KIP HALLMAN, Defendant : (26) DR. TAYLOR SITHIAN M.D, Defendant: (27) PATRICK J. KENNEDY, Defendant : (28) DR. VALERIE MONTGOMERY RICE, M.D., Defendant : (29) SCOTT WELCOME , Defendant (30) ERIN HERDA , Defendant (31) KRISTEN ALLRED ,, DEFENDANT : (32) LYNN COLE, Defendant: (33) ANDREW HOFFMAN,, DEFENDANT: (34) TERRY ROWAL , DEFENDANT (35) DIANA ACOSTA, DEFENDANT :( 36) KERRY MANGOLD, Defendant : (37) TERESA KOEBERLIN, Defendant : (38) CONSTANCE WOULARD, Defendant : (39) ADAM THAU, Defendant: (40) GENNA MARX BRISSON, Defendant: (41) KATHY O'NEILL, Defendant : (42) JESSE PHELPS, Defendant : (43) KATHIE LIOGIER-WEYBACK, Defendant (44): SAMI MNAYMNEH, Defendant (45): DR. DONALD SAWYER,, Defendant (46): Mr. JON CARNER,, Defendant (47): MS. SELINA WILLIAMS, Defendant (48): DR. COURTNEY JONES CARNER and Defendant (49): Dr. CAROL DEPASS Psy. D. PY7845 were all named in the Responsive Pleading Pre-Petition Notice of Claims and sued in their individual capacities for $3, 300.000.00 each. And as such are and would, pursuant to certain situations be subjected to the Plans Claims Distribution and Resolution Process: In that: upon Settlement Agreement and Claims Resolutions through the expedited distribution process certain of these parties would actually acquire the Third -Party Releases that the Debtors so eloquently attempted to execute, However, the State Defendants shall not (above listed defendants of the amended notice (1-30) may not for very specific reasons that the Court has so ordered that the Movant are allowed to proceed with their claims in State Court unencumbered..."

BASIS FOR RELIEF

1. In that: " Seventh Circuit Court stated: "[I]ndividuals which are committed pursuant to [the terms of the act] most surely suffer a grievous loss." United States ex rel Satchulak v. Coughlin, 520 F.2d 931 (7th Cir. 1975)." Further that: " the Coughlin Court reasoned that Winship was controlling because, in Winship, the United States Supreme Court explained that the burden of proof serve to allocate the risk of an erroneous decision between the parties in an lawsuit, and the reasonable doubt standard reflects society's judgment "that it is far worse to convict an innocent man than to let a guilty man go free." Id. 397 U.S. , 372, 90 S. Ct. at 1077 (Harlan, J. concurring)."

2. : " And that the " Ipso Facto Clause" comes into play as a guide to Constitutional Sovereignty of Law .." O Connor v. Donaldson 422 U.S. 563 45 L. Ed 2d 396, 95 S. Ct. 2484 (1975)..." Putting evidence to the Test of Reliability..."

3. That the Defendants did unjustly subject the Claimants to Punishment and Imposed unnecessary and unconstitutional restraints , in violation of the Fourteenth Amendment per se, (but not limited to )..."

4. And that : " The Court has jurisdiction over Interlocutory Judgments when the Court finds a material question of law... that either conflicts with a prior decision of the court or another Court of Appeals. Tex. Gov't Code § 22.225 © In Re H.V. 252 S.W. 3d 319, 324 (Tex. 2008). Whereas "Decisions Conflict" When there is inconsistency in the respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants..." Tex. Gov't § 22.225 (e)..."

5. And that: " Questions in law such as this has been addressed before the courts: "Related to" Does a Choice-of Law Provision in a settlement agreement control the disposition of a claim that the agreement was fraudulently procured even if there is no allegation that the Choice-of-Law provision itself was fraudulently procured? (2) If Florida Law applies, does the release in these settlement agreements bar plaintiffs Fraudulent Inducement Claims? (11th Cir. Jurisdictional Rulings pursuant to (Art. V(4)( 3)(b)(6), Fla. Const..) for the reasons discussed below, we answer the first certified question in the affirmative and the second in the negative with respect to the plaintiffs whose causes of action we controlled by Florida Law..."

6. " Whereas in that case " the cases involved the consolidated cases of Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co. 168 F.3d 1162 (11th Cir. 1999) and Foliage Forest, Inc. v. E.. I. DuPont De Nemours & Co. 172 F.3d 1284(11th Cir. 1999), The settlement agreement released DuPont from all claims, whether known or unknown, and contained a choice-of-law provision stating that Delaware Law governed the release..." Specifically "The agreement agreements further provided that the nurseries would not commence any action based upon or in any way related to the released claims..."

7._" In Mazzoni, the Eleventh Circuit recognized that although the Choice-of-Law provision would be enforceable under section 201 of the restatement (second) of "Conflict of Laws" ("Restatement") ....stating that: "No Florida court recognized that while Florida courts applied reasoning analogous to the restatement's approach in construing arbitration clauses, those cases were distinguishable because of their reliance on Federal Policy favoring arbitration..." as a result.

8. " The Eleventh Circuit concluded that, Mazzoni involved questions of State Law for which there was no definitive controlling precedent...Accordingly, the Eleventh Circuit certified the relevant questions to this Court, See I.D. at 1165. Another panel of the Eleventh Circuit, acknowledging the prior Mazzoni certification, consolidated Foliage with Mazzoni, and certified the same questions. See Foliage, 172 F.3d. at 1285. The questions as certified by the 11th Circuit are : (1) Does a Choice- of-Law provision in a settlement agreement control, the disposition of a claim that the agreement was fraudulently procured, even if there is no allegation that the Choice-of-Law provision itself was fraudulently procured ? (2) If Florida Law applies, does the releases in these settlement agreements bar Plaintiffs Fraudulent Inducement Claims...?"

9 " If the answer to the first question is in the affirmative, upholding the choice-of-law provision, that answer becomes dispositive for Mazzoni, JMG, Foliage, and Castleton because these nurseries signed settlement agreements with a Delaware Choice-of-Law provision. In that event, the second question, concerning fraudulent inducement under Florida law, need not be resolved for the Mazzoni plaintiffs, if, however, the answer to the first question is in the negative, then we must also answer to the second question with regard to these plaintiffs. The second question must be addressed in either event for Courtney Joe, PBG, and Morningstar because their agreements do not contain a Choice-of-Law provision in favor of a Delaware Law, Accordingly, Florida Law automatically applies to these three Plaintiffs..."

10. " Of Note, on the certified question I the court stated:" At the outset , we acknowledge the Eleventh Circuits statement that its "sterile phrasing of the issues need not preclude [us] from inquiring into the specifics of these cases. " See Mazzoni, 166 F.3d at 1165. That being said, we recognize that the nurseries elected to affirm rather than rescind the settlement agreements. Consequently, we restrict the inquiry of the first certified question to situations whether the parties have elected to affirm the contract and sue for damages. Thus, we have rephrased the first certified question to read: Does a Choice-of-Law provision in a settlement agreement control the disposition of a claim that the agreement was fraudulently procured if the defrauded party has elected to affirm the contract and sue for damages?

11. " It further clarified that "contrary to the nurseries assertions, courts have uniformly enforced Choice-of-Law provisions without requiring the parties to brief the law of the chosen forum. See e.g. Continental Mortgages Investors v. Sailboat Key. Inc. 395 So. 2d 507, 513-14 (Fla. 1981)

Moreover, it is incumbent upon the party seeking to avoid enforcement of the provision to show that the foreign law contravenes public policy of the forum jurisdiction..." See Delhomme Indus., Inc. v. Houston Beechcraft, Inc., 669 F.2d 1049 1058(5thy Cir. 1982) ("A choice of law provision in a contract is presumed valid until it is proved invalid. The party who seeks to prove such a provision invalid. Because it violates public policy bears the burden of proof.) In short, Dupont is neither required to brief the substantive law of Delaware nor obliged to demonstrate conflict between Delaware and Florida Law;

on the contrary, the Choice-of-Law provision is presumptively valid and it is the nurseries burden to demonstrate why it should not be enforced. Therefore, the nurseries contentions are without merit, and the first certified question is properly raised before the court…"

12. "Generally, Florida enforces Choice-of-Law provisions unless the law of the chosen forum contravenes strongly with public policy, See Punzi v. Shaker Adver. Agency, Inc., 601 So. 2d 599 (Fla. 2d DCA 1992)

13. " In that case, " The nurseries contender that enforcing the Choice-of-Law provision would enable DuPont to contract against liability for fraud…" thereby violating Florida Public Policy…"

14. . " DuPont, However, insisted that the countervailing public policy must be fundamental, and that the countervailing policies of protecting the expectations of contracting parties…" In that case; " DuPont bolstered that; "by alluding to usury cases in which the court held that the policy disfavoring usurious interest rates could not override explicit contractual terms…Burroughs Corp. v. Suntogs of Miami, Inc., 472 So.2d 1166 (Fla. 1985) Morgan Walton Properties, Inc., v. International City Bank & Trust Co., 404 So. 2d 1059 (Fla. 1981) (upholding a Choice-of-Law provision even though the parties purpose in making it was to avoid the restrictive effects of Florida Law); Continental, 395 So. 2d at 507…"

15. Whereas: "This Court in Continental elucidated the public policy exception by identifying four factors that indicates whether the countervailing policy overrides the exceptions of contracting parties; (a) whether the statute evincing the policy is fraught with exceptions; (b) whether the statute is frequently amended, thereby reflecting a flexible public policy;(c) whether the policy is fundamental to the legal system and (d) whether the outcome has a limited effect upon the contract. See also Borroughs, 472 So. 2d at 1168 (discussing Continental). " The Court in Burroughs applied these factors in the statute of limitations context and similarly concluded that the contractual provision shortening the statutory filing period was not contrary to strong public policy…

16. " In determining whether contractual provisions violate public policy courts have also considered this directive: " Courts…should [proceed with] extreme caution when called upon to declare transactions as contrary to public policy and should refuse to strike down contracts involving parties relationships on this ground, unless it is made clearly to appear that there has been some ("great prejudices") to the dominant public interest sufficient to overthrow the fundamental policy of the right to freedom of contract between parties sui juris." Pizza U.S.A. of Pompano Inc. v. R/S Assocs. Of Fla. 665 So. 2d 237, 239 (Fla. 4th DCA 1995) (quoting Bituminous Casualty Corp. v. Williams, 154 Fla. 191,197 17 So. 2d 98, 101-02 (1944))…"

17. " The court in Punzi applied a less stringent standard when it said: "The fact that the law of the forum state is different than the law of the foreign state does not mean that the foreign state's law necessarily is against the public policy of the forum state, instead it is proper for the court to ascertain whether the foreign state's law is harmonious with the forum's state's public policy…"

18. " The Court's decision in HTP, Ltd. V. Lineas Aereas Costarricenses, S.A. 685 So. 2d 1238 (Fla. 1996)…" articulated Florida's public policy against fraudulent conduct…" [T]he interest protected by fraud is society's need for true factual statements in important human relationships

primarily commercial or business relationships more specifically, the interest protected by fraud is a plaintiffs right to justifiably rely on the truth of a defendant's factual representation in a situation where an intentional lie would result in loss to the plaintiff..." Mazzoni Farms Inc. v. El DuPont De Nemours and Co. 761 So. 2d 306 (Fla. 2000)..."

19. "The right to remove unnecessary uncertainty in the law..." Tex. Gov't Code 22.225( e) and that Texas Rules of Civil Procedure 28 provides that:" any...individual doing business under an assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the Court's own motion the true name may be substituted..." ("Tex. .R. Civ. P. 28 ")

20. Again stating : Pursuant to Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec. 1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Texas Rules of Civil Procedures..." and that : "though sections are available under rule 13 and section 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. Tex. R. Civ. P. 13 (stating that courts shall presume Pleadings, Motions, and other papers are filed in good faith...)" Tex. Government Code Sec. 22.004 Rules of Civil Procedures (Texas Statutes (2025 Edition))

21. "It is clearly established that one who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. See > Slemp v. City of North Miami, 545 So.2d 256 (Fla. 1989) Banfield v. Addington, 104 Fla. 661,667,140 So. 893,896 (1932).

22. That this would stand as a: "MOTION FOR LEAVE TO Recognize the DESIGNATED PARTY H.I.G. AS A RESPONSIBLE THIRD- PARTY" as identified by the debtors and that as such..."

23. "While the Motion does not artificially establish the "commencement of the case against a party as of some date before the party was in fact joined...." Texas Civ. Prac. & Rem. Code §33.004(i)..."

24. Specifically finding that a conflict-of-law provision that a conflicting statute is "ineffective to the extent that the State Statute prohibits or restricts claimant(s) liberty, " A Substantive Right " pursuant to "a unnecessary uncertainty in the law..." as an Interlocutory Judgment of the Bankruptcy Court."

25. Whereas: " a rule adopted by the Supreme Court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions, but substantial laws is not repealed..." and "The Supreme Court has adopted Rules to promote efficient and cost-effective resolution of civil actions..." Rule 190.2 Texas Rules of Civil Procedure concerning expedited actions under rule 169 Texas Rules of Civil Procedures..."

26. " And allow the Movant's Counterclaim litigation to proceed unencumbered in State Court Civil Cases that Responsive Pleadings establishes claims against non-debtor defendants including '(the acquired Recovery Solution Debtors' for the purpose of Resolution and Remedies that does

not seek any further or additional judgments, claims awards, or restitution against the WELLPATH HOLDINGS Inc. et al Defendants (including the Post-Restructuring Debtors and Parent H.I.G. ). As nominal parties that have (or are in the process of ) 'Resolution and Remedies' pursuant to these Chapter 11 Cases and Structured Claims Distribution Process.. ."

27. And that: " Defendants pattern of Practice of Resistance of and to the full enjoyment of most rights secured by Title 42 U.S.C.§2000 a-(4), Section 206 (9) and (42 U.S.C. Sect. 2000) a-(3) Section 205..." Defendants are in violation of P.P.D. #4.01.01 Fla. Stat. (1999) by exercising invidious discrimination in their Policies and Customs See Adams v. James 784 E.2d 1077 see Florida C.A. 11 (Fla. 1986) Florida Constitution Article I Section (9)(2)(21) and (17); Compare; Odham v. Foremost Dairies 128 So. 2d 586 (Fla. 1961) Connolly v. Sebeco, Supra; Simon v. Tampa Electric Co. 202 So. 2d 2091 Fla. App. 1967); Gee v. Bennett 237 So.2d 311 (Fla. App. 1970)..."

28. And that Informal Actions: ( 2d 484, 488 (N.J. Super. App. Div. 2002)(Wells. J. ) "When reviewing informal actions under APA, a court must hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law... Fort Sumter Tours, Inc., v. Babbitt, 66 F. 3d 1324, 1335 (4th Cir. 1995) (Murnaghan, J.) " a decision or action is arbitrary if it is found on prejudice or preference rather than on reason or fact..."

29. The Pre-Restructuring Debtors <u>have waived Trial ,Depositions and Challenge</u> to certain Claims in Certain situations and pursuant to Stare Decisis, certain Non-Debtor Defendants was also answered or failed to answer for in these matters as such the Debtors may not assert that these matters, filings, statements, testimonies, facts, assertions, claims and answers may not be utilized, verified or further testified to in a Circuit Court Matter where the Movants Liberty and Liberty Interests are involved. Well path Holdings, Inc., et al (Pre-or Post-Restructuring Debtors) may not claim that they may or will incur substantial legal expenses out of its own pockets if it is required to be "nominal defendants" in the circuit Courts Actions when they refuse to allow for the resolution of such claims at a earlier proceeding where such could have occurred, but was deferred through litigation only to receive a later Judicial determination of liability by a Competent Court.

30. While the debtors relies on the declarations of James Seitz as Director of the Insurance of Well path Holdings, Inc. and certain of its Affiliates and Subsidiaries in Support of the Debtors' Omnibus Objections to Motions for Relief from Automatic Stay and Stay Enforcements Motions {Dockets No:---- and 828 (the Seitz Declaration") and the Declarations of Joshua C. Schumacher as SVP & Associate General Counsel for Risk Management & Litigation of Well path Holdings Inc., and Certain of its Affiliates and subsidiaries in Support of the Post-Restructuring Debtor's Objection to Motion to Clarify and Enforce Right to Proceed Against Well path Holdings et al. as a Nominal Defendant and Obtain Discovery from Debtors and Non-Debtors (the "Schumacher Declaration") filed contemporaneously therewith and stated as an Affirmative Defense that: The seeking of Depositions and Statements of Facts from the Records of filings are a continuation of

asserting claims and actions against "Well path Holdings Inc., et al, its Employees, and other unrelated non-debtor defendants".

31. Here the Movants filed their Notice of Claims pre-petition and there is no dispute that these movants claims against the debtors arose pre-petition and HAVE TIMELY OPTED-OUT OF THE Plan's Third-Party Releases and, therefore may proceed against the Non-Debtors Defendants. The movants claims have not been discharged pursuant to the Plan. Despite the numerous erroneous attempts by the Debtors to Exculpate these Claims pursuant to the Sale of the Recovery Solutions Business to the RS PURCHASERS, such exculpation does not apply to these Claims pursuant to Bankruptcy Rules and Codes…"

32. " And that the Fourth Amendment at the most guards against abuse by way of too much indefiniteness only or breath in the things required to be particularly described. Oklahoma Press Publishing Co. v. Walling 327 U.S. 186, 208, 66, S. Ct. 494, 505. 90 L. Ed. 614 (1946) Horowitz, 482, F.2d 72, 77 (2d Cir. 1973)."

33. " Petitioner does allege the defendants acted in such manner of reckless and wanton in care as to constitute disregard of human life, human rights, safety, or the property of another…"

34. "if therefore Barber v. State, 207 So. 3d 910 (Fla. App. 2016) is binding when it states that section 394.9135 must not be rendered irrelevant…" It would therefore apply to End of Judgment dates in civil commitment proceedings under 394.910-394.931 Florida Statutes…"

35. "Where the act is a Bill of Rights for Mental Patients, its Statement of Legislative Intent asserts a purpose that Individual dignity and human rights be guaranteed to all persons admitted or committed to Mental Health Facilities…" Ch. 71-131 ss2 Fla. Laws…"

36. In the following of F.S.S. §394.459 Subsection (12) F.S. 1971 Liability for Violations. Is secured by Florida's Declaration of Rights, Art. 1§21 Fla. Const. "Person's shall not be deprived of life, liberty, or property without due process of law… Art. 1 Sec. 9 Fla. Const. Substantive due process under the Florida Constitution protects the full panoply of individual rights from unwarranted encroachment by the Government…" (or others) emph. Added.

37. In that : "it is stated that to be considered is the propriety of the state's purpose ; the nature of the party being subjected to state action; and the substance of that individual's rights being infringed upon; the nexus between the means chosen by the State and the goals it intended to achieve…"

38. " Whereas: "Procedural Due Process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue…Procedural Due Process under the Florida Constitution… and here in The Bankruptcy Court under the Bankruptcy Code of Law…"

39. " Pursuant to Texas Civ. Practice and Remedies Code Section 33.004 (Tex. Civ. Proc. & Rem Code §33.004. Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec. 1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Texas Rules of Civil Procedures..." and that : "though sections are available under rule 13 and section 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. Tex. R. Civ. P. 13 (stating that courts shall presume Pleadings, Motions, and other papers are filed in good faith...)" Tex. Government Code Sec. 22.004 Rules of Civil Procedures (Texas Statutes (2025 Edition))

40. The Movants are well aware that there exist availability of third party insurance for their claims and having knowledge of such have put the debtors n Notice that the Resolution Settlement Agreement have taken these Insurance Coverages into consideration in the tabulation of its Settlement offer of the $372, 000,000.00 One-time Payment to cover all claims in all Circuit Court and Districts Courts Filings et al. The Debtors arrangements with their Insurance Policies are of their concern and their resolution with their own business parents and partners and may not be utilized to unfairly exculpate, disadvantage or deny coverage reimbursements, distribution awards for the Movants in settling these Claims.

(III) RECOGNITION OF THE A STATUTORY COMMITTEE AS THE "ALTERNATIVE DISPUTE RESOLUTION COMMITTEE "TO RESPOND AS SUCH TO THE LIQUIDATING TRUST FILINGS FOR ORDERS CONCERNING ADMINISTRATIVE CLAIMS, INDIRECT CLAIMS AND TRUST CLAIMS OR CAUSE OF ACTIONS ALTERING STATUS OF NOTICE REQUIREMENTS,

1. That the Court hereby Recognize the Alternative Dispute Resolution Committee as so established and hereby presented:

2. **ERIC JOHNNY ADAMS Chairman, GARY LEE DEXTER, Co-Chairman, DUANE ADAMS , Secretary, ANTHONY HERNDON, Secretary AARON BRADFORD, Parliamentarian MARCUS PARKER Treasurer, and JOHN OLIVER JACKSON Legal Affairs Department.**

3. Committee Members:
*Melvin Arroyo Re: Docket No. 513- Derek Thomas Chapman Re: Docket No. 555 Reynolds Brooks Re: Docket No. 558-Marvin Lee Levigne Re: Docket No. 563- Craig Leandrew Hepburn Re Docket No. 599-Henry Doyle Woods Re: Docket No. 602-Gary Sager Re: Docket No. 605- Wigberto Lopez Re: Docket No. 552- Thomas Suber Re: Docket No. 556- John Phillip Distefano Re: Docket No. 561- Rufus Brooks Jr. Re: Docket No. 564-Hoyt Doyle Blackard Re: Docket No.*

*600- Aaron R. Bradford Re: Docket No. 603-Jose Cowley Re: Docket No. 624- Carlos Demont Moody Re: Docket No. 554- Williiam C. Tinker Jr. Re: Docket No. 557-John W. Parsons Re: Docket No: 562- William Barber Jr. Re: Docket No. 565 – Michael Freeman Re: Docket No. 601 William P. Grawbadger, Jr. Re: Docket No. 604- Cantrell Kennedy Re: Docket No. 625-Huewitt Julius Re: Docket No. 627-Robert Masters Re: Docket No. 630-Craig A.. Overton Re: Docket No. 651-Samuael Keith Woodard Re: Docket No. 660-Dale Keith Rodriguez RE: Docket No. 663-Richard Wean Re: Docket No. 697- Duane A. Adams Re: Docket No. 628- Aaron Hoda Re : Docket No. 635- Glenn R. Flowers Re: Docket No. 658- Travis Latner Re. Docket No. 661-Michael Velez Re: Docket No. 664-Lawrence Mc Gee Re: Docket No: 629- James I. Jackson Re: Docket No. 636- Dwayne Keith Head Re: Docket No. 659 Ronnie L. Black Re: Docket No. 662-Rayvon L. Boatman Re: Docket No. 672 Treven Williams, D.O.D. 08/13/2024 Elijah Childs, D.O.D. 08/2024 Atrayo Phoenix 2025 "*

4. Whereas the following named residents of the Florida Civil Commitment Center (are Honorary post-mortem members of the Alternative Dispute Resolution Committee) of which has expressed before their death the consent and desire that they be remembered and represented in such claims as these going forward should relief be so acquired. As such these members next of kin shall receive their equal share of the agreed amount of the Settlement Agreement and as such shall be included in the Class Resolution of all Claims associated with these Matters upon equal compensation:
*Mr. Nelson Hernandez-Paz, Ne SVP # 991229 D.O.D. 8/20/2017 - Mr. Steven A. Hoo SVP #: 990104 D.O.D. 9/18/2015- Mr. James Jarrell SVP #: 991219 D.O.D. 06/01/2014 - Mr. Robert Jasso SVP #: 990760 D.O.D. 5/12/2019- Mr. Taylor Johnston SVP #: 991336 D.O.D. 4/2/2018- Mr. James Jones SVP # 990226 D.O.D. 4/1/2011 - Mr. Dean Jones SVP # 990558 D.O.D. 10/15/2002 - Mr. Jack Kephart SVP # 990493 D.O.D. 11/8/2006 - Mr. Robert Laird SVP # 990215 D.O.D. 2/27/2002 - Mr. Lloyd Leland SVP # 990014 D.O.D. 5/23/2004 - Mr. John Long SVP # 991445 D.O.D. 7/23/2017 - Mr. James Marchina SVP # 990987 D.O.D. 10/11/2011 - Mr. Christian Maynard N. SVP # 990902 D.O.D. 1/26/2017 - Mr. Jerry E. McCaskill SVP # 990509 D.O.D. 5/27/2015- Mr. Herman McQueen SVP 990065 D.O.D. 11/12/2012 - Mr. David Miller SVP # 991129 D.O.D.11/19/2015- Mr. Robert Milligan SVP # 990259 D.O.D. 6/1/2010 - Mr. Gregory Mincy SVP # 991414 D.O.D. 9/10/2012 - Mr. Richard Mitchell SVP # 991279 D.O.D. 2010 - Mr. Daniel Moore SVP # 990719 D.O.D.4/4/2008 - Mr. Guillermo Morales SVP # 990186 D.O.D. 8/7/2002 - Mr. Joe Moser SVP # 990701 D.O.D. 2/2012 - Mr. Timothy Muldrow SVP # 990071 D.O.D. 3/7/2002 - Mr. John Mulkey SVP# 990627 D.O.D. 11/2005 - Mr. Michael Munion SVP 990659 D.O.D. 06/2012 - Mr. David Nail SVP 990--- D.O.D. 4/9/2010 - Mr. James Noe SVP 991230 D.O.D. 12/3/2013 - Mr. Steven Ocana SVP # 990212 D.O.D. 10/4/2002 - Mr. Clyde Owens SVP # 990942 D.O.D. 12/18/2007 - Mr. Denzil Pettit SVP # 990647 D.O.D 12/6/2018- Mr. Carlos Pumarejo SVP # 990415 D.O.D. 9/17/2019 - Mr. Wilber Reese SVP # 990279 D.O.D. 9/17/2011 -Mr. David Richardson SVP # 990452 D.O.D.2/15/2009- Mr. Anthony Roberts SVP # 990430 D.O.D. 11/6/2006- Mr. Jose R. Santiago SVP #990690 D.O.D. 12/10/2015 - Mr. Thomas J. Sirmons SVP # 990438 D.O.D. 11/24/2015- Mr. Jonathan Smith SVP # 990833 D.O.D. 3/24/2017 - Mr. David Stratton SVP # 990381 D.O.D. 10/2005 - Mr. Duane Sutton SVP #990414 D.O.D. 6/25/2009 - Mr. Joseph Taylor SVP 990355 D.O.D. 5/9/2007- Mr. Edward Tindall SVP # 991319 D.O.D. 8/27/2012- Mr. Thomas Weaver SVP 990786 D.O.D. 5/10/2012 - Mr. David White SVP # 991088 D.O.D. 9/5/2012 - Mr. Earnest Wiles SVP # 990410 D.O.D. 4/24/2002- Mr. Phillip (pop) Williams SVP # 990155 D.O.D. 1/11/2001- Mr. Robert Williamson SVP # 990868 D.O.D. 10/23/2008 - Mr. David Youmans SVP # 991109 7/29/2010- Mr. Neil*

*Nelson SVP # 990726 D.O.D. 12/12/2019- Mr. Robert Parnel SVP # 991124 D.O.D. 2/2/2020- Mr. Joe Jackson SVP # 990131 D.O.D. 4/6/2020 - Mr. Michael Rhome SVP # 991198 D.O.D. 04/16/2020 - Mr. George Traufler SVP # 991211 D.O.D. 10/2/2020 - Mr. Richard Goldburg SVP # 991312 D.O.D. 12/19/2020- Mr. Ernest M. Grubb SVP # 990815 D.O.D. - Mr. James Pesci SVP # 990495 D.O.D. 12/04/2020 - Mr. Phillip Daniel SVP # 2655552 D.O.D. 11/30/2020 - Mr. Freddie L. Odoms SVP # 991177 D.O.D. 12/1/2020 - Mr. Daryl L. Lavender SVP # 12/7/2020 - Mr. Andre Cherima SVP # 2531615 D.O.D. 4/21/2021- Mr. Timothy Hauska SVP # 990896 D.O.D.6/2/2022 - Mr. Jerome Wagner SVP # 990330 D.O.D. 9/13/2022- Mr. James Albritton SVP # 991125 D.O.D. 12/30/2022 - Mr. James Steen SVP # 990773 D.O.D. 2/20/2023- Mr. Claude Mitchell SVP # 990193 D.O.D..7/20/2023- Mr. Steve Hembree SVP # 3978931 D.O.D. 9/23/2023- Mr. Willie Vickery SVP # 990692 2/11/2024 - Mr. Thomas E. Brown SVP # 991212 D.O.D. 4/3/2024-* ***Trven Williams D.O.D. 08/13/2024Elijah Childs D.O.D. 07/15/2025, Atrayo Phoenix D.O.D 08/13/2024***

BASIS FOR RELIEF

1. Pursuant to Texas Civ. Practice and Remedies Code Section 33.004 (Tex. Civ. Proc. & Rem Code §33.004. Tex. Civil Practice and Remedies Code Sec. 9.003 Texas Rules of Civil Procedures (Texas Statutes 2025 Edition) Texas Statutes > (2025 Edition) (Sec. 1.001 to Sec. 173.004) Trial Judgment, and Appeal (Sec. 5.001 to Sec. 52.007)-General Provisions (Sec.5.001 to Sec. 14A.062) (Sec. 9.001 to Sec. 9.004)... Texas Rules of Civil Procedures..." and that : "though sections are available under rule 13 and section 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. Tex. R. Civ. P. 13 (stating that courts shall presume Pleadings, Motions, and other papers are filed in good faith...)"

2. Under Bankruptcy Rule 2002(a)(3), the Debtors ordinarily give parties in interest 21 days' notice of a hearing to consider approval of a compromise or settlement of a controversy, Fed. Bankr. P. 2002 (a)(3), Also pursuant to Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), objecting parties to a motion seeking an order permitting 21 days from the day the motion was served on them to file their response to that motion..."

3. However, Bankruptcy Rule 9006 ( c ) (1) expressly authorizes the Court to reduce time periods set by the bankruptcy Rules in its discretion " for cause shown " Id. 9006( c )(1). Further under section 105(a) of the Bankruptcy Code, the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code] ". 11 U.S.C. § 105(a)."

4. Here, good cause exists to shorten the objection period that would normally apply pursuant to the extension time granted pursuant to the Liquidating Trust Motion filed requesting and receiving such extension of time to: "Object to Claims..." Whereas the 9019 Motion, which would seek court approval of an *'Alternative Dispute Resolution Settlement Agreement' (the "Settlement Agreement" )* by and between the *Liquidating Trust and the Movants and H.I.G. Capital LLC,* is related to, and intertwined with, issues that will be heard on November 25th 2025 and therefore

asserts that it is in the best interests of all parties that all related and intertwined matters be presented to the Court at the Hearing and all objections to filed assertions of Consolidated Application to the Class of Claims so filed and the resolution of all Claims as a Class to obtain the stated releases and Resolution through Remedy as so stipulated by the common consent of the Majority of known filed Movants if any unknown or known defenses to Claims or Consolidated Claims Alternative Dispute Resolution Settlement Agreement Resolution be so asserted at such time…"

5. " That there is a State Action Counterclaim Claim Stated pursuant to 'Sovereignty of Rights' in a Healthcare Liability Suit and has been remanded to the State Court…." In abstaining action of the Bankruptcy Court…"

6. " The Bankruptcy Courts prior decisions in this case provide a detailed history of events leading to the current procedural juncture, for the sake of brevity, the movant incorporates the facts of these decisions by reference and recites an abridged version here…"

7. " And the Movants Responsive Pleading in the Bankruptcy Chapter 11 Cases Does present with what appears to be *" a material question of law… that either conflicts with a prior decision of the court or another Court of Appeals. Tex. Gov't Code § 22.225 © In Re H.V. 252 S.W. 3d 319, 324 (Tex. 2008)* .."

8. Whereas: " By this Motion, the Movant(s) seek an entry of an order, substantially in the form of an "Interlocutory Judgment" (the "Judgment") pursuant to sections 105(a) and 365(b) of Title 11 of the United States Code, 11 U.S.C.§§ 101-1532 (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"), approving that certain settlement as described herein (the "Settlement") with the Well path Liquidating Trust, et al., H.I.G. Capital LLC ("H.I.G.")s and All known or unknown Claimants of this Counterclaimed Action…"

9. Whereas: " The *Bankruptcy Court* has jurisdiction over *Interlocutory Judgments* when the Court finds a material question of law… that either conflicts with a prior decision of the Court or another Court of Appeals…" *Pursuant to: Tex. Gov't Code § 22.225 © In Re H.V. 252 S.W. 3d 319, 324 (Tex. 2008)…"*

10. *Being that: "There Clearly exist…" " Decisions Conflict " "…as have been presented in these filings and that these matters are being allowed to proceed in the States Circuit Court and the State of Florida is so being afforded its right to Remedy…" The Movant seeks as established and that it be so allowed to proceed with pursuant to an issued ' Interlocutory Judgment '…pursuant to General Order 2012-6 (entitled General Order of Reference…) "… that when there is inconsistency in the respective decisions that should be clarified to remove unnecessary uncertainty in the law and unfairness to litigants…" Tex. Gov't § 22.225 (e)…"*

11. And that: *In re Takata Airbag Product Liability Litigation, MDL No. 15-02599, Economic Loss No. 14-24009 (S.D. Fla.)*... while this case turned on the interpretation of the bankruptcy court of the bankruptcy sale order..." Id. re Petrie Retail Inc., 304 F.3d 223,229-30(2d Cir. 2002) ("[T]he dispute in this case was based on rights established in the sales order....The bankruptcy court had jurisdiction to interpret and enforce the Sale Order.") and that the Bankruptcy Court has additional limiting factors In re Park Ave. Radiologists P.C 450 B.R. 461, 467 (Bankr. S.D.N.Y. 2011)..."

12. Whereas: " After Plan confirmation, it is generally understood that "the bankruptcy court's jurisdiction shrinks," In re Gen. Media, Inc., 335 B.R 66, 73 (Bankr. S.D.N.Y. 2005) to establish post-confirmation jurisdiction in bankruptcy court , a party "invoking the bankruptcy court's post-confirmation jurisdiction must satisfy two requirements ."Id First, the matter requires a "close. Nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan..."Id. Second, the chapter 11 plan "must provide for the retention of jurisdiction over the dispute." Id at 73-74. Each of these requirements are satisfied in this matter, the dispute involves the interpretation and enforcement of the Sale Order, and the confirmed chapter 11 plan includes a retention of jurisdiction clause..."

13. And That : " There has been multiple occasions since the Plans was confirmed when this Court has been asked to interpret and enforce the Sale Order and Plan, Goodall v. Chrysler Inc., (in re Old Carco LLC) 2018 WL 3854047(Bankr. S.D.N.Y. Aug. 10, 2018); Burton v. Chrysler Group LLC (in re Old Carco LLC) 492 B.R. 392 (Bankr. S.D.N.Y. 2013); Dearden v. FCA US LLC (In re old Carco LLC) 582 B.R. 838 (Bankr. S.D.N.Y. 2018)...being that the Plan calls for the N.Y. Laws Choice of Law inclusive Standards in Plan interpretation., but it is equally important that non-bankruptcy courts have concurrent jurisdiction to consider issues arising from sale orders. In re Old Carco, 603 B.R. 877, 883-84(S.D.N.Y. 2019) ("[I]t is true that the Alabama court has concurrent jurisdiction to consider issues presented by the Sale Order and the MTA") The retention of jurisdiction clause does not purport to provide exclusive jurisdiction to the Bankruptcy Court to interpret and enforce the Sale Order... In re Old Carco 603 B.R. 877, 883-84 (S.D.N.Y. 2019)..."

14. And that: " The Courts Gatekeeping Role here has established that the Claims as stated are to be deferred to the Claims Process and that upon further proceedings should the parties not resolve such disputes the matter would then be set for a hearing before the Court for its determination and resolution, thereby the Exclusive Remedy clause has been initiated pursuant to the Court's Interpretation of the Sale Order and thereby these matters are presented as such that it is so established that it is in the best interest of all parties involved and the Debtors Estate to resolve these Claims in this manner being that there exist a substantial "Public Interests" clause that supersedes any Individual, or Corporate stated interests..."

15. Further that: " These claims are not barred by the Sale Order and as such these resolution measures offers a "re-investment clause" of 12% or more pursuant to Services "offered and rendered" under Contract with the potential Ten Year Yield of the $2.2 Billion Revenue is substantially inclusive to the Exclusive Remedy of the Federal and State Claims resolution pursuant to an negotiated Alternative Dispute Resolution Settlement Agreement. This incorporates the "Public Interests" Clause and satisfies the Gatekeeping Role of the Bankruptcy Court to allow these Claims to proceed as is with the Liquidating Trust paying the One-Time Payment of the $372,000,000.00 to the Contracted terms of all parties being agreed pursuant to the common consent of the majority. Examples of the equal distribution to all parties living and dead has been attached, to include stipends of lifestyle adjustments and expenses..."

16. In that : " The Permissive Abstention Factor that allows for the Bankruptcy court to issue the Interlocutory Judgment as to the "State Counterclaim Tort Action" is pursuant to Factors two and Three, the extent to which non-bankruptcy law issues predominate over bankruptcy issues and the difficulty of the applicable non-bankruptcy law, have been met. At this point well-established law recognizes that independent claims against a section 363 purchase based on the purchaser's post-sale conduct are not barred by a free and clear provision in the sale order. In re Motors Liquidation Co. 457 B.R. at 288-89..." Whereas Factor six the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, favors abstention here. There is a related proceeding pending in the State Court, a non-bankruptcy court. Factor eleven the existence of the right to a jury trial, weighs in favor of abstaining...The right to a jury trial still exist in the State Claims..." Badilla v. Midwest Air Traffic Control Services, Inc., 8 F. 4th 105, 135(2d Cir. 2021) ("[I]ssues of proximate cause are generally fact matters to be resolved by a jury" (citation omitted)..." (the Sale Order did not contain an exclusive jurisdiction provision)..."

17. That: " the State's application of the Statute is, was or may have been inconsistent with the abstract principles of the 'strict compliance' clause of the procedural 'due process' protections and safeguards the law is so founded upon..."

18. And that: "There are also procedural rules which apply at the very moment the State begins to fill out the forms to file the case..."

19." That there's an '*Affirmative Defense and Right to Relief of Forfeiture* due to the failure to make a timely assertion of a Right, or State a cause of action, and whether or not that appropriate waiver of such has occurred, being that an 'intentional relinquishment or abandonment of a known right to claim ' must have occurred and that there exist certain rights in certain situations that may not be relinquished under the due process protection acts of the Constitution..." and that: "In Florida, a void judgment is one entered without subject matter jurisdiction: which is a void if in the proceeding leading up to it, there is a violation of due process guarantee of notice and an opportunity to be heard..." Tannerbaum v. Shea 133 So. 3d 1056, 1061 (4th DCA 2014)..."

20. And that: " Pursuant to *Phillips v. State App. 4 Dist., 178 So.3d 468 (2015) Mental Health K 454 ...:* The Movants *: " Confinement must be lawful in order for the State to commence commitment proceedings under Sexually Violent Predators Act... "* and that the Law speaks for itself and is settled stating "The long-term control, care, and treatment of persons committed under this part must conform to constitutional requirements..."

21. In that: " Pursuant to Rule 4.050 Florida Statute, Commencement of a Cause of Action brought under the rules for Involuntary Commitment of Sexually Violent Predators would only be deemed commenced when the state attorney files a petition on behalf of the State setting forth...."

22. Whereas The Court has determined that: *" Holders of Claims or Interests that affirmatively elected to opt-out of the Plan's Third-Party Release may bring or continue to pursue claims against all Non-Debtor Defendants, including employees of the Debtors and/or Post-Restructuring Debtors. Such holders of Claims and Interests remain enjoined from enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors with respect to any indemnification obligations for such employees; provided, that nothing shall prevent the Post-Restructuring Debtors from electing to honor such indemnification rights pursuant to the provisions of the Plan... "*

23. And That : " The Action and Notice was commenced and stated in Responsive Pleading against the Professional Corporations, the Professional Corporations 'current and former employees, and the Debtors' customers and clients and cleared to proceed with their Claims in the Circuit Court because these parties were not released under the Plan and that the Movants did opt-out of such Plan with a stated Objection as a Class of Members of Associates Claims and should therefore be so recognized as such in the resolution process...in that it is stated that the automatic stay no longer existed or remained in effect as to the Non-Debtor defendants..."

24. *And that: Further in accordance to the Interlocutory Judgment of the Bankruptcy Court:* " No disposition on or determination of any question of fact or law in the course of the disposition of, any claim against a non-Debtor or in any proceeding nominally against one or more Debtors but limited solely to such Debtor(s)' insurance coverage (collectively, a "Non-Bankruptcy Proceeding"), shall dispose of, constitute res judicata in respect of, estop the creditor, or in this case the Movant from asserting any basis of allowance, or estop the Liquidating Trust from asserting any basis of disallowance of, or in itself form all or part of the basis for excusable neglect for the failure to file, any Claim arising from the same or related alleged acts or omissions..."

25. " SEE Article III. CLASSIFICATION AND TREATM,ENT OF CLAIMS AND INTERESTS (A) , ( G), CONTROVERSY CONCERNING IMPAIRMENT, and (H) SUBORDINATED CLAIMS ..."

26." SEE ARTICLE IV. MEANS FOR IMPLEMENTATION OF THE PLAN:: A.: " GENERAL SETTLEMENT OF CLAIMS AND INTERESTS" B: RESTRUCTURING TRANSACTIONS AND T DIRECTORS AND OFFCIERS INSURANCE SET-OFF AND RECOUPMENT SETTLEMENT PURSUANT TO ARTICLE IV SECTION (T) OF THE PLAN.

27. " . CERTIFICATE OF TRUST OF THE WELLPATH LIQUIDATING TRUST.."

28. And that: Pursuant to The *Further Modified First Amended Joint Chapter 11 Plan of Reorganization of Well path Holdings Inc. and Certain of its Debtor affiliates [Docket No. 2586] Dated April 30, 2025 (that may be further supplemented or otherwise modified in accordance with the terms thereof, the ("Plan"):*

29. <u>" CLAIMS RELATED TO INSURANCE POLICIES...":</u>
: *"All causes of Action against the Entities identified based in which or in part upon any and all insurance policies (collectively with any agreements, documents, or instruments relating thereto, (the "insurance Policies ") issued to or for the benefit of any of the Debtors (or any of their predecessors), to which any Debtor or Post-Restructuring Debtor is a party, or pursuant to which any Debtor or Post-Restructuring Debtor (or any of their predecessors) or its respective Estate has any rights whatsoever, regardless of whether such Insurance Policies is specifically identified in the Plan (including in this Schedule or other items in the Plan Supplement), including Causes of action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers , or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matter against the Entities identified on Annex A thereto (and any other listing in the record of filings) Without limiting the generality of the foregoing, the Debtors and the Post-Restructuring Debtors expressly retain and reserve all Causes of Action against the entities identified. Notwithstanding the foregoing, the retained Causes of Action shall hereby include these Claims based upon in whole or in part upon any and all Insurance Policies issued to or for benefit of any of the debtors for any of their predecessors), to which any Debtor or Post-Restructuring Debtor is a party, or pursuant to which any Debtor or Post-Restructuring Debtor (or any of their predecessors) or its respective Estates has any rights whatsoever, regardless of whether such Insurance Polices is specifically identified in the Plan (including other items in the Plan) that provided coverage on account of the Non-Continuing D&Os... " Along with the Directors and Officers of the Post-Restructuring Debtors... "*

*30.* <u>Vesting of Assets in the Post-Restructuring Debtors and Preservation of Causes of Actions:</u>

*31.* <u>Restructuring Transaction Memorandum</u>
Reorganized Well path did implement or caused to be implemented these listed transactions prior to, on, or after the Confirmation Date of the Chapter 11 Bankruptcy by the Further Modified First Amended Joint Chapter 11 Plan of Reorganization of Well path Holdings Inc. and Certain of its Debtor affiliates [Docket No. 2586] Dated April 30, 2025 (that may be further supplemented or otherwise modified in accordance with the terms thereof, the ("Plan") :

32.On or Prior to the Effective Date:

33. Step 1 "One or more nominee(s) of the creditors of Well path Holdings Inc. ("Well path Holdings") forms [Reorganized Well path Parent LLC] a limited liability company (" "Reorganized Parent" ) and contributed nominal consideration to Reorganized Parent. Reorganized Parent elected to be treated as a corporation for U.S. federal income tax purposes Effective as of the date of its formation..."

34. And further that: " Step 2 Reorganized Parent formed [Newco International, LLC] a wholly –owned limited liability company ("Newco Intermediate") Newco Intermediate elected to be treated as a corporation for U.S. federal income tax purposes effective as of the date of its formation..."

35. Furthered that:: " Step 3 3Newco Intermediate formed [Newco Holdings, LLC a wholly owned limited liability company ("Newco Holdings") Newco Holdings elects to be treated as a corporation for U.S. federal income tax purposes effective as of the date of its formation..."

36. Strep 4 Reorganized Parent then entered into the Liquidating Trust Agreement and formed the Liquidating Trust. The members of the Trust Advisory Committee was then appointed by the Committee and Ad Hoc Group, appointing the Trustee in accordance to the Terms of the Liquidating Trust Agreement..."

37. Step 5 Reorganized Parent then issued and contributed to Newco Intermediate (i) New Class A Common Units, (ii) New Class B Common Units, (iii) Preferred Units and (iv) the Takeback Facility (together, the "Reorganized Parent Interests"))..."

38. Step 6 Newco Intermediate contributed all of its Reorganized Interests to the Newco Holdings..."

39. And that Step 7 resulted simultaneously Newco Holdings exchanged

(i) With Wellpath Holdings for all of its assets, including the stock of Wellpath CFMG, Inc., and certain liabilities (A) 3% of the Contributed Class A Units (subject to dilution by transfers described in Step 7(c ), (B) all of the Contributed Class B Units, and ( C) a portion of the Takeback Facility; and:

(ii) With the Equity Financing Participants in exchange for the Equity Financing Amount, the New Preferred Equity and 97% of the New Class A Common Equity (again subject to dilution by transfers described in Step 7 (c )).."

(iii) " b. Newco Holdings then transferred (i) a portion of the Takeback Facility to certain Equity Financing Participants, and (ii) all of the Liquidating Trusts Takeback Debt and the right to receive the Liquidating Trust Subsequent Funding to Wellpath Holdings..."

(iv) " c. Newco Holdings then transferred a portion of the Contributed Class A Common Units to (i) the Backstop Parties in full satisfaction of the Backstop Premium and (ii) the Commitment Parties in full satisfaction of the Commitment Premium..."

40. Step 8 The Following transactions then occurred simultaneously

a. Wellpath Holdings exchanged 3% of the Contributed class A Common Units and a portion of the Takeback Facility with the Consenting First Lien Lenders in exchange for all of their First Lien Claims…"
b. Wellpath Holdings then transferred all of the New Class B Common Equity to the Liquidating Trust, and, in exchange for the new Class B Common Equity (as well as the as the other consideration provided to the Liquidating Trust in accordance with the Plan), the Liquidating Trust assumes the liabilities associated with all of the Second Lien Deficiency Claims and General Unsecured Claims (as such Claims are treated and modified under the Plan) from Wellpath Holdings…"
c. The Debtors then transferred to the Liquidating Trust (i) the Liquidating Trust Causes of action , (ii) the Liquidating Trusts initial Funding, (iii) all of the Liquidating Trust Takeback Debt, and (iv) the right to receive the Liquidating Trust Subsequent Funding…"

41. Step 9. *Each of the Equity Financing Participants, the Consenting First Lien Lenders and the Liquidating Trust shall enter into the [Amended & Restated LLCA of Reorganized Parent], subsequentially in the form approved by the relevant consent parties to which the Equity Financing Participants and Consenting First Lien Lenders hold, as applicable, the new Class A Common Equity and new Preferred Equity, and the Liquidating Trust holds the New Class B Common Equity…"*

42. Step 10. *Reorganized Parent, the lenders party thereto and the agent entered into the Takeback Facility Credit Agreement…"*

43.Step 11. *Wellpath Holdings then Liquidated.*

<u>*Determining On or After the Effective Date :*</u>

44. Step 12. That: " *Each of the CCS-CMGC Intermediate Holdings, Inc., CCS-CMGC Intermediate Holdings 2, Inc. and CCS-CMGC Parent Holdings LP liquidated…."*

45. Step 13.*That: " If the H.I.G. Settlement Motion is granted by Final Order, the Reorganized Debtors shall (i) transfer to the Liquidating Trust the full amount of the H.I.G. Initial Payment to the Liquidating Trust, and (ii) notify H.I.G. to direct its counsel transmit the H.I.G. Final Payment. If the H.I.G. Settlement Motion is denied by Final Order, the Reorganized Debtors shall transfer the H.I.G. Causes of Action to the Liquidating Trust…"*

<u>On the First Business Day. On or after the first anniversary of the Effective Date:</u>

46. Step 14. That : " *The Post-Restructuring Debtors shall transfer $2,000,000 of the Liquidating Trust Subsequent Funding to the Liquidating Trust.. ".*

<u>On the First Business Day on or after the second anniversary of the Effective Date:</u>

47. Step 15. And that: " *The Post-Restructuring Debtors shall transfer $2,000,000 of the Liquidating Trust Subsequent Funding to the Liquidating Trust…"*

<u>On the First Business Day on or after the third anniversary of the Effective Date:</u>

48. Step 16. Then: " *The Post-Restructuring Debtors sought to transfer the remaining $1,000,000 of the Liquidating Trust Subsequent Funding to the Liquidating Trust…"*

*48. Pursuant to these assertions for the matter of resolution of Claims these amounts of transactions should be altered and so adjusted according to the negotiate terms of the Debtors renegotiation with their partnerships to achieve the desired Alternative Dispute Resolution Settlement Agreement.*

Here the Movant(s) has given Notice (Notice to Agent is Notice to Principle and Notice to Principle is Notice to Agent) And that Notice has been given to the Wilmington Trust National Association

*Wellpath Liquidating Trust:*

*Delaware Trustee Business Address*

*Wilmington Trust, National Association,*

*Rodney Square North*

*1100 North Market Street*

*Wilmington, Delaware 19890-1605*

*Attention Corporate Trust Administration*

In accordance to Section 3811 of the Act. In regards to this action in accordance to and compliance with the *Trust Distribution Procedures*

CONCLUSION OF LAW

1. Whereas: " It is settled law that a confirmation order has the same res judicata effect as a district court's judgment on the merits. Stoll v. Gottleib, 305 U.S. 165, 171 (1938) (Confirmation order barred subsequent state court case challenging jurisdiction) However, pre-petition counterclaim may not be barred by such sale confirmation order due to the debtors were third party to an initiated lawsuit against the Plaintiff(s) in which the Plaintiff(s) had right to counterclaim for breach of performance and other breaches of liability clauses and thereby may not be precluded by issue preclusion tactics by the debtors et al or the other of interest in the matter. The Debtors and The Bankruptcy Court protection of the claims are the guiding predicate that allowance of said claims are represented in the best interest resolution through settlement (pursuant to Exclusive Remedy Doctrine ) of said claims…"

2. *And that pursuant to Section 365(n) (4)(B).* : Informal Action: " When reviewing informal action under APA, a court must hold unlawful and set aside agency action, findings and conclusions found to be…arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law… Fort Sumter Tours, Inc. v. Babbit, 66 F.3d 1324, 1335 (4th Cir. 1995) (Murnaghan, J).

3. *And that:* Pursuant to Florida Law Statute §394.459 (3), (a): "QUALITY OF TREATMENT" : (a) " Each patient in a facility shall receive treatment suited to his needs, which shall be administered skillfully, safely, and humanely with full respect for his dignity and personal integrity. Each patient shall receive such medical, vocational, social educational, and rehabilitative services as his condition requires to bring about an early return to his community. In order to achieve this goal the department is directed to coordinate the programs of the division with all other divisions of the department…" and that: "(b) If a patient is able to secure the services of a private physician, he shall be allowed to see his physician at any reasonable time. The department shall establish regulations designed to facilitate examination and treatment by private physicians on a consulting basis…"

4. *And that* : " The Legislative Intent of Law and the Protection of the Law does so apply Whereas pursuant to the Legislative Intent that the Respondents who are subjected to Civil Commitment pursuant to this part be so applicable to and suited with HABEAS CORPUS DUE PROCESS PROTECTIONS and that pursuant to *Habeas Corpus statutes (8) (a) (9) (10):* " (9): Violations: The department shall report to the agency for Health Care Administration any violation of the rights or privileges of patients, or on any procedures provided under this part, by any facility or professional licensed or regulated by the agency. The agency is authorized to impose any sanction authorized for violation of this part, based solely on the investigation and findings of the department…"

5. *And*: *Habeas Corpus statutes* " (10): Liability for violations…." That " Any person who *violates or abuses any rights or privileges of patients* provided by this part *is liable for damages as determined by law*. .."

6. Whereas it is found that : " Any person who acts in good faith in compliance with the provisions of this part *is immune for civil or criminal liability* for his or her actions in connection with the admission, diagnosis, treatment, or discharge of a patient to or from a facility. (upon *Alternative Dispute Resolution Settlement Agreement* between the parties the Bankruptcy Court, pursuant to the Judge' s Order is so moved to find that such *Alternative Dispute Resolution Settlement Agreement* has rendered that the Debtors et al has in fact acted in good faith in compliance with the provisions of this part and *is therefore going forward immune for civil or criminal liability* for his or her actions in connection with the admission, diagnosis, treatment, or discharge of a patient to or from the facility of the Florida Civil Commitment Center located at 13619 S.E. Hwy 70 Arcadia Florida 34266. *However, this section does not relieve any person from liability if such person commits negligence*…Without such *Alternative Dispute Resolution Settlement Agreement* between the parties "

7. "(9) HABEAS CORPUS (a): At any time, and without notice, a person detained by a facility, or a relative, friend, guardian, representative, or attorney on behalf of such person, may

petition for a writ of habeas corpus to question the cause and legality of such detention and request that the county judge's court issue a writ for release. Each patient admitted to a facility for involuntary hospitalization shall receive a written notice of the right to petition for writ of habeas corpus…"

*8.* In that : The Movants are Seeking Legislatively Specified Remedies that are constructed pursuant to "common sense and fundamental fairness" that is not based upon an unlawful perspective of 'atrocity of ingenuity'…

*9.* And that they are entitled to : " the right to every citizen to have a 'Se' in their course of legal procedure which has been established in our judiciary system for the protection and enforcement of private rights.." Such is secured and protected further by Florida's Declaration of Rights, Art. 1 § 21 Fla. Const…"

*10.* They are Claimants : " who are or have attacked through competent challenge their continued civil detention by way of Counterclaiming stated that "improper limitations and procedural applications of a statute or Rule…" Medberry v. Crosby 351 F.3d 1049, 1063 (11th Cir. 2003) Brantley v. State Supra… etc.

*11.* That the Defendants did unjustly subject the Claimants to Punishment and Imposed unnecessary and unconstitutional restraints , in violation of the Fourteenth Amendment per se, (but not limited to )…"

*12.* " While the *Respondent(s) and Plaintiff (s)*here would certainly have a lawfully entitled right to demand the Debtors Presence in the State Court Action in each and every jurisdictional Civil Court Action : " *Pursuant to Paris v. De Kingston 314 so. 3d 656 (Fla. App. 2021) Bellairs v. Mohrmann, 716 So. 2d 320 322 (Fla. 2d DCA 1998)."*

*13.* *"(1) (a) A person, whether or not a Citizen or resident of this State, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself to the jurisdiction of the Courts of this State for any Cause of Action arising from any of the following acts:(2) "Committing a tortious act within this State;…"*

14. *" However, this is not the direction the Movants as a whole has opted to pursue in agreement to the Alternative Dispute Resolution Settlement Agreement Terms… the requirement and request through subpoena, or depositional requisites are hereby waived pursuant to these resolution terms upon the enactment of the Alternative Dispute Resolution Settlement Agreement Terms…"*

15. *And That:* : " Here the Movant's State Claims are stated and preserved and a 'Choice-of-Law' Doctrine in reference to State Statutes and Rules of Court: Rule 1.420(2) as to Dismissals of Actions by Order of Court; if Counterclaim: "Except as provided in subsection (a)(1) of this rule, an action shall not be dismissed at a party's instance except on order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been served by a party prior to the service upon the defendant of the Plaintiff's notice of dismissal, the action shall not be dismissed against the party's objections unless the counterclaim can remain pending for independent adjudication by the court, and that any dismissal pursuant to this part is without prejudice..."

## **Further Relief Requested**

1. *Wherefore, The Claimant hereby Respectfully Request this Honorable Court to issue such Interlocutory Judgments as is reflected in the record of Rulings by this Court that allows the Movant(s) to Proceed with their Claims (if any) as a Committee (The Alternative Dispute Resolution Committee) in the Claims Process and that the Movant may proceed with their Claims (as such) in the appropriate State Court pertaining to any Non-Debtors Defendants and the Acquire Recovery Solution Debtors et al.*

2. *That the Movants may respond pursuant to the Amended Judgment as a Committee in their Responsive Pleadings and Motions before the Court and to the Principles and Agents of the Claims Process.*

3. *That the Movant(s) are allowed to 'meet and confer' with the Liquidating Trust and the Acquired Recovery Solution Debtors to work diligently towards a Settlement Resolution that is a Workable Remedy ( Pursuant to the Exclusive Remedy Doctrine )in conjunction with any and all named Non-Debtors Defendants et al in that this shall expeditiously and fairly resolve any and all disputes between the parties of record.*

4. Whereas Pursuant to:
**ARTICLE VIII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS**
" (C.) Disputed Claims Process.":
"Whereas Pursuant to the Debtors Filings "C. Disputed Claims Process "If the debtors, Post-Restructuring Debtors, or the Liquidating Trustee (to the extent set forth in the Liquidating Trust Agreement with respect to General Unsecured Claims) dispute any Proof of Claim that is Filed on account of an Unimpaired Claim, such dispute shall be determined, resolved, or

adjudication by the court, and that any dismissal pursuant to this part is without prejudice…"

**<u>Further Relief Requested</u>**

1. *Wherefore, The Claimant hereby Respectfully Request this Honorable Court to issue such Interlocutory Judgments as is reflected in the record of Rulings by this Court that allows the Movant(s) to Proceed with their Claims (if any) as a Committee (The Alternative Dispute Resolution Committee) in the Claims Process and that the Movant may proceed with their Claims (as such) in the appropriate State Court pertaining to any Non-Debtors Defendants and the Acquire Recovery Solution Debtors et al.*

2. *That the Movants may respond pursuant to the Amended Judgment as a Committee in their Responsive Pleadings and Motions before the Court and to the Principles and Agents of the Claims Process.*

3. *That the Movant(s) are allowed to 'meet and confer' with the Liquidating Trust and the Acquired Recovery Solution Debtors to work diligently towards a Settlement Resolution that is a Workable Remedy ( Pursuant to the Exclusive Remedy Doctrine )in conjunction with any and all named Non-Debtors Defendants et al in that this shall expeditiously and fairly resolve any and all disputes between the parties of record.*

4. Whereas Pursuant to:
   **ARTICLE VIII. PROCEDURES FOR RESOLVING CONTINGENT, UNLIQUIDATED, AND DISPUTED CLAIMS**
   " (C.) Disputed Claims Process.":
   "Whereas Pursuant to the Debtors Filings "C. Disputed Claims Process "If the debtors, Post-Restructuring Debtors, or the Liquidating Trustee (to the extent set forth in the Liquidating Trust Agreement with respect to General Unsecured Claims) dispute any Proof of Claim that is Filed on account of an Unimpaired Claim, such dispute shall be determined, resolved, or adjudicated, as the case may be, in the manner as if the Chapter 11 Cases had not been commenced and shall survive the Effective Date as if the Chapter 11 Cases had not been commenced; provided that the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee (to the extent set forth in the Liquidating Trust Agreement with respect to the General Unimpaired Claims), as applicable, or the Holder of such Claims may elect to have the validity or amount of any Claim adjudicated by the Bankruptcy Court instead. If a Holder makes such an election, the Bankruptcy Court shall apply the law that would have governed the dispute if the Chapter 11 Cases had not been filed."

**Pursuant to: "Article VII. RETENTION OF JURISDICTION AND THE GATE KEEPER PROVISIONS"**

5. Pursuant to Fla. R. Civ. P. 1.170(g): " A Pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim in that action or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

*Whereas :* " If it appears to a Court of *Competent Jurisdiction* that a man is being illegally restrained of his liberty, it is the responsibility of the Court to brush aside formal technicalities and issue such appropriate orders as will do justice " Anglin v. Mayo 99 So. 2d 918, 919(Fla.1956)..."

The Respondent do hereby pray for the above mentioned reliefs along with any further reliefs this Court deem just and proper.

Respectfully Submitted,

Julius L. Hewitt

Respondent
Florida Civil Commitment Center
13619 S.E. HWY 70
Arcadia Florida 3426

OATH

I, Hewitt, Julius declare under penalty of perjury that the foregoing facts are true and correct Pursuant to Section 92.525, Florida Statutes, and Section 28 U.S.C. 1746 Federal Statutes (2016).

_______________
Date

Julius L. Hewitt
Respondent
Florida Civil Commitment Center
13619 S.E. HWY 70
Arcadia, Florida34266

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of : " CLAIMANTS RESPONSIVE PLEADINGS AND STATEMENT OF POSITON TO : (I)" THE WELLPATH LIQUIDATING TRUST'S OBJECTIONS TO CLAIMS, (II) CLAIMANTS STATEMENT OF POSITION AND RESPONSIVE PLEADINGS OF RECORD TO POST- RESTRUCTURING DEBTORS AND OTHER RELATED RELIEF REQUESTED IN FORM OF ORDER(S) AND INTERLOCUTORY JUDGMENT, OF ALLOWANCE OF CLAIMS, SURVIVAL CLAIMS , AND (III) RECOGNITION OF THE A STATUTORY COMMITTEE AS THE "ALTERNATIVE DISPUTE RESOLUTION COMMITTEE "TO RESPOND AS SUCH TO THE LIQUIDATING TRUST FILINGS FOR ORDERS CONCERNING ADMINISTRATIVE CLAIMS, INDIRECT CLAIMS AND TRUST CLAIMS OR CAUSE OF ACTIONS ALTERING STATUS OF NOTICE REQUIREMENTS " has been furnished to : United States Bankruptcy Court for the Southern District of Texas Houston Division 515 Rusk Street Houston Texas 77002 and Delaware Trustee Wilmington Trust National Association Rodney Square North 1100 North Market Street Wilmington Delaware 19890-1605 and Mathew J. Dundon Dundon Advisers LLC 110 Bank Street Ste 1100 White Plains New York 10606 and Marcus Alan Helt 2801 N. Harwood Street Ste 2600 Dallas Texas 75201

By U.S. Mail delivery this ____ Day of __________ 2025.

CC: Florida Civil Commitment Center
Office of State Attorney,
In and For Seminole County Florida
Florida Civil Commitment Center,
fax: 863-491-4950

Respondent
Florida Civil Commitment Center
13619 S.E. HWY 70
Arcadia Florida 34266

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

IN RE
WELLPATH HOLDINGS, INC., et al
Post-Restructuring Debtors.

(Former) Case No: 24-90533 (ARP)
CASE NO: 24-90566-(ARP)
Case No:
(Jointly Administered) (Revised)

In re Wellpath SF HoldCo, LLC Case No 24-90566-(ARP) * (Counterclaim and Demand for Jury Trial)
(Bankr. S.D. Tex.) (the "Remaining Case" (Open Case)
In Re: Plaintiff (s) et.al.

, Plaintiff (s) et.al.

RESPONDENT/ CLAIMANT/ PLAINTIFF
MEMBER OF THE ALTERNATIVE DISPUTE RESOLUTION COMMITTEE ( The "ADRC" COMMITTEE)

---

**OUTLINE OF THE ATTACHED EXHIBITS**

**EXHIBIT –"A": " THE CANUP SETTLEMENT ACTION PLAN UPON WHICH THE DEBTORS ET AL AGREED TO UPON SETTLEMENT AND BREACHED IN ACCORDANCE TO THEIR FIDICIARY DUTY OF CARE …" ITEMIZED OBJECTIVES THE DEBTORS ET AL AGREED TO CORRECT AND ADDRESS THROUGHOUT THE PLAN AND SETTLLEMENT AS SUCH THESE ERRORS REPRESENT A BREACH OF PERFORMANCE AND STATUTORY FIDUCIARY DUTIES OF CARE…"**

**EXHIBIT "B": DETAILS THE LACK OF SOVEREIGN IMMUNITY OF THE STATE AND THE DEBTORS ET AL. AGO 078-106 ON AUGUST 15, 1978 CITATION TITLE 1978 FLA. OP. ATTY. GEN. 261 7772 FLA. AGO. 078-106 OFFICE OF ATTORNEY GENERAL STATE OF FLORIDA …"**

**EXHIBIT "C" : MEMORANDUMS DEMONSTRATING THAT THE RECOVERY SOLUTION FACILITY IS CURRENTLY OPERATING**

**AS THE DEBTORS ET AL AND AS THE POST-RESTRUTURING DEBTORS IN ADDRESS AT THE BOTTOM OF THE MEMORANDUM AND ADDITIONAL LEGAL FILINGS AS SAME ENTITY…"**

**EXHIBIT "D": CONTRACT BETWEEN STATE OF FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES SIGNED BY SHEVAUN HARRIS SECRETARY OF DEPARTMENT OF CHILDREN AND FAMILIES AND JEREMY BARR PRESIDENT AND CEO OF WELLPATH RECOVERY SOLUTIONS, INC. HOWEVER THIS CONTRACT IS DATED: *2/11/2025 4:26pm CST AND : 2/12/2025 8:05 AM EST-WELL AFTER THE DEBTORS CLAIM THAT THE RECOVERY SOLUTION DEBTORS WERE NOT AN AFFILIATE OF THE FORMER DEBTORS YET THE ENTITIES ARE STILL ENTWINED AND INJURY AS SUCH REMAINS SUCH THAT SUCH CLAIMS ARE SO ALLOWED AND ARE NOT EXPUNGED PURSUANT TO THE SALES ORDER BEING THAT THE DEBTORS DID NOT SEPARATE THE ENTITIES IN ACCORDANE TO THE SALES ORDER AND CONTINUS TO REPRESENT EACH OTHER IN IDENTITY AND OPERATION…"***

The Respondent do hereby pray for the above mentioned reliefs along with any further reliefs this Court deem just and proper.

Respectfully Submitted,

__________________________

Respondent
Florida Civil Commitment Center
13619 S.E. HWY 70
Arcadia Florida 34266

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE

WELLPATH HOLDINGS, INC., et al

Post-Restructuring Debtors.

(Former) Case No: 24-90533 (ARP)

CASE NO: 24-90566-(ARP) .,

CASE No: * 1395280493

(Jointly Administered) (Revised)

*In re Wellpath SF HoldCo, LLC Case No 24-90566-(ARP)* * (Counterclaim and Demand for Jury Trial)

*(Bankr. S.D. Tex.) (the "Remaining Case" (Open Case)* ( County of SEMIOLE State of Florida)

Docket No. 2095-2268-2170-2626-2085-2102 AND 2108

RESPONDENT/ CLAIMANT/ PLAINTIFF Mr. Hewitt, Julius

# EXHIBIT A