**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Wellpath SF Holdco, LLC,[1] | ) | Case No. 24-90566 (ARP) |
| Post-Restructuring Debtor. | ) | |

**FIRST OMNIBUS OBJECTION OF THE WELLPATH LIQUIDATING TRUST TO CERTAIN ASSERTED GENERAL UNSECURED CLAIMS**

**This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

Matthew Dundon, solely in his capacity as the Trustee (the "Trustee") for the Wellpath Liquidating Trust (the "Trust"), by and through undersigned counsel, hereby files this first omnibus objection (the "Omnibus Objection") pursuant to Fed. R. Bankr. P. 3007[2] seeking entry of an order, substantially in the form of **Exhibit A**, attached hereto, (the "Proposed Order"): (i) disallowing the duplicative claims listed on **Exhibit B** (collectively, the "Duplicative Claims"); (ii) disallowing the amended and superseded claims listed on **Exhibit C** (the "Amended and Superseded Claims"); and (iii) disallowing the claim with insufficient or no documentation in

[1] Wellpath SF Holdco, LLC's mailing address is 3340 Perimeter Hill Drive, Nashville, Tennessee 37211.

[2] Bankruptcy Rule 3007(d) permits omnibus objections if, as relevant here:

> [T]he objections are based solely on grounds that the claims should be disallowed, in whole or in part, because they: (A) duplicate other claims; . . . (C) have been amended by later proofs of claims; . . . (F) were presented in a form that does not comply with applicable rules and the objection states that the objector is therefore unable to determine a claim's validity[.]

Fed. R. Bankr. P. 3007(d)(2)(A), (C), (F).

support listed on **Exhibit D** (the "Insufficient Documentation Claim," and collectively with the Amended and Superseded Claims and Duplicative Claims, the "Disputed Claims"). In support of this Omnibus Objection, the Trustee relies on the *Declaration of Matthew J. Dundon in Support of the First Omnibus Objection of the Wellpath Liquidating Trust to Certain Asserted General Unsecured Claims* attached hereto as **Exhibit E** (the "Dundon Declaration"). In further support of this Omnibus Objection, the Trustee respectfully states as follows:

## RELIEF REQUESTED

1. Through this Omnibus Objection and for the reasons described more fully below, the Trustee requests entry of the Proposed Order disallowing the Disputed Claims pursuant to sections 105(a) and 502(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), Local Rule 3007-1 of the *Bankruptcy Local Rules Effective March 3, 2026* (the "Bankruptcy Local Rules"), Section M of the *Procedures for Complex Cases in the Southern District of Texas (Effective September 18, 2024)* (the "Complex Case Procedures"), and the Plan, as defined below.

## JURISDICTION

2. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334 and Article XII of the Plan, as defined below.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On November 11, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. From and after the commencement of their respective chapter 11 cases, each Debtor operated its business and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 12, 2024, the Court entered the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent* appointing Epiq Corporate Restructuring, LLC ("Epiq") as the claims, noticing, and solicitation agent for the Debtors' chapter 11 cases.[3]

6. On December 18, 2024, the Court entered the *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* establishing, *inter alia*, April 7, 2025, as the deadline for any person or other entity to assert a prepetition claim against any of the Debtors (the "General Bar Date").[4]

7. On May 1, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Case No. 24-90533, Docket No. 2596] (the "Confirmation Order") confirming the *First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates (with Technical Modifications)* attached thereto as Exhibit A (the "Plan"). The Plan became effective on May 9, 2025 (the "Effective Date").

3 Case No. 24-90533, Docket No. 29.

4 Case No. 24-90533, Docket No. 491.

8. On the Effective Date, the Trust was created pursuant to the terms of the Plan and the terms of the *Wellpath Holdings, Inc. Liquidating Trust Agreement* (the "Trust Agreement"), and the Trustee was appointed to administer the Trust.[5]

9. As of the Effective Date, the Trust had the authority to "[f]ile, withdraw, or litigate to judgment any" Second Lien Deficiency Claims[6] and General Unsecured Claims[7] (the "Trust Claims"), "settle or compromise any such objections to Claims without further notice to or action, order, or approval of the Bankruptcy Court," and "administer and adjust the Claims Register to reflect such settlements or compromises without further notice to or action, order, or approval of the Bankruptcy Court."[8] Under the Plan, the deadline to file objections to Trust Claims was November 5, 2025 (as extended, the "Objection Deadline").[9]

10. On September 15, 2025, the Trust filed the *Wellpath Liquidating Trust's Motion for Entry of an Order Extending the Deadline to File and Serve Objections to Claims* [Case No.

---

5 *See* Plan, Article VII.A; *see also Notice of Filing Final Plan Supplement Documents for the Debtors' Joint Chapter 11 Plan of Reorganization* [Case No. 24-90533, Docket No. 2679, Exhibit I].

6 "Second Lien Deficiency Claims" are defined as "[c]laims on account of the Second Lien Loans or related to, arising out of, or arising under or in connection with, the Second Lien Documents, including approximately $110,000,000 in principal amount, plus accrued and unpaid interest and all other fees, costs, expenses, indemnification obligations, reimbursement obligations, charges, premiums, additional interest, any other Obligations (as defined in the Second Lien Credit Agreement), and all other obligations of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due, owing or chargeable under the Second Lien Documents." *See* Plan, Article I.A(191).

7 "General Unsecured Claims" are defined as "any Claim against any of the Debtors that is not: (a) paid in full prior to the Effective Date pursuant to an order of the Bankruptcy Court; (b) an Administrative Claim; (c) an Other Secured Claim; (d) an Other Priority Claim; (e) a First Lien Claim; (f) a DIP Claim; (g) a Second Lien Claim; (h) a First Lien Deficiency Claim; (i) a Second Lien Deficiency Claim; (j) an Intercompany Claim; or (k) a Section 510(b) Claim." *See* Plan, Article I.A(94).

8 *See* Plan, Article VIII.B.

9 The claims objection deadline was set for "(1) on or before the date that is one hundred and eighty days following the later of (a) the Effective Date and (b) the date that a Proof of Claim is Filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a Holder of a Claim or (2) such later date as ordered by the Bankruptcy Court." *See id*.

24-90566, Docket No. 592] (the "First Motion to Extend"), requesting an extension of the Objection Deadline to give it more time to review the approximately 32,000 claims in this case.

11. On December 29, 2025, the Court entered the *Amended Order Extending the Deadline to File Objections to Claims* [Case No. 24-90566, Docket No. 1142] (the "First Objection Extension Order"), extending the Objection Deadline to February 25, 2026.

12. On February 16, 2026, the Trust filed the *Wellpath Liquidating Trust's Second Motion for Entry of an Order Extending the Deadline to File and Serve Objections to Claims* [Case No. 24-90566, Docket No. 1362] (the "Second Motion to Extend"), requesting an extension of the Objection Deadline by 180 days.

13. On March 17, 2026, the Court entered the *Second Order Extending the Deadline to File Objections to Claims* [Case No. 24-90566, Docket No. 1478] (the "Second Objection Extension Order"), extending the Objection Deadline to August 24, 2026.

## BASIS FOR RELIEF REQUESTED

14. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."[10]

15. In turn, Section 502(b) provides that, if an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim and shall allow the claim, except, as relevant here, to the extent it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."[11]

[10] 11 U.S.C. § 502(a). "'Deemed allowed' means that the holder of the claim will be able to 'receive distribution from the debtor's assets in a case or under a plan.'" *In re 804 Cong., L.L.C.*, 529 B.R. 213, 218 (Bankr. W.D. Tex. 2015) (quoting *Collier on Bankruptcy* ¶ 501.01[b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

[11] 11 U.S.C. § 502(b), (b)(1).

16. If a proof of claim is properly filed and thus, presumed to be prima facie evidence of the claim's validity and amount as set forth in Bankruptcy Rule 3001(f),[12] the burden rests on the objecting party to present evidence to rebut the presumption.[13] To do so, the objecting party must produce evidence that, "if believed, would refute at least one of the allegations that is essential to the [claims'] legal sufficiency."[14] If the objecting party succeeds, the burden shifts to the claimant who must prove the validity of the claim.[15]

17. However, if a claimant files a proof of claim that is not entitled to the presumption of validity under Bankruptcy Rule 3001(f), the objecting party "has no evidentiary burden to overcome when lodging a claim objection pursuant to § 502(b)"[16] and the claimant bears the initial burden to produce evidence to support the amount and validity of the claim.[17]

**A. Duplicative Claims**

18. The Trustee, together with his professionals, reviewed the Debtors' books and records and the claims register and determined that each claim identified on Exhibit B, in the column labeled "Duplicative Claim to be Disallowed," is identical to another claim filed by the same claimant against the same or multiple Debtors in the same amount and on account of the same obligation.

---

12 Fed. R. Bankr. P. 3001(f) ("A proof of claim signed and filed in accordance with these rules is prima facie evidence of the claim's validity and amount."); *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998); *In re 804 Cong., L.L.C.*, 529 B.R. at 218; *In re Jack Kline Co., Inc.*, 440 B.R. 712, 737 (Bankr. S.D. Tex. 2010).

13 *California State Bd. of Equalization v. Off. Unsecured Creditors' Comm. (In re Fid. Holding Co., Ltd.)*, 837 F.2d 696, 698 (5th Cir. 1988); *In re O'Connor*, 153 F.3d at 260; *In re Jack Kline Co., Inc.*, 440 B.R. at 737; *In re DePugh*, 409 B.R. 84, 97 (Bankr. S.D. Tex. 2009); *In re 804 Cong., L.L.C.*, 529 B.R. at 219.

14 *In re 804 Cong., L.L.C.*, 529 B.R. at 219 (internal citations omitted).

15 *In re O'Connor*, 153 F.3d at 260.

16 *In re DePugh*, 409 B.R. at 97-98.

17 *In re 804 Cong., L.L.C.*, 529 B.R. at 219.

19. Absent disallowance of the Duplicative Claims, the applicable claimant will receive double recovery on account of a single claim for liability to the detriment of the Debtors' estate and other creditors. The Trustee notes that the identified claimants will not be prejudiced if the Duplicative Claims are disallowed, because the claimant will retain its "Surviving Claim" as identified on Exhibit B.[18]

20. Accordingly, the Trustee respectfully requests that the Court enter an order disallowing the Duplicative Claims identified in Exhibit B.

**B. Amended and Superseded Claims**

21. The Trustee, together with his professionals, reviewed the Debtors' books and records and the claims register and determined that each claim identified on Exhibit C, in the column labeled "Amended and Superseded Claim to be Disallowed," was superseded by another claim, in the column labeled "Surviving Claim" filed by the same claimant for the same liability.

22. Failure to disallow the Amended and Superseded Claims could result in the applicable claimants receiving an unwarranted and duplicate recovery on account of the same claim. Further, the identified claimants will not be prejudiced if the Amended and Superseded Claims are disallowed and expunged because each claimant retains their respective Surviving Claims, as identified in Exhibit C.[19]

23. Therefore, the Trustee respectfully requests that the Court enter an order disallowing the Amended and Superseded Claims identified in Exhibit C.

---

[18] The Surviving Claims are not deemed Allowed Claims by the Trust, and as the claims reconciliation process continues, the Trust reserves all rights to object to any Surviving Claim on any grounds.

[19] The Surviving Claims are not deemed Allowed Claims by the Trust, and as the claims reconciliation process continues, the Trust reserves all rights to object to any Surviving Claim on any grounds.

### C. Insufficient Documentation Claim

24. The Trustee and his professionals identified the Insufficient Documentation Claim as a claim that lacks sufficient documentation for the Trustee to reconcile it. Accordingly, the Insufficient Documentation Claim does not comply with Bankruptcy Rule 3001 and thus, does not receive the presumption of prima facie validity and the claimant holds the burden of proving its claim by a preponderance of the evidence.[20]

25. The Insufficient Documentation Claim is inconsistent with the Debtors' books and records and seeks recovery for amounts for which the Debtors are not liable. Prior to filing this Objection, the Trustee analyzed the Debtors' schedules of assets and liabilities and conferred with professionals to the Trust to confirm that the amount sought is not reflected in the books and records.

26. Accordingly, the Trustee respectfully requests that the Court disallow the Insufficient Documentation Claim identified on Exhibit D for the reasons set forth in the "Basis for Objection" column.

## RESPONSES TO THE OBJECTION

27. Any holder of a Duplicative Claim, Amended or Superseded Claim, or Insufficient Documentation Claim or other party in interest who wants to contest this Omnibus Objection must file and serve a written response to this Omnibus Objection (a "Response"). If a claimant whose claim is subject to the Omnibus Objection does not file and serve a Response in accordance with the procedures below, the Court may grant the Omnibus Objection with respect to such claim without a hearing or further notice to the claimants.

---

20 *Supra* nn.16-17.

28. Each Response to this Omnibus Objection must contain, at a minimum, the following:

a. a caption setting forth the name of the Court, the name of the Post-Restructuring Debtor, the case number, and the title of this Omnibus Objection to which the Response is directed;

b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing this Omnibus Objection;

c. a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided further, however,* that the claimant shall disclose to the Trustee all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints; and

d. the name, address, telephone number, email, and fax number of the person(s) (which may be the claimant or legal representative thereof) to whom counsel for the Trust should serve a reply, if any, to the Response and who possesses authority to reconcile, settle, or otherwise resolve the Omnibus Objection to the claim on behalf of the claimant.

29. A Response will be deemed timely only if it is filed with the Court and *actually received* by **4:00 p.m. (Central Time) on May 20, 2026**, (the "Response Deadline") by the following parties:

Stinson LLP
1201 Walnut St., Suite 2900
Kansas City, MO 64106
Attn: Zachary H. Hemenway

-and-

Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Brian S. Rosen

Attn: Ehud Barak
Attn: Daniel Desatnik

30. If the Trustee determines that discovery is necessary in advance of a hearing on an objection, the Trustee will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided by separate notice.

31. A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the hearing. ***Absent reaching an agreement with the Trustee resolving the objection to a claim, the failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing.*** Upon entry of an order sustaining the Omnibus Objection, affected creditors will be served with such an order.

32. The Trustee shall be permitted to file a reply to any Response no later than two business days before the hearing, if any, with respect to the Omnibus Objection.

## SEPARATE CONTESTED MATTERS

33. To the extent a Response is filed regarding any claim listed in this Omnibus Objection and the Trustee is unable to resolve the Response, the objection by the Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any other order entered by the Court regarding an objection asserted in this Omnibus Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

34. The Trustee hereby reserves the right to object in the future to any of the claims that are the subject of this Omnibus Objection on any ground, and to amend, modify, and supplement this Omnibus Objection, including, without limitation, to object to amended or newly filed claims. Notwithstanding anything contained in this Omnibus Objection, nothing herein shall be construed as a waiver of any rights that the Trustee or the Trust may have to exercise rights of setoff against the holders of such claims.

## NOTICE

35. Notice of this Omnibus Objection shall be provided to: (i) the holders of the Disputed Claims listed on Exhibits B, C, and D and their counsel, where known, via first class mail or email (if available); (ii) the U.S. Trustee for the Southern District of Texas; (iii) counsel for the Post-Restructuring Debtor; (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (v) any other person designated by the Court as requiring notice. A copy of this Omnibus Objection and proposed order will also be made available on the Post-Restructuring Debtor's case information website located at https://dm.epiq11.com/Wellpath. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that the Court enter an order substantially in the form of the Proposed Order filed herewith sustaining this Omnibus Objection, and grant such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: April 20, 2026.

**STINSON LLP**

*/s/ Zachary Hemenway*
Nicholas Zluticky (SDTX Bar No. 3845893)
Zachary Hemenway (SDTX Bar No. 3856801)
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com

- and -

**PROSKAUER ROSE LLP**

Brian S. Rosen (admitted *pro hac vice*)
Ehud Barak (admitted *pro hac vice*)
Daniel Desatnik (admitted *pro hac vice*)
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

*Counsel to the Wellpath Liquidating Trust*