**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>WELLPATH SF HOLDCO, LLC,<br><br>Debtors. | Case No. 24-90566 (ARP)<br><br>Jointly Administered<br>CHAPTER 11 |

**RESPONSE TO FIRST OMNIBUS OBJECTION**
**(DK# 1586)**

The group of creditors listed on Schedule B of the First Omnibus Objection …. ("Objection") As "Alpine Special Treatment Center, Inc. And" submits this Response as provided by paragraph 27 of the Objection:

## A. THE COURT SHOULD OVERRULE THE OBJECTION AS IT DOES NOT COMPLY WITH THE APPLICABLE PROVISIONS OF THE CODE OR RULE AND IMPROPERLY ATTEMPTS TO SHIFT THE BURDEN OF PROOF TO THE CLAIMANT WITHOUT THE REQUIRED NOTICE OR SERVICE

The Objection is based on the premise the Trustee can object to groups of claims based on the unsupported conclusion that the unnamed "professionals and advisors" (Dundon Declaration, para. 5) have determined that the list attached as Exhibit B included duplicates of claims. This method of stating Objections does not comply with 11 USC section 502(a) and (b) Bankruptcy Rule 3001(g).

While the Objection recognizes the presumption of validity (para. 16), it does not offer admissible evidence to rebut the presumption. The bare conclusion that unnamed "professionals and advisors" have determined the claims are duplicates is inadmissible hearsay and opinion, and the Objection does not provide the foundation for that unsupported conclusion.

Yet, the Objection places the burden of proof on the Claimant and dictates the form and substance of a Response. Objection, para. 28. The Objection creates a deadline for a Response which the court has not set and requires a form of service which the Trustee did not use for the Objection. Para. 29. After supposedly deciding the claims are objectionable, the Trustee gives himself the unilateral right to conduct discovery. Para. 30.

Further, the Trustee, without citing any authority, gives himself the right to object to these same claims again. Rule 3007 (d)(2) permits limited omnibus objections but only where: "(2) the objections are based solely on grounds that the claims should be disallowed, in whole or in part, because they:(A) "duplicate other claims;"

By the attempted reservation to file other objections, the Trustee takes this process out of the limited exception allowing omnibus claims. As such, the Objection violates Rule 3007(c) which provides: "Unless the court orders otherwise or (d) permits, objections to more than one claim may not be joined in a single objection." Also, the Amended Plan does not authorize this departure from the Rule. Amended Plan, p. 69, Case 24-90533, Document No. 2596.

Notice of the Objection also violates Rule 3007(a)(2)(A) requiring a notice as outlined in Form 420B, which provides for individual notices with an existing hearing date. Listing a creditor on a schedule attached to the complex and lengthy document without a hearing date is not a substitute for the form of notice the Rule and approved Form requires.

In addition, service is deficient as Rule 3007(a)(2)(A) requires service by mail and the Trustee's representative only notified the Claimants electronically. Certificate of Service, DK#1602. This improper method of service is prejudicial given the quantity of court filings and orders in the pending case, which as of May 17, 2026 had 1652 docket entries in addition to the 3431 entries in Case No. 24-90533.

For these reasons, the Court should overrule the Objection.

**B. THE COURT SHOULD OVERRULE THE OBJECTION GIVEN THE STATUS OF THE CASE AND THE FACT THAT THE TWO CLAIMS ARE AGAINST DIFFERENT DEBTORS BASED ON SEPARATE CONTRACTUAL PROVISIONS**

The Objection recites part of the post-confirmation history of the Wellpath cases (Objection, para. 4-13), but omits mention of the status of the so-called "TopCo" debtors which were excluded from the Plan (Amended Plan, p. 5, fn 2, Case No. 24-90533, Document No. 2596) but have not been dismissed or converted even though the Plan for the other Debtors was confirmed over a year ago. According to the docket, Case Nos. 24-90534 and 24-90535 remain pending before this Court. The Trustee should explain why these cases remain open and how they could impact the claims presented as the Amended Plan provides.

In addition, the Court should overrule the Objection because the claims are against different debtors based on separate contractual obligations; they are not "identical" as the Objection claims at paragraph 18. Namely, claim 3615, which the Trustee would disallow, is against Wellpath Holdings, Inc., the guarantor of the obligations in the Equity Purchase Agreement and the Settlement Agreement, while claim 3618, which would remain, is against Alpine CA Behavioural Heath Holdco, LLC, the Buyer under those Agreements.

In the alternative, the Court should overrule the Objection on these grounds.

Dated: May 18, 2026 **HERRONLAW, APC**

By: /s/Matthew V. Herron

Matthew V. Herron
Admitted Pro Hac Vice
California Bar No. 71193
406 Ninth Avenue, Suite 313
San Diego, CA 92101
Telephone: 619-233-4122
Mherron@herronlawapc.com

**CERTIFICATE OF SERVICE**

On May 18, 2026, at my direction and under my supervision I caused the above-referenced document to be filed via CM/ECF, thereby providing notice to all parties receiving electronic notice and the Master Service List.

Also, at my direction and under my supervision, I caused the above-referenced document to be served via Federal Express on the following parties:

Stinson LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106

And

Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Attn: Brian S. Rosen

By: /s/Matthew V. Herron